# EXHIBIT A



# DISTRICT COURT OF MARYLAND for Prince George's County

Located at Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772

## WRIT OF SUMMONS

| | |
|---|---|
| Defendant : **MAXIMUMS INC, DBA MAXIMUS FEDERAL SER..** | |
| Serve On : MAXIMUMS INC, DBA MAXIMUS FEDERAL SERV. | |
| Address : SERVE: CSC- LAWYERS INCORP | |
| 7 SAINT PAUL STREET, STE 820 | |
| BALTIMORE, MD 21202 | |

Date Filed : Oct 28, 2015
Issue Date : Oct 29, 2015
Case Number : 050200266332015
Complaint No. : 001

| | |
|---|---|
| **Trial Date** | : Jan 15, 2016 |
| **Trial Time** | : 08:45 am |
| **Trial Room** | : 161B |

You are summoned to appear for trial at the date, time and location shown above. If you intend to be present at the trial, you must file the attached Notice of Intention to Defend within fifteen days of receiving this complaint. Failure to file the Notice of Intention to Defend may result in a judgment by default or the granting of the relief sought.

**MUST BE SERVED BY Nov 28, 2015     ROBERT PRENDER, Administrative Clerk /**

To Private Process Server :
You are hereby commanded to serve this writ of summons and to make your return promptly if served. If you are unable to serve, you are to make your return below and return the original process to the court no later than ten days following the termination of the validity of the process.
I certify that:

☐ I served a summons by delivery of the complaint and all supporting papers to _____
on date ___ / ___ / 20 _____ at location _____
The person I left the papers with acknowledged being: (1) A resident of above listed address; (2)18 years of age or older; (3) of suitable discretion in that relationship to the defendant is _____
and that; (4) the above listed address is the defendant's residence or usual place of abode. The facts upon which I concluded that individual served is of suitable age discretion are: _____
_____ The cost of service is $ _____

Description of the Defendant / Person Served : Race _____ Sex _____ Height _____ Weight _____ Age _____
☐ I was unable to serve because _____
Attempt: _____ Attempt: _____ Attempt: _____ Attempt: _____
I solemnly affirm under the penalties of perjury that the contents of the foregoing paper are true to the best of my knowledge, information and belief and do further affirm I am a competent person over 18 years of age and not party to the case.

| | |
|---|---|
| Print Name of Process Server | Complete Address of Process Server |

Date : ___ / ___ / 20 ____ : Signature : _____ Phone No. _____

**CUT HERE** ----------------------------------------------------------------------------------- **CUT HERE**

## NOTICE OF INTENTION TO DEFEND

Defendant : MAXIMUMS INC, DBA MAXIMUS FEDERAL SERV.     Case # 050200266332015
Trial Date : Jan 15, 2016     Complaint # 001

Notice : If you **contest the claim** or any part thereof, you must complete this Notice of Intention to Defend and file with the court listed at the top of this summons no later than 15 days after you receive this Summons and be present in court on the trial date. If you do not appear judgment by default or the relief sought may be granted.
**A corporation** may enter an appearance only by an attorney except that an officer of the corporation may appear on its behalf if the action is based on a claim that does not exceed $5,000.00.
Any reasonable accommodation for persons with disabilities should be requested by contacting the court prior to trial.

Possession and use of cell phones and other electronic devices may be limited or prohibited in designated areas of the court facility.

## SEE ATTACHED NOTICE FOR IMPORTANT INFORMATION

I intend to be present at the trial of this claim and demand proof of the Plaintiff's claim.

Explanation of defense : _____

_____

___ /___ / 20 ___      _____ ( ___ ) _____ ( ___ ) _____
Date          Signature          Work Phone          Home Phone

_____
Address/City/State/Zip code

_____
Fax number          e-Mail Address

☐ Check this box if this is a new address.

Case Num. 050200266332015

**DISTRICT COURT OF MARYLAND FOR** Prince George's County

| LOCATED AT (COURT ADDRESS) | COMPLAINT/APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT |
|---|---|

14735 Main Street
Upper Marlboro, MD  20772

☐ $5,000 or less  ☐ over $5,000  ☒ over $10,000

Clerk: Please docket this case in an action of ☐ **contract** ☒ **tort**
☐ **replevin** ☐ **detinue** ☐ **bad faith insurance claim**
The particulars of this case are:

**CASE NO.**

**CV**

**PARTIES**

**Plaintiff**
Joseph Johnson, Jr.
Post Office Box 441572
Fort Washington, MD  20749-1572

See Attached COMPLAINT AND JURY DEMAND
adopted and Incorporated herein by reference.

