# WHITEFORD, TAYLOR & PRESTON L.L.P.

PATRICK D. MCKEVITT
ASSOCIATE
DIRECT LINE (410) 347-9447
DIRECT FAX (410) 223-3498
PMcKevitt@wtplaw.com

SEVEN SAINT PAUL STREET
BALTIMORE, MARYLAND 21202-1626
MAIN TELEPHONE (410) 347-8700
FACSIMILE (410) 752-7092

BALTIMORE, MD
BETHANY BEACH, DE*
BETHESDA, MD
COLUMBIA, MD
DEARBORN, MI
FALLS CHURCH, VA
LEXINGTON, KY
ROANOKE, VA
TOWSON, MD
WASHINGTON, DC
WILMINGTON, DE*

WWW.WTPLAW.COM
(800) 987-8705

January 11, 2016

Via ECF
The Honorable Paul W. Grimm
United States District Court Judge
United States District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, MD  20070

Via Federal Express
Joseph Johnson, Jr.
Post Office Box 441572
Fort Washington, MD  20749-1572

> Re:  *Joseph Johnson, Jr. v. Maximus, Inc. et al.*
> **Pre-Motion Conference Request**
> U.S.D.C., District of Maryland, Case No. 8:16-cv-00014-PWG

Dear Judge Grimm:

This firm represents defendant, Financial Management Systems, Inc. ("FMS"), in the referenced lawsuit.[1] FMS requests a pre-motion conference to discuss its proposed FED. R. CIV. P. 12(b)(6) motion to dismiss the amended complaint filed by plaintiff, Joseph Johnson, Jr.

As briefly explained below, and as FMS will detail fully in its motion to dismiss and memorandum, plaintiff's claims are wholly without merit and should be dismissed based on collateral estoppel and failure to state a claim under Rule 12(b)(6). Moreover, plaintiff's claims against FMS should be dismissed with prejudice, and the Court should award FMS its attorneys' fees and costs, based on plaintiff's vexatious and bad faith prosecution of wholly meritless claims for the purpose of harassment.

---

[1] Co-counsel for FMS is Kirsten H. Smith of Metairie, LA office of Sessions, Fishman, Nathan & Israel. A motion for Ms. Smith's admission *pro hac vice* was filed on January 8. 2016 (ECF No. 17).

*Whiteford, Taylor & Preston L.L.P. is a limited liability partnership.  Our Delaware offices are operated under a separate Delaware limited liability company, Whiteford, Taylor & Preston L.L.C.*

## 1. *Facts*

On October 28, 2015, plaintiff filed his complaint in state court against FMS and 2 other defendants. Plaintiff alleged the defendants violated Maryland state common and statutory law by credit reporting and attempting to collect his federal consolidated student loan, which he purportedly settled. Plaintiff did not assert any cause of action arising under federal law in his original complaint. Plaintiff's original complaint asked for collective damages of $30,000, total, against the three defendants.

On December 9, 2015, plaintiff served his amended complaint on FMS. Plaintiff's amended complaint asserts claims for defamation, slander, libel, intentional infliction of emotional distress, unfair debt collection, and improper credit reporting under Maryland common law. Plaintiff's amended complaint further alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, relating to credit reporting and debt collection of his student loan. Plaintiff's amended complaint requests collective damages of $500,000 against the defendants. On January 4, 2016, defendants timely removed plaintiff's case pursuant to this Court's federal question, diversity, and supplemental jurisdiction pursuant to plaintiff's amended complaint.

## 2. *Plaintiff's Claims Against FMS Are Barred by Collateral Estoppel*

Plaintiff alleges FMS violated state and federal law by credit reporting and attempting to collect the student loan. Plaintiff's claims are each predicated on plaintiff's purported settlement of his federal consolidated student loan with the U.S. Department of Education on February 14, 2012. *See* Dkt. 9, Amended Complaint, ¶ 7.

However, the central tenant of each of plaintiff's claims -that he settled his student loan- has already been adjudicated as wrong and without merit, as detailed by this Court's ruling in *Johnson v. Experian Information Solutions, Inc.*, 2015 WL 7769502 (D. Md. Nov. 17, 2015). Each of plaintiff's claims are based on this central tenant, and are precluded by collateral estoppel. As plaintiff's central tenant, on which his entire complaint and amended complaint is based, has already been adjudicated as incorrect and without merit, this case should be dismissed. Moreover, as previously noted by this Court in its order in *Johnson*, 2015 WL 7769502 at *2, plaintiff has an extensive history of filing frivolous and vexatious lawsuits based on the collection and credit reporting of his student loan. Plaintiff's history of repeatedly engaging in frivolous, meritless litigation regarding issues that have already been adjudicated warrants dismissal of his claims with prejudice.

January 11, 2016
Page 3

### 3. *Plaintiff Fails to State a Claim Against FMS*

Plaintiff's claims should also be dismissed for failure to state a claim. *See* FED. R. CIV. P. 12(b)(6). Specifically, plaintiff's state law claims arguing that FMS improperly credit reported his student loan are preempted by the FCRA. Plaintiff's FCRA claim fails because the FCRA does not provide plaintiff with a private right of action for improper credit reporting. (And indeed, FMS did *not* credit report plaintiff's student loan.) Further, plaintiff's claims for defamation, libel, and slander fail because plaintiff does not plead any allegedly defamatory statement, nor does he plead when or to whom the statement was made. Plaintiff's claim for intentional infliction of emotional distress likewise fails because plaintiff fails to state an essential element of his *prima facie* case. Finally, plaintiff's claims against FMS for purportedly wrongful debt collection fail because plaintiff does not allege FMS engaged in any conduct that violates state or federal law. In sum, plaintiff fails to state a claim under FED. R. CIV. P. 12(b)(6) and his complaint against FMS should be dismissed.

### 4. *The Court Should Award FMS Attorneys' Fees and Costs Due to Plaintiff's Bad-Faith Pursuit of Frivolous Claims for the Purpose of Harassment*

Under the FDCPA § 1692k, a court may award a prevailing defendant attorneys' fees and costs where the Court finds the plaintiff has pursued his claims in bad faith and for the purpose of harassment. *See* 15 U.S.C. § 1692k. Moreover, the Court has inherent authority to award a defendant fees and costs based on the plaintiff's vexatious pursuant of frivol, meritless claims. As detailed by this Court in its order in *Johnson*, 2015 WL 7769502, plaintiff's argument that he settled his student loan is not only without merit, it has already been adjudicated. This Court's order in *Johnson* put plaintiff on additional notice that his claims in the instant case are wholly frivolous. Plaintiff's bad faith prosecution of his claims against FMS for the purpose of harassment warrants the Court awarding FMS its attorneys' fees and costs.

### 5. *Conclusion*

Based on the foregoing, defendant FMS respectfully requests the Court schedule a pre-motion conference regarding its proposed motion to dismiss. Plaintiff's claims against FMS are barred by collateral estoppel. Further, plaintiff fails to state a claim against FMS pursuant to FED. R. CIV. P. 12(b)(6). The Court should dismiss plaintiff's complaint against FMS with prejudice and award costs and fees to FMS.

Sincerely,

*/s/ Patrick D. McKevitt*

Patrick D. McKevitt

PDM:lwa