

Via ECF

January 11, 2016

The Hon. Paul W. Grimm
United States District Judge
United States District Court
 for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

    Re:    <u>Johnson v. Maximus Inc. et al., Case No. 8:16-cv-00014-PWG</u>

Dear Judge Grimm:

    I represent defendant Continental Service Group, Inc. ("ConServe"). I write to request a pre-motion conference to discuss a motion to dismiss on collateral estoppel grounds. My client's motion will be based on this Court's ruling in *Johnson v. Experian Information Solutions, Inc.*, 2015 WL 7769502 (D. Md. November 17, 2015). In *Johnson v. Experian*, this Court found that Mr. Johnson was collaterally estopped from asserting that he settled his student loans in February of 2012. We believe *Johnson v. Experian* is dispositive of this case.

    Mr. Johnson's First Amended Complaint (the "Complaint") asserts claims against ConServe for (i) varieties of common law defamation based on allegedly improper credit reporting (Counts VII & VIII); (ii) violation of the Maryland Consumer Debt Collection Act (Count IX); violation of the Maryland Consumer Credit Reporting Agencies Act (Count X); violation of the federal Fair Debt Collection Practices Act (Count XI); violation of the federal Fair Credit Reporting Act (Count XII); and intentional infliction of emotional distress based on the alleged willfulness of certain statutory violations (Count XIII).

    Each of Mr. Johnson's claims is predicated upon his allegation in Paragraph 7 of the Complaint that his "federal Direct Loan was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012 . . . ."

    Counts VII and VIII, the common law defamation claims, incorporate ¶ 7 of the Complaint and are based on ConServe's allegedly false statements (presumably to credit reporting agencies) to the effect that the "federal Direct Loan" (the "Loan") was not fully paid (*see* ¶¶ 65 & 69). Mr. Johnson does not allege any other falsehood by ConServe. The allegation in ¶ 7 of the Complaint forms an essential element of the factual predicate for Counts VII and VII.

800 North King Street, Suite 303
Wilmington, Delaware 19801
Phone: 302.394.6816
E-mail: andrew.cole@leclairryan.com

180 Admiral Cochrane Drive, Suite 520
Annapolis, Maryland 21401
Phone: 410.224.3000
Fax: 410.224.0098

CALIFORNIA \ COLORADO \ CONNECTICUT \ DELAWARE \ GEORGIA \ MARYLAND \ MASSACHUSETTS \ MICHIGAN \ NEW JERSEY \ NEW YORK \ PENNSYLVANIA \ TEXAS \ VIRGINIA \ WASHINGTON, D.C.

  Count IX incorporates the allegation in ¶ 7 of the Complaint, and restates it at ¶¶ 76 and 78.  Count IX is premised upon the allegation that ConServe sent a dunning letter falsely asserting that the Loan was not satisfied (*See* ¶ 77 of the Complaint), and that ConServe continued credit reporting and attempting to collect on the Loan following notification that the Loan had been satisfied (see ¶ 80 of the Complaint).  The allegation in ¶ 7 of the Complaint, repeated at ¶¶ 76 and 78, forms an essential element of the factual predicate for Count IX.

  Count X incorporates the allegation in ¶ 7 of the Complaint.  Count X is based on ConServe's alleged furnishing of inaccurate and false information regarding the status of the Loan, *i.e.* that the Loan had not been satisfied.  The allegation in ¶ 7 of the Complaint forms an essential element of the factual predicate for Count X.

  Count XI incorporates the allegation in ¶ 7 of the Complaint, and restates it at ¶¶ 98 and 100.  Count XI is premised on the allegation that ConServe sent letters to Mr. Johnson falsely claiming that Mr. Johnson was delinquent on his Loan (Complaint at ¶ 99), and that following Mr. Johnson's notification that the Loan had been settled, ConServe continued to make false representations regarding the status of the Loan (Complaint at ¶ 102).  The allegation in ¶ 7 of the Complaint, repeated at ¶¶ 98 and 100, forms an essential element of the factual predicate for Count XI.

