


**GREGORY D. GRANT**
**MD** 301.230.6578 **VA** 703.684.5200
ggrant@shulmanrogers.com

January 11, 2016

**VIA CM/ECF FILING**

The Honorable Paul W. Grimm
United States District Judge
U.S. District Court for the
District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

Re: **Johnson, Jr. v. MAXIMUS, Inc., *et al.*, Case No. 8:16-cv-00014-PWG**

Dear Judge Grimm:

I, along with this firm, represent defendant MAXIMUS, Inc., d/b/a MAXIMUS Federal Services, Inc. ("MAXIMUS") in the above-referenced matter. Please consider this letter as MAXIMUS's request for a pre-motion conference to discuss MAXIMUS's desire to file a pre-answer Fed. R. Civ. P. 12(b)(6) motion to dismiss of Joseph Johnson, Jr.'s First Amended Complaint ("Complaint") on the grounds of collateral estoppel.[1] MAXIMUS seeks dismissal based on this Court's November 17, 2015 ruling in the matter of *Johnson v. Experian Information Systems, Inc.*, 2015 WL 7769502 (D. Md. Nov. 17, 2015) (basing its ruling on *Johnson v. Premiere Credit of N. Am., LLC*, Case No. CAL14-17920 (Cir. Ct. Prince George's Cnty., filed July 14, 2014)). In *Experian*, this Court ruled that Mr. Johnson was collaterally estopped from arguing that he had satisfied his federal student Direct Loan obligation ("Loan Debt") in February 2012. As the same Loan Debt and related allegations are at issue in his Complaint, MAXIMUS believes the *Experian* ruling requires dismissal of the instant case on the same grounds.

## I. Specified Facts.

In his Complaint, Mr. Johnson alleges that on July 20, 2015, MAXIMUS sent him a debt statement falsely stating his delinquency on the Loan Debt. (Compl. at ¶ 9.) Mr. Johnson further alleges that on July 27, 2015, he wrote to MAXIMUS informing it that the Loan Debt had been satisfied "in full by a compromise accepted by the U.S. Department of Education on February 14, 2012." (*Id.* at ¶¶ 7 & 10.) Mr. Johnson's alleged basis for his Complaint subsequently arose when MAXIMUS did not accept his statement that the Loan Debt was fully satisfied, continued trying to collect the Loan Debt, and reported the Loan Debt as outstanding to third parties. (*Id.* at ¶¶ 11-13.) As a result of MAXIMUS's actions, Mr. Johnson filed his Complaint alleging claims for (a) variations of common law defamation based on allegedly improper credit reporting (Counts I & II); (b) violation of the Maryland Consumer Debt Collection Act (Count III); (c) violation of the Maryland Consumer Credit Reporting Agencies Act (Count X); (d) violation of

[1] MAXIMUS reserves the right to seek in the alternative dismissal pursuant to a Fed. R. Civ. P. 56 motion for summary judgment. Also, while collateral estoppel is the primary theory on which this action should be dismissed, MAXIMUS reserves the right to include any other applicable basis in its motion, such as statutory preemption of common law torts and pleading failures.






the federal Fair Debt Collection Practices Act (Count XI); (e) violation of the federal Fair Credit Reporting Act (Count XII); and (f) intentional infliction of emotional distress based on the alleged willfulness of certain statutory violations (Count XIII).

**II. Legal Support.**

The affirmative defense of collateral estoppel operates "collaterally to preclude relitigation of issues that the same parties already had litigated." *GAB Enters., Inc. v. Rocky Gorge Devel., LLC*, 108 A.3d 521, 530 (Md. Ct. Spec. App. 2015). As the party asserting this defense, MAXIMUS bears the burden to demonstrate that:

> (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding.

*In re Microsoft Corp., Antitrust Litig.*, 355 F.3d 322 (4th Cir. 2004). "When considering this defense, 'a court may judicially notice facts from a prior judicial proceeding.'" *Experian Info. Sys., Inc.*, 2015 WL 7769502, at *6 (quoting *Brooks v. Arthur*, 626 F.3d 194, 199 n.6 (4th Cir. 2010)).

