U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 JAN 15  PM 12: 05

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

JOSEPH JOHNSON, JR.                          §
                                             §
        Plaintiff,                           §
                                             §
Vs.                                          § Case 8:16-cv-00014-PWG
                                             §
MAXIMUS INC., d/b/a,                         §
MAXIMUS FEDERAL SERVICES, INC., *et al*,     §
                                             §
        Defendants.                          §

## MOTION TO REMAND TO STATE COURT

Plaintiff, Joseph Johnson, Jr., pursuant 28 U.S.C. §1447(c), respectfully moves this

Court to remand this case to the Circuit Court for Prince George's County.

### I.  INTRODUCTORY STATEMENT

Plaintiff filed this action against Defendants, Maximus Inc., d/b/a Maximus

Federal Service ("Maximus"), Financial Management Systems ("FMS") and Continental

Service Group, Inc. ("ConServe") in the District Court for Prince George's County,

Maryland along with a jury demand on October 28, 2015. [ECF No. 1-1]. Defendants

Maximus and ConServe were served with the original complaint and summons on

November 17, 2015. *See* **Exhibits** A and B. Defendant FMS was served with the original

complaint and summons on November 21, 2015. *See* **Exhibit** C.  On December 2, 2015,

pursuant to Plaintiff's jury demand, the case was transferred to the Circuit Court for

Prince George's County, Maryland. [ECF No. 7]. On December 4, 2015, Plaintiff filed

and served *all* Defendants with a First Amended Complaint alleging, among other things,

violation of the Fair Credit Reporting and Fair Debt Collection Acts. [ECF No. 9]. [1]

---

[1] *See also* Affidavit of Joseph Johnson, Jr., at ¶1-11; Attached hereto as **Exhibit** D.

*All* Defendants were in receipt of Plaintiff's First Amended Complaint on December 8, 2015.[2] On January 4, 2016, Defendant Maximus unilaterally removed the case to this Court pursuant to 28 U.S.C. §1446. [ECF No. 1]. [3]

As will be discussed more fully below, the Notice of Removal filed in this case by Defendant Maximus is defective and was filed in violation of 28 U.S.C. §1446 and this case must therefore be remanded to the Circuit Court for Prince George's County.

## II. **PROPRIETY OF REMOVAL**

### A. Standard of Review

When a plaintiff challenges the propriety of removal, the defendant bears the burden of proving proper removal. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815 (4th Cir. 2004); *Greer v. Crown Title Corp.*, 216 F.Supp.2d 519, 521 (D.Md. 2002) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)).

In considering a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Philip Morris Inc.*, 950 F. Supp. 700, 702 (D.Md. 1997) (internal quotation marks omitted); *see Barbour v. Int'l Union*, 640 F.3d 599, 605 (4th Cir. 2011). This standard reflects the reluctance of federal courts "to interfere with matters properly before a state court." *Richardson*, 950 F. Supp. at 701. That is, "[w]hile a district court should be cautious in denying defendants access to a federal forum because remand orders are generally unreviewable, it is also true that removal jurisdiction raises significant federalism concerns." *Momin v. Maggiemoo's Int'l, LLC*, 205 F. Supp.2d 506, 508 (D. Md. 2002) (citations and internal quotation marks omitted).

---

[2] *Id.*, at ¶7-11

[3] *Id.*, at ¶12-14

2

III. **LEGAL ARGUMENT**

A. **DEFENDANT MAXIMUS'S REMOVAL NOTICE IS FACIALLY DEFECTIVE BECAUSE IT DOES NOT STATE THAT DEFENDANTS FMS AND CONSERVE JOINED IN, OR CONSENTED TO, REMOVAL WITHIN 30 DAYS AFTER RECEIPT OF THE FIRST AMENDED COMPLAINT ON DECEMBER 8, 2015.**

The removal statute, 28 U.S.C. §1441(a), provides that:

Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

A defendant who wishes to remove a case to federal court must, "within 30 days

after the receipt . . . of a copy of the initial pleading":

file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

*Id.* §1446(a), (b)(1). As to a case with *multiple* defendants, as here:

(A)     When a civil action is removed solely under section 1441(a), *all* defendants who have been properly joined and served must join in or consent to the removal of the action.

*Id.* §1446(b)(2)(A).

