**GREGORY D. GRANT**

**MD** 301.230.6578   **VA** 703.684.5200
ggrant@shulmanrogers.com

January 27, 2016

**VIA CM/ECF FILING**

The Honorable Paul W. Grimm
United States District Judge
U.S. District Court for the
District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

Re:   **Johnson, Jr. v. MAXIMUS, Inc.,** *et al.***, Case No. 8:16-cv-00014-PWG**

Dear Judge Grimm:

I, along with this firm, represent defendant MAXIMUS, Inc., d/b/a MAXIMUS Federal Services, Inc. ("MAXIMUS") in the above-referenced matter.  On behalf of MAXIMUS, and by agreement with counsel for Defendant Financial Management Systems ("FMS") and Defendant Continental Service Group, Inc., d/b/a ConServe ("ConServe"), please consider this letter as Defendants' joint request for a pre-motion conference to discuss Defendants' desire to file a Motion for Leave to Amend the Notice of Removal and a supporting memorandum of law thereto.  Defendants request the Court grant Leave to Amend the Notice of Removal because: (1) any errors or omissions in the Notice of Removal (ECF No. 1) constitute technical defects which may, in the Court's discretion, be remedied outside of the thirty day removal period; (2) Plaintiff will suffer no prejudice if the case remains before this Court; and (3) judicial economy and the interests of justice will be best served by this action remaining before this Court.

### I.        Particularized Facts

The case before the Court arises from Joseph Johnson, Jr.'s ("Johnson") First Amended Complaint ("Amended Complaint") filed in the Circuit Court for Prince George's County, Maryland.  In the Amended Complaint, Johnson asserts numerous state and federal claims against Defendants.  ECF No. 9.  Each legal claim shares the same foundational factual allegation: that Johnson fully satisfied federal student loan debt obligations he incurred in the 1990s.  *E.g.*, Am. Compl. at ¶ 7.  The Circuit Court for Prince George's County rejected this very same factual allegation in the matter of *Johnson v. Premiere Credit of N. Am., LLC*, Case No. CAL 14-17920 (Cir. Ct. Prince George's Cnty., filed July 14, 2014).  More importantly, this Court in *Johnson v. Experian Information Systems, Inc.*, held that the *Premiere Court's* rejection of this factual predicate functioned as collateral estoppel and precluded Johnson from bringing claims based on this factual assertion against the defendants in that case.  *Johnson v. Experian Info. Sys., Inc.*, Case No. PWG-15-558, 2015 WL 77769502, at *6-10 (D. Md. Nov. 17, 2015) (granting dismissal based on *Premiere Credit's* preclusive effect).  MAXIMUS filed its Notice of Removal on January 4, 2016, ECF No. 1, and shortly thereafter, Defendants FMS and ConServe filed their consent and/or joinder to MAXIMUS's Notice of Removal.  ECF Nos. 19 & 26.  Subsequently, and without leave of Court to do so, Johnson filed a Motion For Remand requesting that this Court deny itself jurisdiction to hear this case by remanding the case to the

Hon. Paul W. Grimm
January 27, 2016
Page 2

Circuit Court for Prince George's County, Maryland.  ECF No. 29.  Pursuant to this Court's order on January 15, 2016, Defendants' Opposition to Plaintiff's Motion for Remand is due February 1, 2016.  ECF No. 30.  In anticipation of filing that Opposition, Defendants presently request permission to file a Motion for Leave to Amend the Notice of Removal.

