IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

JOSEPH JOHNSON, JR. §
§
Plaintiff, §
§
Vs. § Case 8:16-cv-00014-PWG
§
MAXIMUS INC., d/b/a, §
MAXIMUS FEDERAL SERVICES, INC., et al, §
§
Defendants. §

### SUPPLEMENT TO MOTION TO REMAND TO STATE COURT

Plaintiff, Joseph Johnson, Jr., pursuant 28 U.S.C. §1447(c), files this Supplement to the Motion to remand [ECF No. 29] this case to the Circuit Court for Prince George's County, and says:

I. **INTRODUCTORY STATEMENT**

Plaintiff filed this action against Defendants, Maximus Inc., d/b/a Maximus Federal Service ("Maximus"), Financial Management Systems ("FMS") and Continental Service Group, Inc. ("ConServe") in the District Court for Prince George's County, Maryland along with a jury demand on October 28, 2015. [ECF No. 1-1]. Defendants Maximus and ConServe were served with the original complaint and summons on November 17, 2015. Defendant FMS was served with the original complaint and summons on November 21, 2015. On December 2, 2015, pursuant to Plaintiff's jury demand, the case was transferred to the Circuit Court for Prince George's County, Maryland. [ECF No. 7]. On December 4, 2015, Plaintiff filed and served *all* Defendants with a First Amended Complaint alleging, among other things, violation of the Fair Credit Reporting and Fair Debt Collection Acts. [ECF No. 9].

*All* Defendants were in receipt of Plaintiff's First Amended Complaint on December 8, 2015. On January 4, 2016, Defendant Maximus unilaterally removed the case to this Court pursuant to 28 U.S.C. §1446. [ECF No. 1]. On January 15, 2016, Plaintiff timely moved to remand on the basis that the notice of removal filed in this case by Defendant Maximus *only* was facially defective because it failed to state that Defendants FMS and Conserve joined in, or consented to, removal within 30 days after receipt of the first amended complaint on December 8, 2015, and further because Defendants FMS and Conserve had failed to join in or consent to removal in a timely manner as required by 28 U.S.C. §1446(a).[1] *See*, [ECF No. 29].

Notwithstanding the fact that removal was improper for all the reasons stated in the underlying Motion (which Plaintiff adopts and incorporates herein); however, Plaintiff files this timely supplement to that Motion to further object to the removal on the basis that Defendant Maximus also failed to "effect removal" within 30-days of receiving the amended complaint on December 8, 2015 by failing to provide notice to the State Court within the 30-day removal period, as required by 28 U.S.C. §1446(d), and for this additional reason, remand is also necessary.

---

[1] On January 27, 2016, Defendant Maximus sent a letter addressed to this Court conceding that Defendants FMS and ConServe had "filed their consents and/or joinder after the conclusion of their respective thirty day removal periods." [ECF No. 32]. As such, removal is improper under Section 1446(b). *See, e.g., Fletcher v. Hamlet*, 116 U.S. 408, 410 (1886) ("There can be no removal by the defendants unless they all join ..."); *see, also.,* 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure*, §3731 n.11 (3d ed. 1998 & Supp. 2005)(citing numerous decisions in which courts remanded civil actions for defendant's failure to timely provide notice of consent to removal petition); *Jackson v. Roseman*, 878 F. Supp. 820, 826 (D. Md. 1995) (Northrup, J.) (remanding case for defendant's failure to join removal petition); *Whitcomb v. Potomac Physicians, P.A.*, 832 F. Supp. 1011, 1013 (D. Md. 1993)(Motz, J.) (remanding in part for defendant's failure to timely join, noting "[i]t is well established that ordinarily all defendants must consent to a removal") *McKinney v. Board of Trustees of Maryland Com. Col.*, 955 F.2d 924 (4th Cir. 1992) (requiring consent to the removal within thirty days ...)

## II. LEGAL ARGUMENT

### A. Defendant Maximus Failed to Effect Removal within 30 days of Receipt of the First Amended Complaint, As Required by 28 U.S.C. §1446(b) By failing to Provide Notice to the State Court Within the 30-day Removal Period.

Title 28 U.S.C. §1446(b)(3) provides that: "[e]xcept as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

As stated in the Motion and above, *all* Defendants, including Defendant Maximus, the removing Defendant, were in receipt of Plaintiff's First Amended Complaint on December 8, 2015. [ECF No. 29]; *see also*, [ECF No. 31, ¶3]. Defendant Maximus had 30-days from December 8, 2016 to "effect removal", *i.e.* January 6, 2016. On January 4, 2016, Defendant Maximus unilaterally removed the action to this Court based on the amended complaint. [ECF No. 1, ¶5].