**VS.**

**Defendant(s):**

1. MAXIMUMS INC., d/b/a, MAXIMUS FEDERAL SERVICES, INC., SERVE: CSC-LAWYERS INCORP. SVC CO., Resident Agent, 7 SAINT PAUL STREET, SUITE 820, Baltimore., MD  21202

Serve by:
☐ Certified Mail
☒ Private Process
☐ Constable
☐ Sheriff

2. FINANCIAL MANAGEMENT SYSTEMS (FMS) SERVIE: THE CORP. TRUST INC, Resident Agent, 351 WEST CAMDEN STREET
Baltimore, MD  21201

Serve by:
☐ Certified Mail
☒ Private Process
☐ Constable
☐ Sheriff

3. CONTINENTAL SERVICE GROUP, INC., d/b/a CONSERVE, SERVE: CSC-Lawyers Inc. SVC. Co., Resident Agent, 7 St. Paul Street, Suite 820 Baltimore, MD  21202

Serve by:
☐ Certified Mail
☒ Private Process
☐ Constable
☐ Sheriff

4.

Serve by:
☐ Certified Mail
☐ Private Process
☐ Constable
☐ Sheriff

(See Continuation Sheet)

The Plaintiff claims $ 30,000.00 , plus interest of $_____,
Interest at the ☒ legal rate ☐ contractual rate calculated at _____ %,
from _____ to _____ ( _____ days x $ _____
per day) and attorney's fees of $ _____ plus court costs.
☐ Return of the property and damages of $ _____
   for its detention in an action of replevin.
☐ Return of the property, or its value, plus damages of
   $ _____ for its detention in action of detinue.
☐ Other: _____
and demands judgment for relief.

_Joseph Johnson Jr._
Signature of Plaintiff/Attorney/Attorney Code
Printed Name: Joseph Johnson, Jr.
Address: Post Office Box 441572, Fort Washington, MD  20749
Telephone Number: 240-605-9921
Fax: _____
E-mail: _____

**ATTORNEYS**

For Plaintiff - Name, Address, Telephone Number & Code
Joseph Johnson, Jr.
Post Office Box 441572
Fort Washington, MD  20749-1572

**MILITARY SERVICE AFFIDAVIT**

☐ Defendant(s) _____ is/are in the military service.
                                              Name
☒ No Defendant is in the military service. The facts supporting this statement are: defendants are privately owned business and are not
subject to military service, and based on information from the Department of Defense no defendant is in the military services.
                    Specific facts must be given for the Court to conclude that each Defendant who is a natural person is not in the military.

☐ I am unable to determine whether or not any Defendant is in military service.
I hereby declare or affirm under the penalties of perjury that the facts and matters set forth in the aforegoing Affidavit are true and correct to the
best of my knowledge, information, and belief.

October 23, 2015                          _Joseph Johnson Jr._
Date                                       Signature of Affiant

**APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT**
Attached hereto are the indicated documents which contain sufficient detail as to liability and damage to apprise the Defendant clearly of the
claim against the Defendant, including the amount of any interest claimed.
☐ Properly authenticated copy of any note, security agreement upon which claim is based ☐ Itemized statement of account ☐ Interest worksheet
☐ Vouchers ☐ Check ☐ Other written document ☐ _____ ☐ Verified itemized repair bill or estimate
I HEREBY CERTIFY: That I am the ☐ Plaintiff ☐ _____ of the Plaintiff herein and am competent to testify to
the matters stated in this complaint, which are made on my personal knowledge; that there is justly due and owing by the Defendant to the
Plaintiff the sum set forth in the Complaint.
I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the above Complaint are true and I am
competent to testify to these matters.

October 23, 2015                          _Joseph Johnson Jr._
Date                                       Signature of Affiant

DC-CV-001 (front) (Rev. 09/2014)

## NOTICE TO DEFENDANT

### Before Trial

**If you agree that you owe the Plaintiff the amount claimed,** you may contact the Plaintiff (or Plaintiff's attorney) before the trial date to arrange payment. **If you wish to contest the claim,** you should notify the clerk's office by filing a Notice of Intent to Defend (located at the bottom of your summons). The case will be set for trial. If you wish to have your witnesses appear at trial, you should contact the clerk's office at least two weeks before the trial date to request subpoenas, and you should bring to court on the trial date any evidence you want the Court to consider. **If you do nothing,** a judgment could be entered against you.

### If Judgment is Entered Against You (If You Lose)

**IF YOU DISAGREE WITH THE COURT'S RULING,** you may:

1. **APPEAL** to the Circuit Court, by filing a Notice of Appeal in the District Court within **30 days** after the entry of judgment. You will have to pay a filing fee (see Guide to Appeal Fees, DCA-109A), unless the Court determines that you are indigent. If the amount of the claim, not counting court costs, interest, and attorney's fees, is:
   - **more than $5,000,** you will also have to order and pay for a transcript of the District Court trial record, by contacting the District Court clerk's office (see Transcripts & Recordings Brochure, DCA-027BR).
   - **$5,000 or less,** you will have a new trial in the Circuit Court.

   On your trial date you should bring with you any evidence that you want the Court to consider.

2. File a **MOTION FOR A NEW TRIAL** within **10 days** after the entry of judgment, stating your reasons clearly. If the Court denies your Motion, you may still file an appeal; if the Court grants your Motion, you must appear in the District Court for a new trial.