  Count XII incorporates the allegation in ¶ 7 of the Complaint, and restates it at ¶¶ 108 and 110.  Count XI is based on the allegation that ConServe made allegedly false statements to Mr. Johnson in connection with collection of the Loan, and that ConServe, despite notice of Mr. Johnson's dispute, continued to report his Loan as delinquent, presumably to credit reporting agencies.  The allegation in ¶ 7 of the Complaint, repeated at ¶¶ 108 and 110, forms an essential element of the factual predicate for Count XII.

  Count XIII incorporates the allegation in ¶ 7 of the Complaint, and restates it at ¶¶ 121 and 123.  Count XIII seeks damages for intentional infliction of emotional distress based on allegedly wilful violations by ConServe of the Maryland Consumer Debt Collection Practices Act (alleged to have been violated by ConServe in Count IX) and the Fair Credit Reporting Act (alleged to have been violated by ConServe in Count XII).  Count XIII is derivative of Counts IX and XII, and therefore the allegation in ¶ 7 of the Complaint, repeated in ¶¶ 121 and 123, forms an essential element of the factual predicate for Count XIII.

  Federal Rule of Civil Procedure 12(b)(6) authorizes the filing of a motion to dismiss for failure to state a claim.  Where "an affirmative defense clearly appears on the face of the complaint, the Court may rule on that defense when considering a motion to dismiss."  *Johnson v. Experian*, *supra* at *5 (citations and internal quotations omitted).  "One such affirmative defense is collateral estoppel . . . ."  *Id.* at *6.  Collateral estoppel is a doctrine that "operates collaterally to preclude relitigation of issues that the same party has already litigated."  *Id.* (citations omitted).  "When considering this defense, a court may judicially notice facts from a prior proceeding."  *Id.* (citations omitted).

The Hon. Paul W. Grimm
United States District Judge
January 11, 2016
Page 3 of 3

As set forth above, each of Mr. Johnson's claims against ConServe is premised upon his allegation that ConServe improperly refused to recognize that the Loan was satisfied in February of 2012. Therefore, the validity *vel non* of the Loan appears on the face of the Complaint for purposes of a motion to dismiss.

The Burden is on ConServe to demonstrate that collateral estoppel applies. To do so, ConServe must demonstrate "that (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding." *Id.* (citations omitted).

This Court determined in *Johnson v. Experian*, *supra*, that each of these five factors was satisfied, and that Mr. Johnson is collaterally estopped from asserting that he settled the Loan in February of 2012. The prior ruling on which this Court based its decision was an order granting summary judgment against Mr. Johnson in *Johnson v. Premiere Credit of N. Am., LLC,* No. 050200077212014 (D. Ct. Prince George's Cnty. filed Apr. 2, 2014).

Here, as in *Johnson v. Experian*, Mr. Johnson is collaterally estopped from asserting that he resolved the Loan in February of 2012. Mr. Johnson's faulty assertion forms a necessary part of the factual predicate for each and every claim against ConServe. As a result, Mr. Johnson's Complaint must be dismissed with prejudice for failure to state a claim against ConServe.

My client intends to file a motion to dismiss on collateral estoppel grounds seeking dismissal with prejudice of all claims asserted by Mr. Johnson against ConServe. Pursuant to the Court's Case Management Order, I, on behalf of my clients, request a pre-motion conference to consider these issues.

I am available January 26, 28 & 29 and February 2, 4, 9, 10, 11 and 12, for such a conference.

                                                  Very truly yours,

                                                  Andrew L. Cole

ALC
cc:    Continental Service Group, Inc.
        Jonathan E. Claiborne, Esq.
        Patrick D. McKevitt, Esq.
        Gregory D. Grant, Esq.
        Meredith L. Schramm-Strosser, Esq.
        Kirsten H. Smith, Esq.
        Mr. Joseph Johnson, Jr.