In *Experian*, this Court ruled that each of the five factors was satisfied by virtue of the outcome in *Johnson v. Premiere Credit of North America, LLC*, in which the Circuit Court for Prince George's County, Maryland's entry of judgment against Mr. Johnson rejected his argument that his Loan Debt was satisfied. *Experian Info. Sys., Inc.*, 2015 WL 7769502, at *7 ("[I]t is clear that the circuit court rejected Johnson's claim that he had a settlement agreement that discharged his student loan obligations." (citing *Premiere Credit of N. Am., LLC*, Case No. CAL14-17920 (Cir. Ct. Prince George's Cnty., filed July 14, 2014))). Consequently, MAXIMUS will meet this burden because the issue of whether Mr. Johnson satisfied his Loan Debt, as alleged in Paragraph 7 (the exact same debt at issue in *Experian* and *Premiere*), is an essential element of each of the Counts brought against MAXIMUS in the Complaint.

Counts I and II, the common law defamation claims, incorporate Paragraph 7's factual predicate and are based on MAXIMUS's allegedly "false and slanderous" statements to unknown persons that Mr. Johnson was delinquent in his payments, and that his Loan Debt was not satisfied. (Compl. ¶¶ 23, 27.) Mr. Johnson does not allege any other falsehood made by MAXIMUS.

Count III, violation of the Maryland Consumer Debt Collection Act, incorporates Paragraph 7 and realleges full satisfaction of the Loan Debt in paragraphs 34, 36, 37, and 41. Count III is based upon Mr. Johnson's belief that MAXIMUS sent one or more debt statements falsely asserting that the Loan Debt was not satisfied (*id.* at ¶ 35), that MAXIMUS attempted to collect on the Loan Debt (*id.* at ¶ 37), continued to report the Loan Debt "past due" and "in a collection status" to third parties after Mr. Johnson informed MAXIMUS that he had fully satisfied the Loan Debt (*id.*), and refused to validate Mr. Johnson's claim that the Loan Debt was fully satisfied. (*Id.* at ¶ 39.)






Count X, violation of the Maryland Consumer Credit Reporting Agencies Act, incorporates the allegation in Paragraph 7 of the Complaint. Count X is based on MAXIMUS's alleged furnishing of inaccurate and false information regarding the status of the Loan Debt, *i.e.*, that the Loan Debt had not been satisfied but, in fact, was still outstanding. (*Id.* at ¶ 89.)

Count XI, violation of the Fair Debt Collection Practice Act, incorporates the allegation in Paragraph 7, and repeats that allegation again in Paragraphs 98 and 100. Count XI is founded on the allegation that MAXIMUS sent one or more debt statements incorrectly claiming that Mr. Johnson was delinquent on his Loan Debt (*id.* at ¶ 99), and that following Mr. Johnson's notification to MAXIMUS that the Loan Debt had been fully satisfied, MAXIMUS continued to make false representations regarding the status of the Loan Debt to third parties. (*Id.* at ¶¶ 100-102).

Count XII, violation of the Fair Credit Reporting Act, incorporates Paragraph 7, and repeats that allegation again in Paragraphs 108 and 110. Count XII is based on the allegation that MAXIMUS repeatedly made false statements that the Loan Debt was not satisfied to credit reporting agencies, and that it did so despite notice of Mr. Johnson's dispute of that fact. (Compl. at ¶¶ 108-110, 112, 115-116.)

Count XIII, common law Intentional Infliction of Emotional Distress, incorporates the allegation in Paragraph 7, and repeats the allegation again in Paragraphs 121 and 123. Count XIII seeks damages for emotional distress based on MAXIMUS's alleged intentional violations of the statutes at issue in Counts III and XII. (Compl. at ¶¶ 121-122.)

Notwithstanding the clear and analogous judgments against him in both *Experian* and *Premiere*, Mr. Johnson continues to litigate the issue of whether the Loan Debt was fully satisfied. As detailed above, this serves as the factual and legal basis for each and every claim against MAXIMUS. However, as this issue has been fully and finally resolved by the Prince George's County Circuit Court, and this Court deemed that "collateral estoppel" barred Mr. Johnson's claims in *Experian*, Mr. Johnson's Complaint must be dismissed *with prejudice* for failure to state a claim against MAXIMUS upon which relief can be granted by the Court.

Pursuant to the Court's Case Management Order, and on behalf of MAXIMUS, I request a pre-motion conference to consider these issues. Counsel for MAXIMUS is available on January 26, 29, February 2, 4, 9, 10, and 11 for such a conference, or at the Court's convenience if none of the dates provided are available for all necessary parties and the Court.

Very truly yours,

/s/ *Gregory D. Grant*

Gregory D. Grant

GDG:ls

cc: Mr. Joseph Johnson, Jr., *Pro Se Plaintiff, via ECF and U.S. First Class Mail*
Financial Management Services, Inc., *through counsel, via ECF*
Continental Service Group, Inc., *through counsel, via ECF*