(3)     Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Id.* 1446(b)(3).

Defendant Maximus's Notice of Removal is facially defective because it does not

state that any of the other Defendants joined in, or consented to, removal within 30 days

after receipt of the First Amended Complaint on December 8, 2015. [ECF No. 1].

3

Explaining the unanimity requirement of §1446, the United States Court of

Appeals for the Fourth Circuit has stated:

> [Section 1446 and Fed. R. Civ. P. 11] do not, however, require that in a case
> involving multiple defendants where all defendants must consent to removal that
> each of the defendants sign the notice of removal or file a separate notice of
> removal complying with §1446(b).
>
> Moreover, we can see no policy reason why removal in a multiple-defendant case
> cannot be accomplished by the filing of one paper signed by at least one attorney,
> representing that all defendants have consented to the removal

. . . .

> Accordingly, we conclude that a notice of removal signed and filed by an attorney
> for one defendant representing unambiguously that the other defendants consent
> to the removal satisfies the requirement of unanimous consent for purposes of
> removal.

*Mayo v. Bd. of Educ. of Prince George's Cnty.*, 713 F.3d 735, 742 (4th Cir. 2013).

The removal jurisdiction of the federal courts is to be 'scrupulously confined,'

and '[i]f federal [removal] jurisdiction is doubtful,' – *i.e.*, if unanimous consent to

removal is lacking – "a remand is necessary." *Egle Nursing Home, Inc. v. Erie Ins. Grp.*,

981 F. Supp. 932, 933 (D. Md. 1997) (alterations in original) (citations omitted).

In the instant case, there is absolutely no reference in the Notice of Removal –

filed by Defendant Maximus only – to Defendants FMS and ConServe's decision joining

in or consenting to removal. That is, the Notice of Removal lacks any statement of

concurrence or other unambiguous representation that *all* Defendants consented to

removal. FMS and ConServe were in receipt of the First Amended Complaint on

December 8, 2015. *All* Defendants, therefore, had notice of the lawsuit when Maximus

filed the Notice of Removal on January 4, 2016. However, the Notice of Removal does

not assert that FMS and ConServe joined in or consented to removal. Nor does it refer to,

or explain, the absence of such consent.

4

The only reference to Defendants FMS and ConServe in the Notice of Removal is the allegation regarding these Defendants' alleged place of incorporation and principal place of business. [ECF No. 1, at ¶¶10, 11]. Accordingly, and based on the Fourth Circuit's strict construction of §1446 that consent to removal must be clear and unanimous; the original Notice of Removal filed in this case on January 4, 2016 is facially defective and *requires* remand.

B. **DEFENDANT MAXIMUS MAY NOT AMEND ITS REMOVAL NOTICE.**

The removal notice filed by Defendant Maximus is defective because it does not state that Defendants FMS and Conserve joined in, or consented to, removal within 30 days after receipt of the Amended Complaint on December 8, 2015. *Brantley v. Vaughan,* 835 F. Supp. 258, 260 n. 2 (D.S.C.1993) ("A petition for removal is considered defective if it fails to explain why all defendants have not joined therein."); rewer, *P-Nut Carter's Fire-works, Inc. v. Carey,* 685 F.Supp. 952, 953 (D.S.C.1988) (removal petition must affirmatively explain the absence of codefendant or it is defective). While a defendant may freely amend the notice of removal within the thirty-day period for removal set forth by 28 U.S.C. §1446(b), *Thompson v. Gillen*, 491 F. Supp. 24, 27 (E.D. Va. 1980), here, Defendant Maximus failed to do so. The thirty-day period began upon receipt of Plaintiff's Amended complaint on December 8, 2015; the deadline for Maximus freely to amend the notice of removal would have been January 6, 2015. This deadline has passed, and Maximus has not amended its notice. Beyond the thirty-day period, "*[d]efective allegations* of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. §1653 (emphasis added); *see generally* WRIGHT & MILLER, §3733.