## II.        Supporting Legal Precedent

When examining the appropriateness of removal, the general rule is that concerns of state sovereignty and federalism dictates that removals from state court to federal court must be strictly examined.  *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).  This strict examination, however, does not mean district courts may "'simply point jurisdictional traffic in the direction of state courts,'" but mandates that "[f]ederal courts are obliged to carefully scrutinize challenges to jurisdictional authority." *The Yellow Cab Co., et al. v. Uber Tech., Inc., et al.*, —F. Supp. 2d.—, Case No. RDB-14-2764, 2015 WL 4987653, at *3 (D. Md. Aug. 19, 2015) (quoting *17th Street Assoc. LLP v. Markel Int'l Ins. Co.*, 373 F. Supp. 2d 584, 592 (E.D. Va. 2005)).  "While a strict construction of the removal statute is required, district courts should be cautious about denying defendants access to a federal forum because the decision to remand is effectively unreviewable." *Council of Unit Owners of Fireside Condo. v. Bank of N.Y. Mellon*, Case No. 13-cv-0420-AW, 2013 WL 2370515, at *2 (D. Md. May 29, 2013).  Consequently, district courts may exercise their sound discretion to allow amendments to removal papers even after the thirty day removal period's expiration.  *Wood v. Carne Co.*, 764 F.3d 316, 322 (4th Cir. 2014) (holding that after the conclusion of the thirty day period, "district courts have discretion to permit amendments that correct allegations already present in the notice of removal.").  Additionally, the strictures of upholding federalism do not necessitate that district courts wholly overlook the practicalities that govern the court system - such as the best interests of justice, preservation of judicial economy, and whether the plaintiff would be prejudiced by such an amendment.  *See, e.g.*, *Arlington Cmty. Fed. Credit Union v. Berkley Reg. Ins. Co.*, 57 F. Supp. 3d 589, 597 (E.D. Va. Oct. 30, 2014) ("[A]n important consideration in allowing a defendant to amend its notice of removal is whether the plaintiff would be prejudiced by the amendment"); *Pinnacle Choice, Inc. v. Silverstein*, No. CIV.A. 07-5857 (WJM), 2008 WL 2003759, at *5 (D.N.J. May 6, 2008) *report and recommendation adopted*, No. CIV.A.07-5857(WJM), 2008 WL 2152228 (D.N.J. May 20, 2008) ("[G]enerally speaking, . . . a court has discretion to permit the amendment of a notice of removal after the thirty day period in the interests of justice or judicial economy.").

Defendants request the Court utilize its discretion and grant leave to file a Motion For Leave to File an Amended Notice of Removal to correct the technical defect in the present Notice of Removal.  While all Defendants in the present action consented to and/or joined MAXIMUS's Notice of Removal, FMS and ConServe filed their consents and/or joinder after the conclusion of their respective thirty day removal periods.  Any delay by ConServe or FMS to file their consent to the Notice of Removal was inadvertent, and the filings presented to the court by ConServe and FMS demonstrate their consent to this Court's jurisdiction in this matter.  As such, any lingering

Hon. Paul W. Grimm
January 27, 2016
Page 3

question of whether the Notice of Removal properly established this Court's jurisdiction was promptly ameliorated, and any omission in the pleading itself is a technicality that can be fixed through amendment.

Johnson may argue that the nearly decade-old ruling in *Johnson v. Nutrex Research, Inc.* precludes this Court from allowing Defendants to amend the Notice of Removal. 429 F. Supp. 2d 723, 726-27 (D. Md. Apr. 26, 2006) (holding that defendants' failure to demonstrate unanimous consent to removal either in the initial removal papers or within the statutory removal period was not a "technical defect" that could appropriately be amended after the conclusion of the thirty day removal period). The application of *Nutrex's* bright-line unanimity rule to the present case would contravene the furtherance of justice, and would also unnecessarily strip the Court of all discretion. Oppositely, by granting Defendants' leave to file the requested motion, and subsequently permitting amendment of the Notice of Removal, the Court will further judicial economy and more effectively pursue the interests of justice, rather than strip itself of proper jurisdiction by upholding *Nutrex's* inflexible holding. This Court's intimate knowledge and understanding of the complicated procedural issues, factual issues, and history of the parties in this matter makes this Court, rather than any other, better suited to oversee this case. Furthermore, the face of the Amended Complaint, coupled with the Defendants' filings, clearly demonstrates this Court's proper jurisdiction over this case. Finally, Johnson will not suffer any prejudice by this matter remaining before this Court, as the Amended Complaint includes federal law claims, he has demonstrated a functional knowledge of federal court procedure, and has been before this Court on prior occasions (both through his own initial filings and through the removal process). So, applying *Nutrex's* rigid ruling to the instant case and precluding Defendants from amending the Notice of Removal would be inappropriate and harmful to the efficient and fair resolution of this matter. *See, e.g.*, *gh, LLC v. Curtin*, 422 F. Supp. 2d 994, 998-99 (N.D. Ind. Mar. 26, 2006) (finding failure to plead unanimous consent prior to the expiration of the thirty day removal period "to be a technical [defect] that does not go to the heart of jurisdiction," and refusing to "elevate form over substance to prevent removal because of a technical defect"). Consequently, Defendants respectfully request that this Court permit it to file a Joint Motion for Leave to Amend the Notice of Removal to cure these defects.

Defendants request a pre-motion conference to consider these issues at the Court's convenience. Alternatively, Defendants request the Court waive the pre-motion conference and immediately permit Defendants to file their Joint Motion for Leave to Amend the Notice of Removal.

Very truly yours,

/s/ Gregory D. Grant

GDG:ls

cc:    Mr. Joseph Johnson, Jr., *Pro Se Plaintiff, via ECF and U.S. First Class Mail*
       Financial Management Services, Inc., *through counsel, via ECF*
       Continental Service Group, Inc., *through counsel, via ECF*