Yet filing a notice of removal in this Court is not sufficient in itself to complete the removal of a case from state to federal court: section 1446(d) requires a removing defendant to serve notice on its adversaries and to "file a copy of the notice with the clerk of such State court, which *shall effect* the removal." (Emphasis). Despite the seeming clarity of this statute, courts have adopted three rules regarding when removal is effected. Most courts hold that removal is effected by filing a copy of the notice of removal in state court. Some courts, including the United States District Court for the Eastern District of Arkansas, have held that removal is effected simply by filing the notice of removal in the federal court. Finally, a few courts have held that the state and federal courts have

concurrent jurisdiction until the notice of removal is filed with the state court. *Anthony v. Runyon*, 76 F.3d 210, 213–14 (8th Cir. 1996) (internal citations omitted). Although it has not discussed the matter at length, the Fourth Circuit appears to have adopted the majority rule that a state court loses jurisdiction "immediately upon the filing of the petition [for removal] in the federal court and a copy in the state court." *South Carolina v. Moore*, 447 F.2d 1067, 1073 (4th Cir. 1971) (emphasis added); *see also Mann v. Edwards*, 37 F.R.D. 452, 453 (W.D.S.C. 1965) ("This Court acquired jurisdiction after a copy of the Petition for Removal and Bond for Removal had been filed with the State Court . . . ."). A similar view has been adopted by the Third, *Resolution Trust Corp. v. Nernberg*, 3 F.3d 62, 69 (3d Cir. 1993), Fifth, *Stephens v. Portal Boat Co.*, 781 F.2d 481, 482 n.1 (5th Cir. 1986) ("removal is not effective until notice is given to the state court"), and Eighth Circuits, *Anthony*, 76 F.3d at 214, as well as numerous federal district courts, *see, e.g., Potomac Elec. Power Co. v. China Constr. Am. Inc.*, No. RJL-09-111, 2009 WL 3163058, at *1 (D.D.C. Sept. 29, 2009). This view also appears to comport with the text of §1446(d), which provides that "defendants shall give written notice [of removal] to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall then effect the removal." 28 U.S.C. §1446(d). And, as Wright & Miller have observed, "it seems unfair to hold that a state court can be stripped of its jurisdiction even though it has not received notice of removal." 14C Charles Alan Wright et al., Federal Practice & Procedure: Jurisdiction & Related Matters §3736. Plaintiff is unable to find a recent case from any federal court that takes a contrary view. So although Defendant Maximus filed its Notice of Removal in this Court on January 4, 2016 within thirty days of being served with the First Amended Complaint on December 8, 2015, [ECF No. 1],

4

however, removal was not "effected" within the 30-day window until and unless Maximus "[p]romptly . . . file[d] a copy of the notice with the clerk of such State court" as required by §1446(d). Defendant Maximus did not "effect removal" until it provided notice to the State Circuit Court on January 12, 2016, as reflected on the docket in that court which is judicially noticeable. *See* Fed. R. Evid. 201, 803(8)(A)(i), 902(5); *see also*, **Exhibit** E. Thus, the removal was "effected" outside the 30-day window for which removal was proper. Section 1446(d) required Maximus to give notice to the court in which the case was then pending—that is, the Circuit Court for Prince George's County—*before* removal was completed and the case removed to this Court.

Defendant Maximus did not do so, and the record does not reflect that the state circuit court was notified of the removal *before* expiration of the 30-day removal period. *See, Jones v. Cargill Nutrena Feed Div.*, 665 F. Supp. 907, 908 (S.D. Ala. 1987) (finding removal had not been effected when notice of removal was filed in wrong state court). Although failure of notice to the state court is a procedural defect however a federal court is justified in granting a timely motion to remand under 28 U.S.C. §1447 on the grounds of such a defect. *Peterson v. BMI Refractories*, 124 F.3d 1386, 1395 (11th Cir. 1997).

For the reasons stated in the Motion and in this Supplement to that Motion, Plaintiff respectfully requests that this Court remand this case to the Circuit Court for Prince George's County Maryland.

Respectfully submitted,

January 29, 2016

Joseph Johnson, Jr.
Post Office Box 441572
Fort Washington, MD  20749

## CERTIFICATE OF SERVICE

On January 29, 2016, a copy of the foregoing paper was served on all parties and counsel of record electronically through the Court's ECF filing system at the time of filing and docketing in this Court.

_____
Joseph Johnson, Jr.