3. File a **MOTION TO ALTER OR AMEND THE JUDGMENT** within **10 days** after entry of judgment.

4. File a **MOTION TO REVISE OR VACATE THE JUDGMENT** within **30 days** after entry of judgment.

**IF YOU DECIDE NOT TO APPEAL AND NOT TO FILE ONE OF THE ABOVE MOTIONS,** you may contact the Plaintiff or Plaintiff's attorney to arrange to pay the amount owed. If you do not pay the amount owed, the Plaintiff or Plaintiff's attorney may initiate further proceedings to enforce the judgment, including:

1. **Interrogatories:** You must answer these written questions about your income and assets in writing under penalties of perjury.

2. **Oral Examination:** You must appear in court to testify in response to questions about your assets and income.

3. **Writ of Execution:** The Court may issue a writ requiring the sale or seizure of any of your possessions except, with some exceptions, property that is exempt from execution. The exemptions are explained in detail on the reverse side of the Writ of Execution form, DC-CV-040. Further, the Court could order you to pay additional expenses such as towing, moving, storage fees, advertising costs, and auctioneer's fees incurred in executing the writ.

4. **Garnishment of Property:** The Court may issue a writ ordering a bank or other agent to hold your assets until further court proceedings.

5. **Garnishment of Wages:** The Court may issue a writ ordering your employer to withhold a portion of your wages to pay your debt. The law provides certain exemptions from garnishment.

**If you have any questions, you should consult an attorney. The clerk of the Court is not permitted to give you legal advice. More information can be found in court brochures located in the clerk's office or online at: http://www.mdcourts.gov/district/public_brochures.html.**

## NOTICE TO PLAINTIFF

1. If the Court enters a judgment for a sum certain, you have the right to file for a lien on real property.

2. If you disagree with the outcome of the case, you have the same post-trial rights as the Defendant does: you may file an Appeal, a Motion for New Trial, a Motion to Alter or Amend the Judgment or a Motion to Revise or Vacate the Judgment. See above for further information concerning these rights.

DC-CV-001 (back) (Rev. 09/2014)

## DISTRICT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | |
|---|---|
| JOSEPH JOHNSON, JR.<br>POST OFFICE BOX 441572<br>FORT WASHINGTON, MD  20749-1572 | §<br>§<br>§<br>§ |
| Plaintiff, | §<br>§ |
| Vs. | § CIVIL NO.<br>§ |
| MAXIMUMS INC., d/b/a,<br>MAXIMUS FEDERAL SERVICES, INC.<br>SERVE: CSC-LAWYERS INCORPORATING<br>SERVICE COMPANY, Resident Agent<br>7 SAINT PAUL STREET, SUITE 820<br>BALTIMORE, MD  21202 | §<br>§<br>§<br>§<br>§<br>§<br>§ |
| And | §<br>§ |
| FINANCIAL MANAGEMENT SYSTEMS (FMS)<br>SERVIE: THE CORPORATION TRUST<br>INCORPORATED, Resident Agent<br>351 WEST CAMDEN STREET<br>BALTIMORE, MD 21201 | §<br>§<br>§<br>§<br>§<br>§ |
| And | §<br>§ |
| CONTINENTAL SERVICE GROUP, INC.,<br>d/b/a CONSERVE<br>SERVE: CSC-LAWYERS INCORPORATING<br>SERVICE COMPANY, Resident Agent<br>7 ST. PAUL STREET, SUITE 820<br>BALTIMORE, MD 21202 | §<br>§<br>§<br>§<br>§<br>§ |
| Defendants. | §<br>§ |

## COMPLAINT AND JURY DEMAND

COMES NOW, the Plaintiff, Joseph Johnson, Jr., and represents to the Court that:

## PARTIES

1.      Plaintiff is a resident in Fort Washington, Maryland, and is a "person" as

that term is defined by Md. Code Ann., Commercial Law Art. §14-201(d).

2.     Defendant, Maximus, Inc., d/b/a, Maximus Federal Services, Inc. ("Maximus") is a foreign Virginia Corporation and is engaged in the business of collecting debts in this state and, and at all times relevant, was registered and doing business in this state as a "collector" as that term is defined by Md. Code Ann., Commercial Law Art. §14-201(b) because it uses instrumentalities of interstate commerce or the mails in a business, the principal purpose of which is the collection of debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

3.     Defendant, Financial Management Systems (FMS) is a foreign Illinois Corporation and is also engaged in the business of collecting debts in this state, and at all times relevant, was registered and doing business in this state as a "collector" as that term is defined by Md. Code Ann., Commercial Law Art. §14-201(b) because it uses instrumentalities of interstate commerce or the mails in a business, the principal purpose of which is the collection of debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

4.     Defendant, Continental Service Group, Inc. d/b/a ConServe is a foreign New York Corporation and is also engaged in the business of collecting debts in this state, and at all times relevant, was registered and doing business in this state as a "collector" as that term is defined by Md. Code Ann., Commercial Law Art. §14-201(b) because it uses instrumentalities of interstate commerce or the mails in a business, the principal purpose of which is the collection of debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

2

## JURISDICTION

5.    This Court has jurisdiction over the matters alleged herein as the acts and omissions given rise to this Complaint occurred in Prince George's County, Maryland.