5

Maximus did not merely make *defective allegations*; it completely failed to state in its Notice of Removal that the other Defendants joined in, or consented to, removal within 30 days after receipt of the First Amended Complaint on December 8, 2015. Thus, even if Maximus had sought to amend its removal notice it would not be proper here because the failure to file a notice joined by *all* Defendants is not a mere technical defect of the type that courts have permitted a removing defendant to correct after the time for removal has expired. *See, e.g., Egle Nursing Home, Inc. v. Erie Insurance Group, et al.,* 981 F. Supp. 932, 935 (D.Md.1997)(granting motion to remand when the removal notice failed to state why all defendants did not join in or consent to removal); *Brantley v. Vaughan,* 835 F. Supp. 258, 260 n. 2 (D.S.C.1993)("A petition for removal is considered defective if it fails to explain why all defendants have not joined therein."); rewer, *P-Nut Carter's Fire-works, Inc. v. Carey,* 685 F.Supp. 952, 953 (D.S.C.1988)(removal petition must affirmatively explain the absence of codefendant or it is defective); *Alexander v. Goldome Credit Corp.,* 772 F. Supp. 1217, 1221 (M.D. Ala. 1991) (refusing to permit amendment to reflect consent of all defendants). Removal was thus improper.

## C. DEFENDANTS FMS AND CONSERVE DID NOT JOIN IN OR CONSENT TO REMOVAL IN A TIMELY MANNER AS REQUIRED BY 28 U.S.C. §1446(a).

Notwithstanding the fact that the removal notice itself is facially defective, however, FMS and ConServe failed to join in or consent to removal in a timely manner. It is well established that the consent of *all* defendants is necessary to remove an action to federal court. *Chaghervand v. CareFirst*, 909 F. Supp. 304, 308 (D. Md. 1995).

Title 28 U.S.C. §1446, which outlines the procedures for the removal of civil actions, provides for the "rule of unanimity." Embodied in 28 U.S.C. §1446(b)(2)(A), the rule of unanimity serves as an important procedural limitation on defendant's right of removal.

Under the rule of unanimity, when more than one defendant is named in the complaint, as is the case here, *all* of the defendants who have been served "must join in the petition for removal." *Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 245 (1900); *Gee v. Lucky Realty Homes, Inc.*, 201 F.Supp.2d 732, 736 (D.Md. 2002). The rule in this circuit is that "individual defendants have thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition." *McKinney v. Board of Trustees of Mayland Community College*, 955 F.2d 924, 928 (4th Cir. 1992). This unanimity is required regardless of whether removal is based on diversity or the existence of a federal question. *Bradford v. Harding*, 284 F.2d 307, 309 (2nd Cir.1960); *Chaghervand v. CareFirst*, 909 F. Supp. 304 (D. Md. 1995).

Defendant Maximus's original notice of removal states that it was first served with notice of this action through its resident agent on November 17, 2015, and that the First Amended Complaint filed in the State Court on December 4, 2015 was by its receipt on December 8, 2015. *See* [ECF No. 1, Notice at ¶3, 5]. The notice did not explain why Defendants FMS and ConServe did not join the notice of removal, or that FMS and ConServe were non-entities that need not consent to removal, or that service upon FMS and ConServe was improper under Maryland law to confer *in personam* jurisdiction. More importantly, neither FMS nor ConServe "timely and unambiguously" consented to removal within the thirty-day statutory period. FMS and ConServe were in receipt of the First Amended Complaint that form the basis for removal on December 8, 2015 and thus had no later than January 6, 2016 to join in and consent to removal but failed to do so.[4]

---

[4] FMS states that it was served with Plaintiff's amended complaint on December 9, 2015 [ECF No. 20]; however, FMS was in receipt of the *first* version of the First Amended Complaint on December 8, 2015 after it was filed in the State Court on December 4, 2015. *See*, Affidavit, at ¶10. Regardless, the consent was untimely because *all* Defendants did not *timely* consent to removal within 30-days as required.

In fact, ConServe candidly admitted that "Plaintiff's amended complaint (two separate versions) were filed and mailed to ConServe's agent for service of process on December 4 & 5, 2015 …" and that "ConServe's agent for service of process received both versions of the amended complaint on December 8, 2015." [ECF No. 27, ¶1]. However, ConServe did not join in and consent to removal until January 12, 2016, more than 6 days *after* it was required to do so. *See*, [ECF No. 26].[5]

The consent of *all* defendants to removal is not a mere technicality, but an important part of the burden carried by the party seeking removal jurisdiction. *Castle v. Laurel Creek Co., Inc.*, 848 F.Supp. 62 (S.D.W.Va. 1994); *Rice v. Community Health Ass'n*, 40 F.Supp.2d 783 (S.D.W.Va. 1998).