## FACTUAL ALLEGATIONS

6.    At all times relevant, Plaintiff was a borrower that previously had an obligation to repay a student loan to the U.S. Department of Education pursuant to a Federal Direct Consolidation Loan Promissory Note dated April 26, 2004 which was a "consumer transaction" as defined by Md. Code Ann., Commercial Law Art. §14-201(c), hereinafter the "federal Direct Loan".

7.    At all times further relevant, Plaintiff's federal Direct Loan was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012, hereinafter the "disputed debt". *See* **Exhibits** 1 and 2.

8.    On September 30, 2013, Defendant Maximus was awarded a contract to service certain student loans issued by the U.S. Department of Education, and since that time has begun servicing those student loans under the contract it was awarded.

9.    On or about July 20, 2015, Defendant Maximus sent Plaintiff a debt statement falsely claiming that Plaintiff was delinquent on his student loan and that Plaintiff owed the U.S. Department of Education $40,832.38. Defendant also threatened to collect that amount from the Plaintiff by Treasury offset against all payment streams.

10.    On July 27, 2015, Plaintiff advised Defendant Maximus that the debt was not owed in the amount claim and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Plaintiff also provided Defendant with proof that the debt had been paid and satisfied.

3

11.    Plaintiff requested that Defendant Maximus validate the debt and to cease reporting derogatory credit information to credit reporting agencies concerning the student loan debt and to cease and desist further collection efforts on the disputed debt. Plaintiff also instructed Defendant Maximus to update the credit bureau reports to which they had reported the disputed debt and to delete the trade line from each of those credit bureau reports immediately.

12.    Despite Plaintiff's written notification to Defendant Maximus that the student loan debt had been paid and satisfied in full, was disputed and was not owed in the amount claimed, Defendant Maximus continued to attempt to collect the debt and report the debt to third parties as being past due and in a collection status without any lawful basis for collecting or attempting to collect on the disputed debt.

13.    In disregard of Plaintiff's request for a debt validation, Defendant Maximus never sent Plaintiff a validation of the debt and instead transferred Plaintiff's debt to Defendant Financial Management Systems (FMS) for collection, and on or about September 1, 2015, Plaintiff received a dunning letter from Defendant FMS stating that Plaintiff's debt had been placed with Defendant FMS for collection and that Plaintiff owed the U.S. Department of Education $51,013.76.

14.    On September 14, 2015, Plaintiff advised Defendant FMS that the debt was not owed in the amount claimed and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Plaintiff also provided Defendant FMS with proof that the debt had been paid and fully satisfied.

4

15.     Plaintiff requested that Defendant FMS validate the debt and to cease reporting derogatory credit information to credit reporting agencies concerning the student loan debt and to cease and desist further collection efforts on the disputed debt. Plaintiff also instructed Defendant FMS to update the credit bureau reports to which they had reported the disputed debt and to delete the trade line from each of those credit bureau reports immediately.

16.     Despite Plaintiff's written notification to Defendant FMS that the student loan debt had been paid and satisfied in full, was disputed and was not owed in the amount claimed, Defendant FMS continued to attempt to collect the debt and report the debt to third parties as being past due and in a collection status without any lawful basis for collecting or attempting to collect on the disputed debt.

17.     In disregard of Plaintiff's request for a debt validation, Defendant FMS never sent Plaintiff a validation of the debt and instead transferred Plaintiff's debt to Defendant Continental Service Group (hereinafter, "ConServe") for collection, and on or about September 24, 2015, Plaintiff received a dunning letter from Defendant ConServe stating that Plaintiff's debt had been placed with Defendant ConServe for collection and falsely stating that Plaintiff owed the U.S. Department of Education $51,129.88.

18.     On October 2, 2015, Plaintiff advised Defendant ConServe that the debt was not owed in the amount claimed and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Plaintiff also provided Defendant ConServe with proof that the debt had been paid and fully satisfied.

19.     Plaintiff requested that Defendant ConServe validate the debt and to cease reporting derogatory credit information to credit reporting agencies concerning the student loan debt and to cease and desist further collection efforts on the disputed debt. Plaintiff also instructed Defendant ConServe to update the credit bureau reports to which they had reported the disputed debt and to delete the trade line from each of those credit bureau reports immediately.

20.     Despite Plaintiff's written notification to Defendant ConServe that the student loan debt had been paid and satisfied in full, was disputed and was not owed in the amount claimed, Defendant ConServe never validated the debt and continued to attempt to collect the debt and report the debt to third parties as being past due and in a collection status without any lawful basis for collecting or attempting to collect on the disputed debt.

21.     Defendants continue to report derogatory information about the status of the debt to third parties and have continued to collect or attempt to collect on the debt with actual knowledge that the debt is paid and satisfied in full, that the debt is disputed and not owed in the amount claimed, and as a result, Plaintiff has sustained damages.