Where a defendant who has been properly served fails to join in, or consent to, removal within the prescribed thirty-day time period under Section 1446(b), not only is the Notice of Removal defective on its face, but so too is a subsequent notice of consent also filed outside the prescribed thirty-day time period. The subsequent filing of an untimely notice of consent is of absolutely no moment, does nothing to cure the defect in the removal procedure, and is properly rejected by the Court. *Raju v. 315 Willow Avenue Condo. Ass'n,* No. 07-3743, 2008 WL 314561, at *2-3 (D.N.J. Jan. 28, 2008) (granting plaintiffs' motion to remand where the removing defendant failed to obtain the consent of two other defendants who were properly served with the complaint prior to removal and rejecting the removing defendant's attempt to cure the defect by submitting "Consents to Removal" from those defendants because the consents were filed beyond the thirty-day time period after service by as little as eight (8) days); *Pinnacle Choice, Inc. v. Silverstein Pinnacle Choice,* No. 07-5857, 2008 WL 2003759, at *3 (D.N.J. May 6, 2008) (finding

---

[5] *Id.*, at ¶¶11, 14

8

that defendants' notice of removal was procedurally deficient where at least one defendant constituted "a served defendant who did not join in the notice of removal and did not advise the Court of his desire to join in removal within thirty days."); *Bauer v. Glatzer,* No. 07-4501, 2007 WL 4440213, at *2 (D.N.J. Dec. 17, 2007) (remanding action to state court and finding that defendant's consent to removal was untimely because it was filed eleven (11) days beyond the thirty day period after service of process).

The failure of FMS and ConServe to timely join in Defendant Maximus's notice violates "a strictly applied rule of procedure that may not be extended by the court." *Torres v. AIG Claim Serv., Inc.,* 957 F. Supp. 1271, 1273 (S.D.Fla.1997); *Galvanek v. AT & T, Inc.,* No. 07-2759, 2007 WL 3256701, at *2 (D.N.J. Nov. 5, 2007) ("Section 1446 provides a thirty day limitations period for removal, ... and it is well-established that the thirty day period ... is mandatory and cannot be extended by the court."); *Cf. Peter Holding Co. v. Le Roy Foods, Inc.,* 107 F.Supp. 56, 57-58 (D.N.J.1952) ("Where the right of removal has been lost by failure to file a petition within the statutory period, it cannot be restored by order of the court or by stipulation of the parties. The statutory period is an inflexible rule of law determining the time within which an application to remove must be made, and the court has no discretionary power to enlarge this period."); *Hicks v. Monaco Coach Corp.,* No. 06-3949, 2006 WL 3780703, at *3 (D.N.J. Dec. 21, 2006) (finding defendant's consent defective where it was submitted seventy-four (74) days after service, "well beyond the 30-day period allowed" under Section 1446(b)).

*All* defendants were required to join in the removal petition or file their consent to removal in writing within thirty days of December 8, 2015; *i.e.*, January 6, 2016. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

9

Failure of the Defendants to timely and unanimous join in or consent to removal forecloses the opportunity for removal under Section 1446. *Adams v. Aero Services Int'l*, 657 F. Supp. 519, 521 (E.D.V a. 1987). Removal in this case was procedurally improper because Defendant Maximus not only failed to join *all* co-defendants in its initial petition for removal but Defendants FMS and ConServe also failed to join in or consent to removal within 30-days of receipt of the First Amended Complaint on December 8, 2015. Without the effective and timely consent of Defendants FMS and ConServe, removal is not proper and the Court must remand this case to the Circuit Court for Prince George's County for failure of Defendants FMS and ConServe to timely join in or consent to the removal in a timely manner as required by §1446(a).

## IV.  **CONCLUSION**

For the reasons stated herein, Plaintiff respectfully requests that this Court will remand this case to the Circuit Court for Prince George's County Maryland.

Respectfully submitted,

January 15, 2016

Joseph Johnson, Jr.
Post Office Box 441572
Fort Washington, MD  20749

## **CERTIFICATE OF SERVICE**

On January 15, 2016, a copy of the foregoing Motion was served on all parties and counsel of record by regular first class mail; postage prepaid.

Joseph Johnson, Jr.

10