## COUNT I: AGAINST DEFENDANT MAXIMUS
### (Defamation/Libel/Slander)

22.     Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

23.     Beginning on or about July 20, 2015, and continuing thereafter, Defendant Maximus made or caused to be made unprivileged publication of statements to third parties to the effect that Plaintiff was delinquent on his student loan with the U.S. Department of Education in the amount of $40,832.38.

24.     Defendant Maximus' statements were false and slanderous and were made with malice and in bad faith for the sole purpose of financially injuring and destroying the Plaintiff's good credit, and to cause irreparable damages to Plaintiff's credit rating and to impugn Plaintiff as being uncreditworthy.

25.     Defendant Maximus knew or should have known that their statements were false and willfully and deliberately continued to publish them or caused them to continue to be published with actual knowledge that they were false or with reckless disregard of whether they were false or not.

26.     As a result, Plaintiff has sustained damages including out of pocket expenses associated with disputing the false information after notice of its falsity was provided to the Defendant, emotional distress, mental anguish and personal humiliation caused by the fact that the Defendant reported and transmitted or caused to be reported and transmitted false information about Plaintiff to other people. Plaintiff's credit has been destroyed, his FICO score has been lowered, he has been denied credit and had existing credit cancelled or reduced as a result of the false and defamatory statements published by the Defendant.

## COUNT II: AGAINST DEFENDANT MAXIMUS
### (Libel)

27.     Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

28.     Beginning on or around July 20, 2015, and continuing thereafter, Defendant Maximus continued to publish untrue statements of fact.

29.     Defendant Maximus published these untrue statements of fact knowing full well that they were false and with reckless disregard of their truth.

7

30.     Defendant Maximus' publication was intentional, deliberate and was done with malice and in bad faith for the sole purpose of injuring Plaintiff.

31.     As a result of Defendant's intentional actions, Plaintiff has been injured including the significant permanent damage to his good credit.

### COUNT III: AGAINST DEFENDANT MAXIMUS
### (Violation of Maryland Consumer Debt Collection Act)

32.     Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

33.     At all times relevant hereto, Defendant Maximus was collecting a debt originally owed to another and is a "collector" as that term is defined by the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law §14-201 *et seq.*

34.     At all times further relevant, Plaintiff was a borrower that previously had an obligation to repay a student loan to the U.S. Department of Education pursuant to a Federal Direct Consolidation Loan Promissory Note dated April 26, 2004. Plaintiff's federal Direct Loan was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012.

35.     On July 20, 2015, Defendant Maximus sent Plaintiff a debt statement falsely claiming that Plaintiff owed the U.S. Department of Education $40,832.38 and threatened to collect that amount by Treasury offset against all payment streams.

36.     On July 27, 2015, Plaintiff advised Defendant Maximus that the debt was not owed in the amount claimed and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Plaintiff also provided Defendant Maximus with proof that the debt had been paid and fully satisfied.

8

37.     Plaintiff requested that Defendant Maximus validate the debt and to cease reporting derogatory credit information to credit reporting agencies concerning the student loan debt and to cease and desist further collection efforts on the disputed debt. Plaintiff also instructed Defendant Maximus to update the credit bureau reports to which they had reported the disputed debt and to delete the trade line from each of those credit bureau reports immediately.

38.     Despite Plaintiff's written notification to Defendant Maximus that the student loan debt had been paid and satisfied in full, was disputed and was not owed in the amount claimed, Defendant Maximus continued to attempt to collect the debt and report the debt to third parties as being past due and in a collection status without any lawful basis for collecting or attempting to collect on the disputed student loan debt.

39.     Pursuant to §14-202(3) of the Maryland Commercial Law Code Annotated, "in collecting or attempting to collect an alleged debt a collector may not: (3) Disclose or threaten to disclose information which affects the debtor's reputation for credit worthiness with knowledge that the information is false."

40.     Despite having received Plaintiff's written demand for a debt validation and notice that Plaintiff disputed the debt, Defendant Maximus did not provide any such validation of the debt or respond to any of Plaintiff's many correspondence that he sent to the Defendant but continued to disclose information about the disputed debt which affected Plaintiff's reputation for credit worthiness with actual knowledge that the information that they were disclosing was false, in violation of §14-202(3) of the Md. Code Ann. Com. Law.

41.    Pursuant to §14-202(8) of the Maryland Commercial Law Code Annotated, a debt collector cannot "claim, attempt, or threaten to enforce a right with knowledge that the right does not exist."

42.    Defendant Maximus was on notice on July 27, 2015 that the debt was not owed in the amount claimed and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Defendant Maximus also had proof of such settlement payment but continued to claim, attempt, or threaten to enforce a right to collect the disputed debt with actual knowledge that the right did not exist, in violation of §14-202(8) of Md. Code Ann. Com. Law.

43.    Pursuant to §14-202 of the Maryland Commercial Law Code, Defendant Maximus is liable to Plaintiff for damages proximately caused by these violations, including damages for emotional distress or mental anguish suffered by Plaintiff with or without accompanying physical injury.

### COUNT IV: AGAINST DEFENDANT FMS
#### (Defamation/Libel/Slander)

44.    Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

45.    Beginning on or about September 1, 2015, and continuing thereafter, Defendant FMS made or caused to be made unprivileged publication of statements to third parties to the effect that Plaintiff was delinquent on his student loan with the U.S. Department of Education in the amount of $51,013.76. Defendant FMS' statements were false and slanderous and were made with malice and in bad faith for the sole purpose of financially injuring and destroying the Plaintiff's good credit, and to cause damages to Plaintiff's credit rating and to impugn Plaintiff as being uncreditworthy.

10

46.     Defendant FMS knew or should have known that their statements were false and willfully and deliberately continued to publish them or caused them to continue to be published with actual knowledge that they were false or with reckless disregard of whether they were false or not.

47.     As a result, Plaintiff has sustained damages including out of pocket expenses associated with disputing the false information after notice of its falsity was provided to the Defendant, emotional distress, mental anguish and personal humiliation caused by the fact that the Defendant reported and transmitted or caused to be reported and transmitted false information about Plaintiff to other people. Plaintiff's credit has been destroyed, his FICO score has been lowered, he has been denied credit and had existing credit cancelled or reduced as a result of the false and defamatory statements published by the Defendant.

## COUNT V: AGAINST DEFENDANT FMS
### (Libel)

48.     Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

49.     Beginning on or around September 1, 2015, and continuing thereafter, Defendant FMS continued to publish untrue statements of fact.

50.     Defendant FMS published these untrue statements of fact knowing that they were false and with reckless disregard of their truth.

51.     Defendant FMS' publication was intentional, deliberate and was done with malice and in bad faith for the sole purpose of injuring Plaintiff.

52.     As a result of Defendant's intentional actions, Plaintiff has been injured including the significant damage to his credit.

11

## COUNT VI: AGAINST DEFENDANT FMS
### (Violation of Maryland Consumer Debt Collection Act)

53.     Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

54.     At all times relevant hereto, Defendant FMS was collecting a debt originally owed to another and is a "collector" as that term is defined by the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law §14-201 et seq.

55.     At all times further relevant, Plaintiff was a borrower that previously had an obligation to repay a student loan to the U.S. Department of Education pursuant to a Federal Direct Consolidation Loan Promissory Note dated April 26, 2004. Plaintiff's federal Direct Loan was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012.

56.     On September 1, 2015, Defendant FMS sent Plaintiff a dunning letter falsely claiming that Plaintiff owed the U.S. Department of Education $51,013.76.

57.     On September 14, 2015, Plaintiff advised Defendant FMS that the debt was not owed in the amount claimed and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Plaintiff also provided Defendant FMS with proof that the debt had been paid and fully satisfied. Plaintiff requested that Defendant FMS validate the debt and to cease reporting derogatory credit information to credit reporting agencies concerning the student loan debt and to cease and desist further collection efforts on the disputed debt.

58.     Plaintiff also instructed Defendant FMS to update the credit bureau reports to which they had reported the disputed debt and to delete the trade line from each of those credit bureau reports immediately.

12

59.     Despite Plaintiff's written notification to Defendant FMS that the student loan debt had been paid and satisfied in full, was disputed and was not owed in the amount claimed, Defendant FMS continued to attempt to collect the debt and report the debt to third parties as being past due and in a collection status without any lawful basis for collecting or attempting to collect on the disputed debt.

60.     Pursuant to §14-202(3) of the Maryland Commercial Law Code Annotated, "in collecting or attempting to collect an alleged debt a collector may not: (3) Disclose or threaten to disclose information which affects the debtor's reputation for credit worthiness with knowledge that the information is false."

61.     Despite receiving Plaintiff's demand for a debt validation and notice that Plaintiff disputed the debt, Defendant FMS did not provide any such validation of the debt or respond to Plaintiff's correspondence that he sent to the Defendant but continued to disclose information about the disputed debt which affected Plaintiff's reputation for credit worthiness with actual knowledge that the information that they were disclosing was false, in violation of §14-202(3) of the Md. Code Ann. Com. Law.

62.     Pursuant to §14-202(8) of the Maryland Commercial Law Code Annotated, a debt collector cannot "claim, attempt, or threaten to enforce a right with knowledge that the right does not exist."

63.     Defendant FMS was on notice on September 1, 2015 that the debt was not owed in the amount claim and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Defendant FMS was also had proof of such settlement payment, but continued to claim,

attempt, or threaten to enforce a right to collect the disputed debt with actual knowledge that the right did not exist, in violation of §14-202(8) of the Md. Code Ann. Com. Law.

64.     Pursuant to §14-202 of the Maryland Commercial Law Code, Defendant FMS is liable to Plaintiff for damages proximately caused by the violations, including damages for emotional distress or mental anguish suffered by Plaintiff with or without accompanying physical injury.

### COUNT VII: AGAINST DEFENDANT CONSERVE
(Defamation/Libel/Slander)

65.     Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

66.     Beginning on or about September 24, 2015, and continuing thereafter, Defendant ConServe made or caused to be made unprivileged publication of statements to third parties to the effect that Plaintiff was delinquent on his student loan with the U.S. Department of Education in the amount of $51,129.88. Defendant ConServe's statements were false and slanderous and were made with malice and in bad faith for the sole purpose of financially injuring and destroying the Plaintiff's good credit, and to cause damages to Plaintiff's credit rating and to impugn Plaintiff as being uncreditworthy.

67.     Defendant ConServe knew or should have known that their statements were false and willfully and deliberately continued to publish them or caused them to continue to be published with actual knowledge that they were false or with reckless disregard of whether they were false or not.

68.     As a result, Plaintiff has sustained damages including out of pocket expenses associated with disputing the false information after notice of its falsity was provided to the Defendant, emotional distress, mental anguish and personal humiliation

14

caused by the fact that the Defendant reported and transmitted or caused to be reported and transmitted false information about Plaintiff to other people. Plaintiff's credit has been destroyed, his FICO score has been lowered, he has been denied credit and had existing credit cancelled or reduced as a result of the false and defamatory statements published by the Defendant.

## COUNT VIII: AGAINST DEFENDANT CONSERVE
### (Libel)

69.     Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

70.     Beginning on or around September 24, 2015, and continuing thereafter, Defendant ConServe continued to publish untrue statements of fact.

71.     Defendant ConServe published these untrue statements of fact knowing that they were false and with reckless disregard of their truth.

72.     Defendant ConServe's publication was intentional, deliberate and was done with malice and in bad faith for the sole purpose of injuring Plaintiff.

73.     As a result of Defendant's intentional actions, Plaintiff has been injured including the significant damage to his credit.

## COUNT IX: AGAINST DEFENDANT CONSERVE
### (Violation of Maryland Consumer Debt Collection Act)

74.     Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

75.     At all times relevant hereto, Defendant ConServe was collecting a debt originally owed to another and is a "collector" as that term is defined by the Maryland Consumer Debt Collection Act, as defined at Md. Code Ann., Com. Law §14-201 *et seq.*

76.     At all times further relevant, Plaintiff was a borrower that previously had an obligation to repay a student loan to the U.S. Department of Education pursuant to a Federal Direct Consolidation Loan Promissory Note dated April 26, 2004. Plaintiff's federal Direct Loan was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on or about February 14, 2012.

77.     On September 24, 2015, Defendant ConServe sent Plaintiff a dunning letter falsely claiming that Plaintiff owed the U.S. Department of Education $51,129.88.

78.     On October 2, 2015, Plaintiff advised Defendant ConServe that the debt was not owed in the amount claimed and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Plaintiff also provided Defendant ConServe with proof that the debt had been paid and fully satisfied.

79.     Plaintiff requested that Defendant ConServe validate the debt and to cease reporting derogatory credit information to credit reporting agencies concerning the student loan debt and to cease and desist further collection efforts on the disputed debt. Plaintiff also instructed Defendant ConServe to update the credit bureau reports to which they had reported the disputed debt and to delete the trade line from each of those credit bureau reports immediately.

80.     Despite Plaintiff's written notification to Defendant ConServe that the student loan debt had been paid and satisfied in full, was disputed and was not owed in the amount claimed, Defendant ConServe continued to attempt to collect the debt and report the debt to third parties as being past due and in a collection status without any lawful basis for collecting or attempting to collect on the disputed student loan debt.

16

81.     Pursuant to §14-202(3) of the Maryland Commercial Law Code Annotated, "in collecting or attempting to collect an alleged debt a collector may not: (3) Disclose or threaten to disclose information which affects the debtor's reputation for credit worthiness with knowledge that the information is false."

82.     Despite having received Plaintiff's written demand for a debt validation and notice that Plaintiff disputed the debt, Defendant ConServe did not provide any such validation of the debt or respond to Plaintiff's correspondence but continued to disclose information about the disputed student loan debt which affected Plaintiff's reputation for credit worthiness with actual knowledge that the information that they were disclosing was false, in violation of §14-202(3) of the Md. Code Ann. Com. Law.

83.     Pursuant to §14-202(8) of the Maryland Commercial Law Code Annotated, a debt collector cannot "claim, attempt, or threaten to enforce a right with knowledge that the right does not exist."

84.     Defendant ConServe was on notice on October 2, 2015 that the debt was not owed in the amount claimed and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Defendant FMS was also provided proof of such settlement payment, but continued to claim, attempt, or threaten to enforce a right to collect the disputed debt with knowledge that the right did not exist, in violation of §14-202(8) of the Md. Code Ann. Com. Law.

85.     Pursuant to §14-202 of the Maryland Commercial Law Code, Defendant FMS is liable to Plaintiff for damages proximately caused by these violations, including damages for emotional distress or mental anguish suffered by Plaintiff with or without accompanying physical injury.

17

## COUNT X: AGAINST ALL DEFENDANTS
(Violation of Maryland Consumer Credit Reporting Agencies Act)

86.     Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

87.     At all times relevant, Defendants qualified as a "furnisher" under the CCRAA because they are entities that furnish information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report.

88.     Defendants have continuously reported and furnished or caused to be reported and furnished inaccurate and false information relating to Plaintiff's disputed debt to third parties, (hereafter the "inaccurate information").

89.     The inaccurate information complained of concerns the payment history, the amount claimed as owed on Plaintiff's disputed debt and the fact of delinquency.

90.     The reporting and furnishing of inaccurate information harms Plaintiff and his credit repayment history, his financial responsibilities as a debtor and his credit worthiness. The inaccurate information has been and continues to be disseminated to credit bureaus and credit grantors, both known and unknown.

91.     Plaintiff has disputed the inaccurate information in writing directly with the Defendants as required under the CCRAA, and enclosed documents on multiple occasions that either proved to the Defendants that their information was inaccurate or provided them with evidence that was supportive of Plaintiff's contentions.

92.     Notwithstanding the efforts of Plaintiff, Defendants have failed to investigate the dispute, and continue to publish, report, furnish and disseminate or cause to be published, reported, furnished or disseminated such inaccurate information to third parties, persons, entities, and credit grantors with actual knowledge of its inaccuracy.

18

93.     Despite Plaintiff's best efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly, negligently and in bad faith failed to perform any reasonable investigation of the above disputes as required by the CCRAA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report and furnish or cause to be reported and furnished the inaccurate information about the Plaintiff that they know or reasonably should have known to be inaccurate.

94.     As a result, Plaintiff has sustained consequential, economic and pecuniary damages.

### COUNT XI: AGAINST ALL DEFENDANTS
#### (Intentional Infliction of Emotional Distress)

95.     Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

96.     Defendants deliberately and intentionally violated the Maryland Consumer Debt Collection Practice Act when they had actual notice that they did not possess the right to collect the amount claimed as owed on the disputed debt since the debt had been paid and satisfied through a compromise accepted by the U.S. Department of Education on February 14, 2012, and was therefore not a legal enforceable debt.

97.     Despite having received such written notice from Plaintiff on multiple occasions indicating that the debt had been paid and satisfied by a compromise accepted by the U.S. Department of Education on February 14, 2012, and having received proof of such settlement payment, Defendants continued to attempt to collect the debt knowing full well that they lacked the right to do so and continued to claim, attempt, or threaten to enforce a right to collect the disputed debt with knowledge that the right did not exist.

19

98.    This unlawful conduct was perpetrated by the agents, servants and employees of the Defendants within the scope of their employment. Defendants are liable for all of the acts committed by its agents within the scope of their employment.

99.    Defendants deliberately and intentionally made false representations of material fact to third parties and caused Plaintiff to sustain an adverse credit rating, a lower FICO score and the denial of credit and reduction in existing credit.

100.    This conduct was perpetrated by the agents, servants and employees of the Defendants within the scope of their employment. Defendants are liable for all of the acts committed by their agents within the scope of their employment.

101.    All of the Defendants' conduct as described in the preceding paragraphs was extreme and outrageous and was done intentionally, recklessly, in bad faith and in deliberate disregard of a high degree of probability that emotional distress would result to the Plaintiff. Defendants knew that their conduct would or could cause emotional distress upon the Plaintiff.

102.    Defendants' conduct was malicious, willful, deliberate and intentional and was done for the sole purpose of inflicting severe emotional distress upon the Plaintiff.

103.    As a result, Plaintiff suffered loss of sleep, headaches, severe mental pain, and depression and will continue to suffer, severe and extreme emotional distress.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court will:

a)    Enjoin Defendants, its agents, employees, successors and all persons in active concert or participation with it, from pursuing any further claims and collection activity against the Plaintiff arising from the disputed debt;

b)    Enjoin Defendants, its agents, employees, successors and all persons in active concert or participation with it, from reporting the disputed debt as delinquent, defaulted and/or in a collection status;

c)    Enter judgment in his favor and against the Defendants in an amount of $30,000, as and for compensatory damages plus;

d)    An award of general damages for the defendants' wrongful acts;

e)    An award of special damages for the defendants' wrongful acts;

f)    An award of costs and reasonable attorney fees incurred in this action;

g)    An award of punitive damages in an amount to be determined at trial for the defendants' reprehensible and outrageous conduct;

h)    An award of punitive damages in an amount to be determined at trial to deter the defendants' future reprehensible and outrageous conduct; and

i)    For such further and other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Joseph Johnson, Jr., demands a trial by jury on each and every issue triable by jury.

Respectfully submitted,

October 23, 2015

Joseph Johnson, Jr.
Post Office Box 441572
Fort Washington, MD   20749
240-605-9921

21






District Court of Maryland
Civil Clerk's Office
14735 Main Street
Upper Marlboro, MD  20772

U.S. POSTAGE
PAID
TEMPLE HILLS,MD
20748
NOV 14, 15
AMOUNT
**$8.11**
00140235-21

7013 2630 0000 3256 8686

1000          21202

**RETURN RECEIPT
REQUESTED**

Maximus Inc.
d/b/a Maximus Federal
CSC-Lawyers Inc.
7 Saint Paul Street, Suite 820
Baltimore, MD   21202