## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

JOSEPH JOHNSON, JR.                     :

    Plaintiff,                          :

                                        :

v.                                      :    Case No.:  CAL15-3693

                                        :

MAXIMUS, INC.,                          :

d/b/a MAXIMUS Federal Services, Inc., *et al.*   :

                                        :

    Defendants.                         :

                                        :

### NOTICE OF FILING OF NOTICE OF REMOVAL

    Defendant MAXIMUS, Inc. d/b/a MAXIMUS Federal Services, Inc., hereby provides

notice to the Court that it has filed a Notice of Removal, a copy of which is attached hereto as

Exhibit 1, in the office of the Clerk of the United States District Court for the District of

Maryland on January 4, 2016.

    Pursuant to 28 U.S.C. § 1446(d), the above-captioned case shall proceed no further in the

Circuit Court for Prince George's County, Maryland, unless so ordered by the United States

District Court for the District of Maryland.

Dated: January 11, 2016                 Respectfully submitted,

                                   SHULMAN, ROGERS, GANDAL,

                                     PORDY & ECKER, P.A.

By: _____

                                Gregory D. Grant, Esq.

                                Meredith L. Schramm-Strosser, Esq.

                                12505 Park Potomac Avenue, 6th Floor

                                Potomac, Maryland 20854

                                Telephone:    (301) 230-5200

                                Facsimile:    (301) 230-2891

                                ggrant@shulmanrogers.com

                                mschrammstrosser@shulmanrogers.com

                                *Counsel for Defendant MAXIMUS, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Notice of Removal and was served by first class mail, postage prepaid, on January 11, 2016, to:

Joseph Johnson, Jr.
P.O. Box 441572
Fort Washington, Maryland 20749
*Pro Se Plaintiff*

Financial Management Systems Inc.
Jonathan Claiborne, Esq.
Whiteford Taylor Preston
7 St. Paul Street
Suite 1500
Baltimore, Maryland 21202
*Counsel for Defendant Financial Management Systems, Inc.*

Continental Service Group, Inc.
Andrew L. Cole
LeClairRyan
180 Admiral Cochrane Drive
Suite 520
Annapolis, Maryland 21401
*Counsel for Defendant Continental Service Group, Inc.*

Gregory D. Grant

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JOSEPH JOHNSON, JR.                        :

     Plaintiff,                         :

                           :

v.                                         :        Case No.:

MAXIMUS, INC.,                             :
d/b/a MAXIMUS Federal Services, Inc.,      :

and                                        :

Financial Management Systems Inc.          :

and                                        :

Continental Service Group, Inc.            :
d/b/a ConServe                             :

     Defendants.                        :

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446, and Local Rule 103.5,

Defendant MAXIMUS, Inc., d/b/a MAXIMUS Federal Services, Inc. ("MAXIMUS") files this

Notice of Removal and states as follows:

    1.    MAXIMUS is a defendant in Case Number CAL 15-36931 filed in the Circuit

Court of Maryland for Prince George's County.

    2.    This action began when Plaintiff filed a civil action on October 28, 2015 in the

District Court for Prince George's County, Maryland against all defendants (the "Civil Action").

    3.    MAXIMUS, through its registered agent, was served with a summons and

complaint in the Civil Action on November 17, 2015 via certified mail, return receipt, restricted

delivery (the "District Court Complaint"). A copy of the District Court Complaint is attached

hereto as Exhibit 1. The District Court Complaint did not contain any causes of action alleging federal questions and alleged total damages of only $30,000.00.

4.     On or about December 2, 2015, the Civil Action was transferred from District Court for Prince George's County, Maryland to the Circuit Court for Prince George's County, Maryland.

5.     On or about December 4, 2015, Plaintiff filed his First Amended Complaint in the Circuit Court for Prince George's County, Maryland (the "First Amended Complaint"). *See* First Amended Complaint, attached hereto as Exhibit 2. MAXIMUS, by and through its Registered Agent, received the First Amended Complaint on December 8, 2015 via regular U.S. mail. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446, as thirty (30) days have not elapsed since MAXIMUS was served with the First Amended Complaint, which was the first pleading setting forth Plaintiff's claim for relief that provides grounds for removal of this action to this Court.

6.     The First Amended Complaint includes claims that MAXIMUS and the other Defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. *See* First Amended Complaint at ¶¶ 104-119. Thus this Court has original jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1441, and 15 U.S.C. § 1681p.

7.     The First Amended Complaint includes claims that MAXIMUS and the other Defendants violated the Fair Debt Collection Practices Act, 15. U.S.C. § 1692a *et seq*. *See* First Amended Complaint at ¶¶ 95-103. Thus this Court has original jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1441, and 15 U.S.C. § 1692i.

8.     At the present time, at the commencement of the Civil Action in the District Court for Prince George's County, Maryland, and at the time of the filing of the First Amended

2

Complaint in the Circuit Court for Prince George's County, Maryland, Plaintiff is and was an individual citizen of the State of Maryland.

9.    At the present time, at the commencement of the Civil Action in the District Court for Prince George's County, Maryland, and at the time of the filing of the First Amended Complaint in the Circuit Court for Prince George's County, Maryland, MAXIMUS is and was a corporation incorporated under the law of the Commonwealth of Virginia with its principal place of business in Reston, Virginia.

10.    At the present time, at the commencement of the Civil Action in the District Court for Prince George's County, Maryland, and at the time of the filing of the First Amended Complaint in the Circuit Court for Prince George's County, Maryland, Defendant Financial Management Systems Inc. is and was a corporation incorporated under the law of the State of Illinois with it principal place of business in Rolling Meadows, Illinois.

11.    At the present time, at the commencement of the Civil Action in the District Court for Prince George's County, Maryland, and at the time of the filing of the First Amended Complaint in the Circuit Court for Prince George's County, Maryland, Defendant Continental Service Group, Inc. is and was a corporation incorporated under the laws of the State of New York with its principal place of business in Fairport, New York.

12.    As set forth in the First Amended Complaint Plaintiff seeks $500,000.00 in damages, based on Plaintiff's request for actual, statutory, and punitive damages, and other relief, in his claims against all Defendants.  Consequently, the amount in controversy in the First Amended Complaint exceeds the sum of $75,000.00, exclusive of interest and costs.

13.    Accordingly, this Court has original jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1332, as there is complete diversity among all parties, and the amount in

controversy exceeds $75,000.00. Thus, the above-captioned action may be removed pursuant to

28 U.S.C. § 1441(b).

14.     Additionally, pursuant to 28 U.S.C. §1367, this Court has supplemental

jurisdiction over Plaintiff's state law claims.

15.     The following process, pleadings, documents and orders were served upon

MAXIMUS in the actions filed in the District Court and the Circuit Court for Prince George's

County, Maryland:

- Plaintiff's Complaint and Summons filed in the District Court for Prince George's County on October 28, 2015, attached hereto as Exhibit A;

- Financial Management Systems Inc. Notice of Intention to Defend, attached hereto as Exhibit B;

- District Court Notice of Financial Management Systems Inc. filing its Notice of Intention to Defend, attached hereto as Exhibit C;

- District Court Notice of Cancelation of Merit Trial, attached hereto as Exhibit D;

- Circuit Court Notice of Removal, attached hereto as Exhibit E;

- MAXIMUS's Notice of Intention to Defend, attached hereto as Exhibit F;

- Plaintiff's First Amended Complaint, filed in the Circuit Court for Prince George's County on December 4, 2015, attached hereto as Exhibit G; and

- Defendant Continental Service Group, Inc.'s Jury Demand, attached hereto as Exhibit H.

16.     Within 30 days after filing this Notice of Removal, MAXIMUS shall file true and

legible copies of all other documents filed in state court in accordance with Local Rule 103.5a.

17.     This Notice of Removal will be filed promptly in the Civil Action and served

upon Plaintiff, Defendant Financial Management Systems Inc., and Defendant Continental

Service Group, Inc.

4

WHEREFORE, MAXIMUS removes the subject action from the Circuit Court for Prince

George's County to this United States District Court for the District of Maryland.


Dated: January 4, 2016                    SHULMAN, ROGERS, GANDAL,
                                          PORDY & ECKER, P.A.

                                          By: _____
                                          Gregory D. Grant, Esq., Bar No. 13912
                                          Meredith L. Schramm-Strosser, Esq., Bar No. 18537
                                          12505 Park Potomac Avenue
                                          6th Floor
                                          Potomac, Maryland 20854
                                          Telephone:    (301) 230-5200
                                          Facsimile:    (301) 230-2891
                                          ggrant@shulmanrogers.com
                                          mschrammstrosser@shulmanrogers.com
                                          *Counsel for Defendant MAXIMUS, Inc.*

5

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Defendant's Notice of Removal and Defendant's Civil Cover Sheet was served by first class mail, postage prepaid, on January 4, 2016, to:

Joseph Johnson, Jr.
P.O. Box 441572
Fort Washington, Maryland 20749
*Pro Se Plaintiff*

Financial Management Systems Inc.
Jonathan Claiborne, Esq.
Whiteford Taylor Preston
7 St. Paul Street
Suite 1500
Baltimore, Maryland 21202
*Counsel for Defendant Financial Management Systems, Inc.*

Continental Service Group, Inc.
Andrew L. Cole
LeClairRyan
180 Admiral Cochrane Drive
Suite 520
Annapolis, Maryland 21401
*Counsel for Defendant Continental Service Group, Inc.*

Gregory D. Grant

6

# EXHIBIT A



**DISTRICT COURT OF MARYLAND** for Prince George's County 2 of 26
Located at Courthouse, Bourne Wing, Upper Marlboro, Maryland 20772

## WRIT OF SUMMONS

Defendant : **MAXIMUMS INC, DBA MAXIMUS FEDERAL SE**
Serve On : MAXIMUMS INC, DBA MAXIMUS FEDERAL SERV.
Address : SERVE: CSC- LAWYERS INCORP
7 SAINT PAUL STREET, STE 820
BALTIMORE, MD 21202

Date Filed : Oct 28, 2015
Issue Date : Oct 29, 2015
Case Number : 050200266332015
Complaint No. : 001

| | |
|---|---|
| Trial Date | : Jan 15, 2016 |
| Trial Time | : 08:45 am |
| Trial Room | : 161B |

You are summoned to appear for trial at the date, time and location shown above. If you intend to be present at the trial, you must file the attached Notice of Intention to Defend within fifteen days of receiving this complaint. Failure to file the Notice of Intention to Defend may result in a judgment by default or the granting of the relief sought.

## MUST BE SERVED BY Nov 28, 2015     ROBERT PRENDER, Administrative Clerk /

To Private Process Server :
You are hereby commanded to serve this writ of summons and to make your return promptly if served. If you are unable to serve, you are to make your return below and return the original process to the court no later than ten days following the termination of the validity of the process.

I certify that:
☐ I served a summons by delivery of the complaint and all supporting papers to _____
on date ___ / ___ / 20 _____ at location _____
The person I left the papers with acknowledged being: (1) A resident of above listed address; (2)18 years of age or older;
(3) of suitable discretion in that relationship to the defendant is _____
and that; (4) the above listed address is the defendant's residence or usual place of abode. The facts upon which I
concluded that individual served is of suitable age discretion are: _____
_____ The cost of service is $ _____

Description of the Defendant / Person Served : Race _____ Sex _____ Height _____ Weight _____ Age _____
☐ I was unable to serve because _____

Attempt: _____ Attempt: _____ Attempt: _____ Attempt: _____
I solemnly affirm under the penalties of perjury that the contents of the foregoing paper are true to the best of my knowledge, information and belief and do further affirm I am a competent person over 18 years of age and not party to the case.

_____                    _____
Print Name of Process Server                       Complete Address of Process Server
Date : ___ / ___ / 20 _____   Signature : _____   Phone No. _____

CUT HERE -------------------------------------------------------------------------------------------- CUT HERE

## NOTICE OF INTENTION TO DEFEND

Defendant : MAXIMUMS INC, DBA MAXIMUS FEDERAL SERV.     Case # 050200266332015
Trial Date : Jan 15, 2016                                                        Complaint # 001

Notice : If you **contest the claim** or any part thereof, you must complete this Notice of Intention to Defend and file with the court listed at the top of this summons no later than 15 days after you receive this Summons and be present in court on the trial date. If you do not appear judgment by default or the relief sought may be granted.
**A corporation** may enter an appearance only by an attorney except that an officer of the corporation may appear on its behalf if the action is based on a claim that does not exceed $5,000.00.
Any reasonable accommodation for persons with disabilities should be requested by contacting the court prior to trial.

Possession and use of cell phones and other electronic devices may be limited or prohibited in designated areas of the court facility.

## SEE ATTACHED NOTICE FOR IMPORTANT INFORMATION

I intend to be present at the trial of this claim and demand proof of the Plaintiff's claim.

Explanation of defense : _____
_____

____ / ____ / 20 ___   _____   ( ____ ) _____   ( ____ ) _____
Date                         Signature                       Work Phone                        Home Phone

_____
Address/City/State/Zip code

_____
Fax number            e-Mail Address
☐ Check this box if this is a new address.

Case Num.  050200266332015

**DISTRICT COURT OF MARYLAND FOR** Prince George's County

| LOCATED AT (COURT ADDRESS) | COMPLAINT/APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT |
|---|---|
| 14735 Main Street<br>Upper Marlboro, MD  20772 | ☐ $5,000 or under ☐ over $5,000 ☒ over $10,000 |

CASE NO.

**CV**

Clerk: Please docket this case in an action of ☐contract ☒tort
☐replevin ☐detinue ☐bad faith insurance claim
The particulars of this case are:

| PARTIES |
|---|
| Plaintiff<br>Joseph Johnson, Jr.<br>Post Office Box 441572<br>Fort Washington, MD  20749-1572 |

See Attached COMPLAINT AND JURY DEMAND
adopted and Incorporated herein by reference.

**VS.**

| Defendant(s) | Serve by: |
|---|---|
| 1. MAXIMUMS INC., d/b/a, MAXIMUS FEDERAL SERVICES, INC., SERVE: CSC-LAWYERS INCORP.  SVC CO., Resident Agent, 7 SAINT PAUL STREET, SUITE 820, Baltimore., MD  21202 | ☐ Certified Mail<br>☒ Private Process<br>☐ Constable<br>☐ Sheriff |
| 2. FINANCIAL MANAGEMENT SYSTEMS (FMS) SERVIE: THE CORP. TRUST INC, Resident Agent, 351 WEST CAMDEN STREET Baltimore, MD 21201 | ☐ Certified Mail<br>☒ Private Process<br>☐ Constable<br>☐ Sheriff |
| 3. CONTINENTAL SERVICE GROUP, INC., d/b/a CONSERVE, SERVE: CSC-Lawyers Inc. SVC. Co., Resident Agent, 7 St. Paul Street, Suite 820 Baltimore, MD  21202 | ☐ Certified Mail<br>☒ Private Process<br>☐ Constable<br>☐ Sheriff |
| 4. | ☐ Certified Mail<br>☐ Private Process<br>☐ Constable<br>☐ Sheriff |

(See Continuation Sheet)

The Plaintiff claims $ 30,000.00 , plus interest of $_____,
Interest at the ☒legal rate ☐contractual rate calculated at_____%,
from _____ to _____ (_____ days x $_____
per day) and attorney's fees of $_____ plus court costs.
☐ Return of the property and damages of $_____
for its detention in an action of replevin.
☐ Return of the property, or its value, plus damages of
$_____ for its detention in action of detinue.
☐ Other:_____
and demands judgment for relief.

| ATTORNEYS |
|---|
| For Plaintiff - Name, Address, Telephone Number & Code<br>Joseph Johnson, Jr.<br>Post Office Box 441572<br>Fort Washington, MD  20749-1572 |

_Joseph Johnson Jr._
Signature of Plaintiff/Attorney/Attorney Code
Printed Name: Joseph Johnson, Jr.
Address: Post Office Box 441572, Fort Washington, MD  20749
Telephone Number: 240-605-9921
Fax:
E-mail:

**MILITARY SERVICE AFFIDAVIT**

☐ Defendant(s)_____ is/are in the military service.
Name
☒ No Defendant is in the military service. The facts supporting this statement are: defendants are privately owned business and are not subject to military service, and based on information from the Department of Defense no defendant is in the military services.
Specific facts must be given for the Court to conclude that each Defendant who is a natural person is not in the military.

☐ I am unable to determine whether or not any Defendant is in military service.
I hereby declare or affirm under the penalties of perjury that the facts and matters set forth in the aforegoing Affidavit are true and correct to the best of my knowledge, information, and belief.

October 23, 2015
Date

_Joseph Johnson Jr._
Signature of Affiant

**APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT**

Attached hereto are the indicated documents which contain sufficient detail as to liability and damage to apprise the Defendant clearly of the claim against the Defendant, including the amount of any interest claimed.
☐ Properly authenticated copy of any note, security agreement upon which claim is based ☐Itemized statement of account ☐Interest worksheet
☐ Vouchers ☐ Check ☐ Other written document ☐_____ ☐ Verified itemized repair bill or estimate
I HEREBY CERTIFY: That I am the ☐Plaintiff ☐_____ of the Plaintiff herein and am competent to testify to the matters stated in this complaint, which are made on my personal knowledge; that there is justly due and owing by the Defendant to the Plaintiff the sum set forth in the Complaint.
I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the above Complaint are true and I am competent to testify to these matters.

October 23, 2015
Date

_Joseph Johnson Jr._
Signature of Affiant

DC-CV-001 (front) (Rev. 09/2014)

## NOTICE TO DEFENDANT

### Before Trial

**If you agree that you owe the Plaintiff the amount claimed,** you may contact the Plaintiff (or Plaintiff's attorney) before the trial date to arrange payment. **If you wish to contest the claim,** you should notify the clerk's office by filing a Notice of Intent to Defend (located at the bottom of your summons). The case will be set for trial. If you wish to have your witnesses appear at trial, you should contact the clerk's office at least two weeks before the trial date to request subpoenas, and you should bring to court on the trial date any evidence you want the Court to consider. **If you do nothing,** a judgment could be entered against you.

### If Judgment is Entered Against You (If You Lose)

**IF YOU <u>DISAGREE</u> WITH THE COURT'S RULING,** you may:

1. **APPEAL** to the Circuit Court, by filing a Notice of Appeal in the District Court within **30 days** after the entry of judgment. You will have to pay a filing fee (see Guide to Appeal Fees, DCA-001A), unless the Court determines that you are indigent. If the amount of the claim, not counting court costs, interest, and attorney's fees, is:

   - **more than $5,000,** you will also have to order and pay for a transcript of the District Court trial record, by contacting the District Court clerk's office (see Transcripts & Recordings Brochure, DCA-027BR).

   - **$5,000 or less,** you will have a new trial in the Circuit Court.

   On your trial date you should bring with you any evidence that you want the Court to consider.

2. File a **MOTION FOR A NEW TRIAL** within **10 days** after the entry of judgment, stating your reasons clearly. If the Court denies your Motion, you may still file an appeal; if the Court grants your Motion, you must appear in the District Court for a new trial.

3. File a **MOTION TO ALTER OR AMEND THE JUDGMENT** within **10 days** after entry of judgment.

4. File a **MOTION TO REVISE OR VACATE THE JUDGMENT** within **30 days** after entry of judgment.

**IF YOU DECIDE <u>NOT</u> TO APPEAL AND <u>NOT</u> TO FILE ONE OF THE ABOVE MOTIONS,** you may contact the Plaintiff or Plaintiff's attorney to arrange to pay the amount owed. If you do not pay the amount owed, the Plaintiff or Plaintiff's attorney may initiate further proceedings to enforce the judgment, including:

1. **Interrogatories:** You must answer these written questions about your income and assets in writing under penalties of perjury.

2. **Oral Examination:** You must appear in court to testify in response to questions about your assets and income.

3. **Writ of Execution:** The Court may issue a writ requiring the sale or seizure of any of your possessions except, with some exceptions, property that is exempt from execution. The exemptions are explained in detail on the reverse side of the Writ of Execution form, DC-CV-040. Further, the Court could order you to pay additional expenses such as towing, moving, storage fees, advertising costs, and auctioneer's fees incurred in executing the writ.

4. **Garnishment of Property:** The Court may issue a writ ordering a bank or other agent to hold your assets until further court proceedings.

5. **Garnishment of Wages:** The Court may issue a writ ordering your employer to withhold a portion of your wages to pay your debt. The law provides certain exemptions from garnishment.

**If you have any questions, you should consult an attorney. The clerk of the Court is not permitted to give you legal advice. More information can be found in court brochures located in the clerk's office or online at: http://www.mdcourts.gov/district/public_brochures.html.**

### NOTICE TO PLAINTIFF

1. If the Court enters a judgment for a sum certain, you have the right to file for a lien on real property.

2. If you disagree with the outcome of the case, you have the same post-trial rights as the Defendant does: you may file an Appeal, a Motion for New Trial, a Motion to Alter or Amend the Judgment or a Motion to Revise or Vacate the Judgment. See above for further information concerning these rights.

DC-CV-001 (back) (Rev. 09/2014)

## DISTRICT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

JOSEPH JOHNSON, JR.                        §
POST OFFICE BOX 441572                      §
FORT WASHINGTON, MD  20749-1572            §
                                           §
    Plaintiff,                        §
                                           §
                                           §
Vs.                                        § CIVIL NO.
                                           §
MAXIMUMS INC., d/b/a,                       §
MAXIMUS FEDERAL SERVICES, INC.             §
SERVE: CSC-LAWYERS INCORPORATING           §
SERVICE COMPANY, Resident Agent            §
7 SAINT PAUL STREET, SUITE 820             §
BALTIMORE, MD  21202                       §
                                           §
    And                               §
                                           §
FINANCIAL MANAGEMENT SYSTEMS (FMS)         §
SERVIE: THE CORPORATION TRUST              §
INCORPORATED, Resident Agent              §
351 WEST CAMDEN STREET                     §
BALTIMORE, MD 21201                        §
                                           §
    And                               §
                                           §
CONTINENTAL SERVICE GROUP, INC.,           §
d/b/a CONSERVE                             §
SERVE: CSC-LAWYERS INCORPORATING           §
SERVICE COMPANY, Resident Agent            §
7 ST. PAUL STREET, SUITE 820               §
BALTIMORE, MD 21202                        §
                                           §
    Defendants.                       §

## COMPLAINT AND JURY DEMAND

COMES NOW, the Plaintiff, Joseph Johnson, Jr., and represents to the Court that:

## PARTIES

1.    Plaintiff is a resident in Fort Washington, Maryland, and is a "person" as

that term is defined by Md. Code Ann., Commercial Law Art. §14-201(d).

2.      Defendant, Maximus, Inc., d/b/a, Maximus Federal Services, Inc. ("Maximus") is a foreign Virginia Corporation and is engaged in the business of collecting debts in this state and, and at all times relevant, was registered and doing business in this state as a "collector" as that term is defined by Md. Code Ann., Commercial Law Art. §14-201(b) because it uses instrumentalities of interstate commerce or the mails in a business, the principal purpose of which is the collection of debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

3.      Defendant, Financial Management Systems (FMS) is a foreign Illinois Corporation and is also engaged in the business of collecting debts in this state, and at all times relevant, was registered and doing business in this state as a "collector" as that term is defined by Md. Code Ann., Commercial Law Art. §14-201(b) because it uses instrumentalities of interstate commerce or the mails in a business, the principal purpose of which is the collection of debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

4.      Defendant, Continental Service Group, Inc. d/b/a ConServe is a foreign New York Corporation and is also engaged in the business of collecting debts in this state, and at all times relevant, was registered and doing business in this state as a "collector" as that term is defined by Md. Code Ann., Commercial Law Art. §14-201(b) because it uses instrumentalities of interstate commerce or the mails in a business, the principal purpose of which is the collection of debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## JURISDICTION

5.   This Court has jurisdiction over the matters alleged herein as the acts and omissions given rise to this Complaint occurred in Prince George's County, Maryland.

## FACTUAL ALLEGATIONS

6.   At all times relevant, Plaintiff was a borrower that previously had an obligation to repay a student loan to the U.S. Department of Education pursuant to a Federal Direct Consolidation Loan Promissory Note dated April 26, 2004 which was a "consumer transaction" as defined by Md. Code Ann., Commercial Law Art. §14-201(c), hereinafter the "federal Direct Loan".

7.   At all times further relevant, Plaintiff's federal Direct Loan was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012, hereinafter the "disputed debt". *See* **Exhibits** 1 and 2.

8.   On September 30, 2013, Defendant Maximus was awarded a contract to service certain student loans issued by the U.S. Department of Education, and since that time has begun servicing those student loans under the contract it was awarded.

9.   On or about July 20, 2015, Defendant Maximus sent Plaintiff a debt statement falsely claiming that Plaintiff was delinquent on his student loan and that Plaintiff owed the U.S. Department of Education $40,832.38. Defendant also threatened to collect that amount from the Plaintiff by Treasury offset against all payment streams.

10.   On July 27, 2015, Plaintiff advised Defendant Maximus that the debt was not owed in the amount claim and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Plaintiff also provided Defendant with proof that the debt had been paid and satisfied.

3

11.    Plaintiff requested that Defendant Maximus validate the debt and to cease reporting derogatory credit information to credit reporting agencies concerning the student loan debt and to cease and desist further collection efforts on the disputed debt. Plaintiff also instructed Defendant Maximus to update the credit bureau reports to which they had reported the disputed debt and to delete the trade line from each of those credit bureau reports immediately.

12.    Despite Plaintiff's written notification to Defendant Maximus that the student loan debt had been paid and satisfied in full, was disputed and was not owed in the amount claimed, Defendant Maximus continued to attempt to collect the debt and report the debt to third parties as being past due and in a collection status without any lawful basis for collecting or attempting to collect on the disputed debt.

13.    In disregard of Plaintiff's request for a debt validation, Defendant Maximus never sent Plaintiff a validation of the debt and instead transferred Plaintiff's debt to Defendant Financial Management Systems (FMS) for collection, and on or about September 1, 2015, Plaintiff received a dunning letter from Defendant FMS stating that Plaintiff's debt had been placed with Defendant FMS for collection and that Plaintiff owed the U.S. Department of Education $51,013.76.

14.    On September 14, 2015, Plaintiff advised Defendant FMS that the debt was not owed in the amount claimed and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Plaintiff also provided Defendant FMS with proof that the debt had been paid and fully satisfied.

4

15.     Plaintiff requested that Defendant FMS validate the debt and to cease reporting derogatory credit information to credit reporting agencies concerning the student loan debt and to cease and desist further collection efforts on the disputed debt. Plaintiff also instructed Defendant FMS to update the credit bureau reports to which they had reported the disputed debt and to delete the trade line from each of those credit bureau reports immediately.

16.     Despite Plaintiff's written notification to Defendant FMS that the student loan debt had been paid and satisfied in full, was disputed and was not owed in the amount claimed, Defendant FMS continued to attempt to collect the debt and report the debt to third parties as being past due and in a collection status without any lawful basis for collecting or attempting to collect on the disputed debt.

17.     In disregard of Plaintiff's request for a debt validation, Defendant FMS never sent Plaintiff a validation of the debt and instead transferred Plaintiff's debt to Defendant Continental Service Group (hereinafter, "ConServe") for collection, and on or about September 24, 2015, Plaintiff received a dunning letter from Defendant ConServe stating that Plaintiff's debt had been placed with Defendant ConServe for collection and falsely stating that Plaintiff owed the U.S. Department of Education $51, 129.88.

18.     On October 2, 2015, Plaintiff advised Defendant ConServe that the debt was not owed in the amount claimed and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Plaintiff also provided Defendant ConServe with proof that the debt had been paid and fully satisfied.

5

19.     Plaintiff requested that Defendant ConServe validate the debt and to cease reporting derogatory credit information to credit reporting agencies concerning the student loan debt and to cease and desist further collection efforts on the disputed debt. Plaintiff also instructed Defendant ConServe to update the credit bureau reports to which they had reported the disputed debt and to delete the trade line from each of those credit bureau reports immediately.

20.     Despite Plaintiff's written notification to Defendant ConServe that the student loan debt had been paid and satisfied in full, was disputed and was not owed in the amount claimed, Defendant ConServe never validated the debt and continued to attempt to collect the debt and report the debt to third parties as being past due and in a collection status without any lawful basis for collecting or attempting to collect on the disputed debt.

21.     Defendants continue to report derogatory information about the status of the debt to third parties and have continued to collect or attempt to collect on the debt with actual knowledge that the debt is paid and satisfied in full, that the debt is disputed and not owed in the amount claimed, and as a result, Plaintiff has sustained damages.

### COUNT I: AGAINST DEFENDANT MAXIMUS
#### (Defamation/Libel/Slander)

22.     Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

23.     Beginning on or about July 20, 2015, and continuing thereafter, Defendant Maximus made or caused to be made unprivileged publication of statements to third parties to the effect that Plaintiff was delinquent on his student loan with the U.S. Department of Education in the amount of $40,832.38.

6

24.     Defendant Maximus' statements were false and slanderous and were made with malice and in bad faith for the sole purpose of financially injuring and destroying the Plaintiff's good credit, and to cause irreparable damages to Plaintiff's credit rating and to impugn Plaintiff as being uncreditworthy.

25.     Defendant Maximus knew or should have known that their statements were false and willfully and deliberately continued to publish them or caused them to continue to be published with actual knowledge that they were false or with reckless disregard of whether they were false or not.

26.     As a result, Plaintiff has sustained damages including out of pocket expenses associated with disputing the false information after notice of its falsity was provided to the Defendant, emotional distress, mental anguish and personal humiliation caused by the fact that the Defendant reported and transmitted or caused to be reported and transmitted false information about Plaintiff to other people. Plaintiff's credit has been destroyed, his FICO score has been lowered, he has been denied credit and had existing credit cancelled or reduced as a result of the false and defamatory statements published by the Defendant.

## COUNT II: AGAINST DEFENDANT MAXIMUS
### (Libel)

27.     Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

28.     Beginning on or around July 20, 2015, and continuing thereafter, Defendant Maximus continued to publish untrue statements of fact.

29.     Defendant Maximus published these untrue statements of fact knowing full well that they were false and with reckless disregard of their truth.

7

30.     Defendant Maximus' publication was intentional, deliberate and was done with malice and in bad faith for the sole purpose of injuring Plaintiff.

31.     As a result of Defendant's intentional actions, Plaintiff has been injured including the significant permanent damage to his good credit.

### COUNT III: AGAINST DEFENDANT MAXIMUS
(Violation of Maryland Consumer Debt Collection Act)

32.     Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

33.     At all times relevant hereto, Defendant Maximus was collecting a debt originally owed to another and is a "collector" as that term is defined by the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law §14-201 *et seq.*

34.     At all times further relevant, Plaintiff was a borrower that previously had an obligation to repay a student loan to the U.S. Department of Education pursuant to a Federal Direct Consolidation Loan Promissory Note dated April 26, 2004. Plaintiff's federal Direct Loan was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012.

35.     On July 20, 2015, Defendant Maximus sent Plaintiff a debt statement falsely claiming that Plaintiff owed the U.S. Department of Education $40,832.38 and threatened to collect that amount by Treasury offset against all payment streams.

36.     On July 27, 2015, Plaintiff advised Defendant Maximus that the debt was not owed in the amount claimed and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Plaintiff also provided Defendant Maximus with proof that the debt had been paid and fully satisfied.

8

37.     Plaintiff requested that Defendant Maximus validate the debt and to cease reporting derogatory credit information to credit reporting agencies concerning the student loan debt and to cease and desist further collection efforts on the disputed debt. Plaintiff also instructed Defendant Maximus to update the credit bureau reports to which they had reported the disputed debt and to delete the trade line from each of those credit bureau reports immediately.

38.     Despite Plaintiff's written notification to Defendant Maximus that the student loan debt had been paid and satisfied in full, was disputed and was not owed in the amount claimed, Defendant Maximus continued to attempt to collect the debt and report the debt to third parties as being past due and in a collection status without any lawful basis for collecting or attempting to collect on the disputed student loan debt.

39.     Pursuant to §14-202(3) of the Maryland Commercial Law Code Annotated, "in collecting or attempting to collect an alleged debt a collector may not: (3) Disclose or threaten to disclose information which affects the debtor's reputation for credit worthiness with knowledge that the information is false."

40.     Despite having received Plaintiff's written demand for a debt validation and notice that Plaintiff disputed the debt, Defendant Maximus did not provide any such validation of the debt or respond to any of Plaintiff's many correspondence that he sent to the Defendant but continued to disclose information about the disputed debt which affected Plaintiff's reputation for credit worthiness with actual knowledge that the information that they were disclosing was false, in violation of §14-202(3) of the Md. Code Ann. Com. Law.

9

41.    Pursuant to §14-202(8) of the Maryland Commercial Law Code Annotated, a debt collector cannot "claim, attempt, or threaten to enforce a right with knowledge that the right does not exist."

42.    Defendant Maximus was on notice on July 27, 2015 that the debt was not owed in the amount claimed and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Defendant Maximus also had proof of such settlement payment but continued to claim, attempt, or threaten to enforce a right to collect the disputed debt with actual knowledge that the right did not exist, in violation of §14-202(8) of Md. Code Ann. Com. Law.

43.    Pursuant to §14-202 of the Maryland Commercial Law Code, Defendant Maximus is liable to Plaintiff for damages proximately caused by these violations, including damages for emotional distress or mental anguish suffered by Plaintiff with or without accompanying physical injury.

## COUNT IV: AGAINST DEFENDANT FMS
### (Defamation/Libel/Slander)

44.    Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

45.    Beginning on or about September 1, 2015, and continuing thereafter, Defendant FMS made or caused to be made unprivileged publication of statements to third parties to the effect that Plaintiff was delinquent on his student loan with the U.S. Department of Education in the amount of $51,013.76. Defendant FMS' statements were false and slanderous and were made with malice and in bad faith for the sole purpose of financially injuring and destroying the Plaintiff's good credit, and to cause damages to Plaintiff's credit rating and to impugn Plaintiff as being uncreditworthy.

10

46.     Defendant FMS knew or should have known that their statements were false and willfully and deliberately continued to publish them or caused them to continue to be published with actual knowledge that they were false or with reckless disregard of whether they were false or not.

47.     As a result, Plaintiff has sustained damages including out of pocket expenses associated with disputing the false information after notice of its falsity was provided to the Defendant, emotional distress, mental anguish and personal humiliation caused by the fact that the Defendant reported and transmitted or caused to be reported and transmitted false information about Plaintiff to other people. Plaintiff's credit has been destroyed, his FICO score has been lowered, he has been denied credit and had existing credit cancelled or reduced as a result of the false and defamatory statements published by the Defendant.

### COUNT V: AGAINST DEFENDANT FMS
#### (Libel)

48.     Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

49.     Beginning on or around September 1, 2015, and continuing thereafter, Defendant FMS continued to publish untrue statements of fact.

50.     Defendant FMS published these untrue statements of fact knowing that they were false and with reckless disregard of their truth.

51.     Defendant FMS' publication was intentional, deliberate and was done with malice and in bad faith for the sole purpose of injuring Plaintiff.

52.     As a result of Defendant's intentional actions, Plaintiff has been injured including the significant damage to his credit.

11

### COUNT VI: AGAINST DEFENDANT FMS
#### (Violation of Maryland Consumer Debt Collection Act)

53.  Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

54.  At all times relevant hereto, Defendant FMS was collecting a debt originally owed to another and is a "collector" as that term is defined by the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law §14-201 *et seq.*.

55.  At all times further relevant, Plaintiff was a borrower that previously had an obligation to repay a student loan to the U.S. Department of Education pursuant to a Federal Direct Consolidation Loan Promissory Note dated April 26, 2004. Plaintiff's federal Direct Loan was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012.

56.  On September 1, 2015, Defendant FMS sent Plaintiff a dunning letter falsely claiming that Plaintiff owed the U.S. Department of Education $51,013.76.

57.  On September 14, 2015, Plaintiff advised Defendant FMS that the debt was not owed in the amount claimed and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Plaintiff also provided Defendant FMS with proof that the debt had been paid and fully satisfied. Plaintiff requested that Defendant FMS validate the debt and to cease reporting derogatory credit information to credit reporting agencies concerning the student loan debt and to cease and desist further collection efforts on the disputed debt.

58.  Plaintiff also instructed Defendant FMS to update the credit bureau reports to which they had reported the disputed debt and to delete the trade line from each of those credit bureau reports immediately.

12

59.   Despite Plaintiff's written notification to Defendant FMS that the student loan debt had been paid and satisfied in full, was disputed and was not owed in the amount claimed, Defendant FMS continued to attempt to collect the debt and report the debt to third parties as being past due and in a collection status without any lawful basis for collecting or attempting to collect on the disputed debt.

60.   Pursuant to §14-202(3) of the Maryland Commercial Law Code Annotated, "in collecting or attempting to collect an alleged debt a collector may not: (3) Disclose or threaten to disclose information which affects the debtor's reputation for credit worthiness with knowledge that the information is false."

61.   Despite receiving Plaintiff's demand for a debt validation and notice that Plaintiff disputed the debt, Defendant FMS did not provide any such validation of the debt or respond to Plaintiff's correspondence that he sent to the Defendant but continued to disclose information about the disputed debt which affected Plaintiff's reputation for credit worthiness with actual knowledge that the information that they were disclosing was false, in violation of §14-202(3) of the Md. Code Ann. Com. Law.

62.   Pursuant to §14-202(8) of the Maryland Commercial Law Code Annotated, a debt collector cannot "claim, attempt, or threaten to enforce a right with knowledge that the right does not exist."

63.   Defendant FMS was on notice on September 1, 2015 that the debt was not owed in the amount claim and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Defendant FMS was also had proof of such settlement payment, but continued to claim,

13

attempt, or threaten to enforce a right to collect the disputed debt with actual knowledge that the right did not exist, in violation of §14-202(8) of the Md. Code Ann. Com. Law.

64.     Pursuant to §14-202 of the Maryland Commercial Law Code, Defendant FMS is liable to Plaintiff for damages proximately caused by the violations, including damages for emotional distress or mental anguish suffered by Plaintiff with or without accompanying physical injury.

## COUNT VII: AGAINST DEFENDANT CONSERVE
### (Defamation/Libel/Slander)

65.     Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

66.     Beginning on or about September 24, 2015, and continuing thereafter, Defendant ConServe made or caused to be made unprivileged publication of statements to third parties to the effect that Plaintiff was delinquent on his student loan with the U.S. Department of Education in the amount of $51,129.88. Defendant ConServe's statements were false and slanderous and were made with malice and in bad faith for the sole purpose of financially injuring and destroying the Plaintiff's good credit, and to cause damages to Plaintiff's credit rating and to impugn Plaintiff as being uncreditworthy.

67.     Defendant ConServe knew or should have known that their statements were false and willfully and deliberately continued to publish them or caused them to continue to be published with actual knowledge that they were false or with reckless disregard of whether they were false or not.

68.     As a result, Plaintiff has sustained damages including out of pocket expenses associated with disputing the false information after notice of its falsity was provided to the Defendant, emotional distress, mental anguish and personal humiliation

14

caused by the fact that the Defendant reported and transmitted or caused to be reported and transmitted false information about Plaintiff to other people. Plaintiff's credit has been destroyed, his FICO score has been lowered, he has been denied credit and had existing credit cancelled or reduced as a result of the false and defamatory statements published by the Defendant.

## COUNT VIII: AGAINST DEFENDANT CONSERVE
### (Libel)

69.     Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

70.     Beginning on or around September 24, 2015, and continuing thereafter, Defendant ConServe continued to publish untrue statements of fact.

71.     Defendant ConServe published these untrue statements of fact knowing that they were false and with reckless disregard of their truth.

72.     Defendant ConServe's publication was intentional, deliberate and was done with malice and in bad faith for the sole purpose of injuring Plaintiff.

73.     As a result of Defendant's intentional actions, Plaintiff has been injured including the significant damage to his credit.

## COUNT IX: AGAINST DEFENDANT CONSERVE
### (Violation of Maryland Consumer Debt Collection Act)

74.     Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

75.     At all times relevant hereto, Defendant ConServe was collecting a debt originally owed to another and is a "collector" as that term is defined by the Maryland Consumer Debt Collection Act, as defined at Md. Code Ann., Com. Law §14-201 *et seq.*

76.     At all times further relevant, Plaintiff was a borrower that previously had an obligation to repay a student loan to the U.S. Department of Education pursuant to a Federal Direct Consolidation Loan Promissory Note dated April 26, 2004. Plaintiff's federal Direct Loan was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on or about February 14, 2012.

77.     On September 24, 2015, Defendant ConServe sent Plaintiff a dunning letter falsely claiming that Plaintiff owed the U.S. Department of Education $51,129.88.

78.     On October 2, 2015, Plaintiff advised Defendant ConServe that the debt was not owed in the amount claimed and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Plaintiff also provided Defendant ConServe with proof that the debt had been paid and fully satisfied.

79.     Plaintiff requested that Defendant ConServe validate the debt and to cease reporting derogatory credit information to credit reporting agencies concerning the student loan debt and to cease and desist further collection efforts on the disputed debt. Plaintiff also instructed Defendant ConServe to update the credit bureau reports to which they had reported the disputed debt and to delete the trade line from each of those credit bureau reports immediately.

80.     Despite Plaintiff's written notification to Defendant ConServe that the student loan debt had been paid and satisfied in full, was disputed and was not owed in the amount claimed, Defendant ConServe continued to attempt to collect the debt and report the debt to third parties as being past due and in a collection status without any lawful basis for collecting or attempting to collect on the disputed student loan debt.

16

81.    Pursuant to §14-202(3) of the Maryland Commercial Law Code Annotated, "in collecting or attempting to collect an alleged debt a collector may not: (3) Disclose or threaten to disclose information which affects the debtor's reputation for credit worthiness with knowledge that the information is false."

82.    Despite having received Plaintiff's written demand for a debt validation and notice that Plaintiff disputed the debt, Defendant ConServe did not provide any such validation of the debt or respond to Plaintiff's correspondence but continued to disclose information about the disputed student loan debt which affected Plaintiff's reputation for credit worthiness with actual knowledge that the information that they were disclosing was false, in violation of §14-202(3) of the Md. Code Ann. Com. Law.

83.    Pursuant to §14-202(8) of the Maryland Commercial Law Code Annotated, a debt collector cannot "claim, attempt, or threaten to enforce a right with knowledge that the right does not exist."

84.    Defendant ConServe was on notice on October 2, 2015 that the debt was not owed in the amount claimed and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Defendant FMS was also provided proof of such settlement payment, but continued to claim, attempt, or threaten to enforce a right to collect the disputed debt with knowledge that the right did not exist, in violation of §14-202(8) of the Md. Code Ann. Com. Law.

85.    Pursuant to §14-202 of the Maryland Commercial Law Code, Defendant FMS is liable to Plaintiff for damages proximately caused by these violations, including damages for emotional distress or mental anguish suffered by Plaintiff with or without accompanying physical injury.

17

## COUNT X: AGAINST ALL DEFENDANTS
### (Violation of Maryland Consumer Credit Reporting Agencies Act)

86.    Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

87.    At all times relevant, Defendants qualified as a "furnisher" under the CCRAA because they are entities that furnish information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report.

88.    Defendants have continuously reported and furnished or caused to be reported and furnished inaccurate and false information relating to Plaintiff's disputed debt to third parties, (hereafter the "inaccurate information").

89.    The inaccurate information complained of concerns the payment history, the amount claimed as owed on Plaintiff's disputed debt and the fact of delinquency.

90.    The reporting and furnishing of inaccurate information harms Plaintiff and his credit repayment history, his financial responsibilities as a debtor and his credit worthiness. The inaccurate information has been and continues to be disseminated to credit bureaus and credit grantors, both known and unknown.

91.    Plaintiff has disputed the inaccurate information in writing directly with the Defendants as required under the CCRAA, and enclosed documents on multiple occasions that either proved to the Defendants that their information was inaccurate or provided them with evidence that was supportive of Plaintiff's contentions.

92.    Notwithstanding the efforts of Plaintiff, Defendants have failed to investigate the dispute, and continue to publish, report, furnish and disseminate or cause to be published, reported, furnished or disseminated such inaccurate information to third parties, persons, entities, and credit grantors with actual knowledge of its inaccuracy.

18

93.     Despite Plaintiff's best efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly, negligently and in bad faith failed to perform any reasonable investigation of the above disputes as required by the CCRAA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report and furnish or cause to be reported and furnished the inaccurate information about the Plaintiff that they know or reasonably should have known to be inaccurate.

94.     As a result, Plaintiff has sustained consequential, economic and pecuniary damages.

## COUNT XI: AGAINST ALL DEFENDANTS
### (Intentional Infliction of Emotional Distress)

95.     Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

96.     Defendants deliberately and intentionally violated the Maryland Consumer Debt Collection Practice Act when they had actual notice that they did not possess the right to collect the amount claimed as owed on the disputed debt since the debt had been paid and satisfied through a compromise accepted by the U.S. Department of Education on February 14, 2012, and was therefore not a legal enforceable debt.

97.     Despite having received such written notice from Plaintiff on multiple occasions indicating that the debt had been paid and satisfied by a compromise accepted by the U.S. Department of Education on February 14, 2012, and having received proof of such settlement payment, Defendants continued to attempt to collect the debt knowing full well that they lacked the right to do so and continued to claim, attempt, or threaten to enforce a right to collect the disputed debt with knowledge that the right did not exist.

19

98.     This unlawful conduct was perpetrated by the agents, servants and employees of the Defendants within the scope of their employment. Defendants are liable for all of the acts committed by its agents within the scope of their employment.

99.     Defendants deliberately and intentionally made false representations of material fact to third parties and caused Plaintiff to sustain an adverse credit rating, a lower FICO score and the denial of credit and reduction in existing credit.

100.    This conduct was perpetrated by the agents, servants and employees of the Defendants within the scope of their employment. Defendants are liable for all of the acts committed by their agents within the scope of their employment.

101.    All of the Defendants' conduct as described in the preceding paragraphs was extreme and outrageous and was done intentionally, recklessly, in bad faith and in deliberate disregard of a high degree of probability that emotional distress would result to the Plaintiff. Defendants knew that their conduct would or could cause emotional distress upon the Plaintiff.

102.    Defendants' conduct was malicious, willful, deliberate and intentional and was done for the sole purpose of inflicting severe emotional distress upon the Plaintiff.

103.    As a result, Plaintiff suffered loss of sleep, headaches, severe mental pain, and depression and will continue to suffer, severe and extreme emotional distress.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that this Court will:

a)      Enjoin Defendants, its agents, employees, successors and all persons in active concert or participation with it, from pursuing any further claims and collection activity against the Plaintiff arising from the disputed debt;

20

b)      Enjoin Defendants, its agents, employees, successors and all persons in active concert or participation with it, from reporting the disputed debt as delinquent, defaulted and/or in a collection status;

c)      Enter judgment in his favor and against the Defendants in an amount of $30,000, as and for compensatory damages plus;

d)      An award of general damages for the defendants' wrongful acts;

e)      An award of special damages for the defendants' wrongful acts;

f)      An award of costs and reasonable attorney fees incurred in this action;

g)      An award of punitive damages in an amount to be determined at trial for the defendants' reprehensible and outrageous conduct;

h)      An award of punitive damages in an amount to be determined at trial to deter the defendants' future reprehensible and outrageous conduct; and

i)      For such further and other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Joseph Johnson, Jr., demands a trial by jury on each and every issue triable by jury.

Respectfully submitted,

October 23, 2015

Joseph Johnson, Jr.
Post Office Box 441572
Fort Washington, MD   20749
240-605-9921

21

Case 8:16-cv-00014-PWG   Document 1-1   Filed 01/04/16   Page 26 of 26



CERTIFIED MAIL

U.S. POSTAGE
TEMPLE HILLS,MD
NOV 14, 15
AMOUNT
$8.11
00160239-27

1000        21202

7013 2630 0000 3256 8686

District Court of Maryland
Civil Clerk's Office
14735 Main Street
Upper Marlboro, MD  20772

RETURN RECEIPT
REQUESTED

Maximus Inc.
d/b/a Maximus Federal
CSC-Lawyers Inc.
7 Saint Paul Street, Suite 820
Baltimore, MD  21202

# EXHIBIT B





JOSEPH JOHNSON, JR.     *   IN THE DISTRICT COURT

     Plaintiff                *    OF MARYLAND FOR

v.                         PRINCE GEORGE'S COUNTY

MAXIMUS, INC, *et al.*       Case No.: 0502-0026633-2015

     Defendant            Trial Date: January 15, 2016 at 8:45 a.m.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### DEFENDANT FINANCIAL MANAGEMENT SYSTEMS'
### NOTICE OF INTENTION TO DEFEND

Defendant Financial Management Systems ("FMS" or "Defendant"), by its attorneys,

Jonathan E. Claiborne, Patrick D. McKevitt, and Whiteford, Taylor & Preston L.L.P., hereby gives

Notice of its Intention to Defend, and states:

     1.     The Plaintiff has made a jury demand, and therefore the District Court does not

have jurisdiction over this action.

     2.     The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

     3.     The Defendant did not commit the wrongs alleged and/or is not legally

responsible for the wrongs alleged.

     4.     The Defendant demands strict proof of each and every allegation contained in the

Plaintiffs' Complaint.

     5.     Defendant reserves the right to raise any defense available in law and/or in fact.

Jonathan E. Claiborne
Patrick D. McKevitt
WHITEFORD, TAYLOR & PRESTON, LLP
Seven St. Paul Street, Suite 1300
Baltimore, Maryland 21202-1626
(410) 347-8700
jclaiborne@wtplaw.com
pmckevitt@wtplaw.com
*Attorneys for Defendant,*
*Financial Management Systems*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of November, 2016, a copy of the foregoing

*Defendant Financial Management Systems' Notice of Intention to Defend* was mailed, postage

prepaid, to:

Joseph Johnson, Jr.
P.O. Box 441572
Fort Washington, MD 20749-1572
*Pro Se Plaintiff*

**Maximus, Inc.,**
c/o CSC-Lawyers Incorporating, Resident Agent
7 Saint Paul Street, Suite 820
Baltimore, MD 21202

**Continental Service Group, Inc.**
c/o CSC-Lawyers Incorporating, Resident Agent
7 Saint Paul Street, Suite 820
Baltimore, MD 21202

Patrick D. McKevitt

# EXHIBIT C



DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S CO        0502
COURTHOUSE, BOURNE WING  (V)
UPPER MARLBORO, MD 20772-3042
TELEPHONE NUMBER: (301) 298-4000



Civil Case No.: 0502 - 0026633 - 2015       Complaint No.: 001

To:   MAXIMUMS INC, DBA MAXIMUS FEDERAL
      SERVE: CSC- LAWYERS INCORP
      7 SAINT PAUL STREET, STE 820
      BALTIMORE, MD 21202

Regarding:   JOHNSON JR, JOSEPH
                      VS.
             FINANCIAL MANAGEMENT SYSTEMS (FMS)

Date:   November 24, 2015

On November 23, 2015 this Court received the above named defendant's
Notice of Intention to Defend.  This case has been contested.
All parties should be prepared for trial.  Please provide the Court
with the estimated amount of time needed for trial/hearing.

Defendant:              FINANCIAL MANAGEMENT SYSTEMS (
                        SERVE: THE CORP TRUST INC, RSA
                        351 WEST CAMDEN STREET
                        BALTIMORE, MD  21201

Attorney for Defendant:  CLAIBORNE, JONATHAN E ESQ
                         WHITEFORD TAYLOR PRESTON
                         7 ST. PAUL ST, STE. 1500
                         BALTIMORE, MD  21202

Defendant's Response:   DEMANDS STRICT PROOF

Visit our website for directions and information about procedures: www.mdcourts.gov/district

Possession and use of cell phones and other electronic devices may be limited or prohibited in designated areas of the court facility.

To request a foreign language interpreter or a reasonable accommodation under
the Americans with Disabilities Act, please contact the court immediately.

TTY users call Maryland RELAY: 711

007627A          1100022300                          NOTICE OF INTENTION TO DEFEND - B1

# EXHIBIT D



DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S CO        0502
COURTHOUSE, BOURNE WING  (V)
UPPER MARLBORO, MD 20772-3042
TELEPHONE NUMBER:  (301) 298-4000

Civil Case No.: 0502 - 0026633 - 2015     Complaint No.: 001

**To:**   MAXIMUMS INC, DBA MAXIMUS FEDERAL
SERVE: CSC- LAWYERS INCORP
7 SAINT PAUL STREET, STE 820
BALTIMORE, MD 21202

**Regarding:**   JOHNSON JR, JOSEPH
VS.
MAXIMUMS INC, DBA MAXIMUS FEDERAL SERV.

**Date:**   November 24, 2015

The court proceeding for the case named above originally set for  January 15, 2016
has been cancelled.

**Type of Proceeding:**     MERIT TRIAL

Visit our website for directions and information about procedures: www.mdcourts.gov/district

Possession and use of cell phones and other electronic devices may be limited or prohibited in designated areas of the court facility.

To request a foreign language interpreter or a reasonable accommodation under
the Americans with Disabilities Act, please contact the court immediately.

TTY users call Maryland RELAY: 711

007628A          1100022310                    COURT DOCKET UPDATE (NOTICE OF CANCELLED TRIAL/HEARING) - C3



# EXHIBIT E

Circuit Court for Prince George's County
Clerk of the Circuit Court
Courthouse
Upper Marlboro, MD 20772-9987
MD Relay Service Voice/TDD
1-800-735-2258

Joseph Johnson

Vs                                         Case ID: CAL15-36931

Maximums Inc

### Notice

You are hereby notified that upon a demand for a jury trial, this case was transferred to this court and entered on 30-NOV-2015.

### Notice to defendant

If you are a "defendant," "counter-defendant," "cross-defendant," or "third party defendant" in this action and you wish to contest the case against you, you must file in this court an answer or other response to the complaint, counterclaim, cross claim, or third party claim within 30 days after date of this notice, regardless of whether you filed a notice of intention to defend or other response in the district court.

Date mailed 12/2/15

Sydney J. Harrison
Clerk of the Circuit Court

Notice mailed to:

Jonathan E. Claiborne
Whiteford, Taylor, & Preston, LLP
Seven St. Paul Street
Towson MD 21202-1636

Joseph Johnson, Jr.
Post Office Box 441572
Fort Washington MD 20749

# EXHIBIT F

IN THE DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY

JOSEPH JOHNSON, JR.

    Plaintiff,

v.                                                              Case No.: 050200266332015

MAXIMUS, INC., *et al.*

    Defendant.

## NOTICE OF INTENTION TO DEFEND

Pursuant to Maryland Rule 3-307, MAXIMUS, Inc., by and through its undersigned

counsel, hereby give notice of its intention to defend. MAXIMUS also states that it denies any

liability to Plaintiff, and denies Plaintiff is entitled to any relief against it.

Respectfully submitted,

By:

Gregory D. Grant, Esq.
Meredith L. Schramm-Strosser, Esq.
SHULMAN, ROGERS, GANDAL,
PORDY & ECKER, P. A.
12505 Park Potomac Avenue
6th Floor
Potomac, Maryland 20854
Telephone:     (301) 230-5200
Facsimile:      (301) 230-2891
ggrant@shulmanrogers.com
mschrammstrosser@shulmanrogers.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 1, 2015, a copy of the foregoing Notice of Intention to Defend was served via first-class mail, postage prepaid to:

Joe Johnson
P.O. Box 441572
Fort Washington, MD 20749-1572

Jonathan E. Claiborne
Patrick D. McKevitt
Whiteford, Taylor & Preston, LLP
7 St. Paul Street, Suite 1300
Baltimore, Maryland 21202
*Counsel for Defendant*
*Financial Management Systems*

Continental Service Group, Inc.
d/b/a Conserve
Serve: CSC-Lawyers Inc.
SVC Co.
Resident Agent
7 St. Paul Street
Suite 820
Baltimore, Maryland 21202

Gregory D. Grant

2

# EXHIBIT G

## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | |
|---|---|
| **JOSEPH JOHNSON, JR.** | § |
| | § |
| Plaintiff, | § |
| | § |
| Vs. | § CIVIL NO. **CAL15-36931** |
| | § |
| **MAXIMUS INC., d/b/a,** | § |
| **MAXIMUS FEDERAL SERVICES, INC.,** *et al,* | § |
| | § |
| Defendants. | § |

### FIRST AMENDED COMPLAINT AND JURY DEMAND

COMES NOW, the Plaintiff, Joseph Johnson, Jr., and files this First Amended Complaint, and represents to the Court that:

### JURISDICTION

1.     This Court has jurisdiction over the matters alleged herein as the acts and omissions given rise to this Complaint occurred in Prince George's County, Maryland.

### PARTIES

2.     Plaintiff is a resident in Fort Washington, Maryland, and is a "person" as that term is defined by Md. Code Ann., Commercial Law Art. §14-201(d).

3.     Defendant, Maximus, Inc., d/b/a, Maximus Federal Services, Inc. ("Maximus") is a foreign Virginia Corporation and is engaged in the business of collecting debts in this state, and at all times relevant, was registered and doing business in this state as a "collector" as that term is defined by Md. Code Ann., Commercial Law Art. §14-201(b) because it uses instrumentalities of interstate commerce or the mails in a business, the principal purpose of which is the collection of debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

4. Defendant, Financial Management Systems (FMS) is a foreign Illinois Corporation and is also engaged in the business of collecting debts in this state, and at all times relevant, was registered and doing business in this state as a "collector" as that term is defined by Md. Code Ann., Commercial Law Art. §14-201(b) because it uses instrumentalities of interstate commerce or the mails in a business, the principal purpose of which is the collection of debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

5. Defendant, Continental Service Group, Inc. d/b/a ConServe is a foreign New York Corporation and is also engaged in the business of collecting debts in this state, and at all times relevant, was registered and doing business in this state as a "collector" as that term is defined by Md. Code Ann., Commercial Law Art. §14-201(b) because it uses instrumentalities of interstate commerce or the mails in a business, the principal purpose of which is the collection of debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

6. At all times relevant, Plaintiff was a borrower that previously had an obligation to repay a student loan to the U.S. Department of Education pursuant to a Federal Direct Consolidation Loan Promissory Note dated April 26, 2004 which was a "consumer transaction" as defined by Md. Code Ann., Commercial Law Art. §14-201(c), hereinafter the "federal Direct Loan".

7. At all times further relevant, Plaintiff's federal Direct Loan was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012, hereinafter the "disputed debt".

2

8.      On September 30, 2013, Defendant Maximus was awarded a contract to service certain student loans issued by the U.S. Department of Education, and since that time has begun servicing those student loans under the contract it was awarded.

9.      On or around July 20, 2015, Defendant Maximus sent Plaintiff a debt statement falsely claiming that Plaintiff was delinquent on his student loan and that Plaintiff owed the U.S. Department of Education $40,832.38. Defendant also threatened to collect that amount from the Plaintiff by Treasury offset against all payment streams.

10.      On July 27, 2015, Plaintiff advised Defendant Maximus that the debt was not owed in the amount claimed and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Plaintiff provided Defendant with proof that the debt had been paid and fully satisfied.

11.      Plaintiff requested that Defendant Maximus validate the debt and cease reporting derogatory credit information to credit reporting agencies concerning the student loan debt. Plaintiff also requested that the Defendant cease and desist further collection efforts on the disputed debt and instructed the Defendant to update the credit bureau reports to which they had reported the disputed debt and to delete the trade line from each of those credit bureau reports immediately.

12.      Despite Plaintiff's written notification to Defendant Maximus that the debt had been paid and satisfied in full, was disputed and was not owed in the amount claimed, Defendant Maximus continued to attempt to collect and report the debt to third parties as being past due and in a collection status in an amount not owed by the Plaintiff without any lawful basis for collecting or attempting to collect on the disputed debt.

3

13.     In disregard of Plaintiff's request for a debt validation, Defendant Maximus never sent Plaintiff a validation of the debt and instead transferred the Plaintiff's debt to Defendant Financial Management Systems (FMS) for collection, and on or about September 1, 2015, Plaintiff received a dunning letter from Defendant FMS stating that Plaintiff's debt had been placed with Defendant FMS for collection and falsely stating that Plaintiff owed the U.S. Department of Education $51,013.76.

14.     On September 14, 2015, Plaintiff advised Defendant FMS that the debt was not owed in the amount claimed and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Plaintiff provided Defendant with proof that the debt had been paid and fully satisfied.

15.     Plaintiff requested that Defendant FMS validate the debt and cease reporting derogatory credit information to credit reporting agencies concerning the student loan debt. Plaintiff also requested that the Defendant cease and desist further collection efforts on the disputed debt and instructed the Defendant to update the credit bureau reports to which they had reported the disputed debt and to delete the trade line from each of those credit bureau reports immediately.

16.     Despite Plaintiff's written notification to Defendant FMS that the debt had been paid and satisfied in full, was disputed and was not owed in the amount claimed, Defendant FMS continued to attempt to collect and report the debt to third parties as being past due and in a collection status in an amount not owed by the Plaintiff without any lawful basis for collecting or attempting to collect on the disputed debt.

4

17.     In disregard of Plaintiff's request for a debt validation, Defendant FMS never sent Plaintiff a validation of the debt and instead transferred Plaintiff's debt to Defendant Continental Service Group ("ConServe") for collection, and on or about September 24, 2015, Plaintiff received a dunning letter from Defendant ConServe stating that Plaintiff's debt had been placed with Defendant ConServe for collection and falsely stating that Plaintiff owed the U.S. Department of Education $51,129.88.

18.     On October 2, 2015, Plaintiff advised Defendant ConServe that the debt was not owed in the amount claimed and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Plaintiff provided Defendant with proof that the debt had been paid and fully satisfied.

19.     Plaintiff requested that Defendant ConServe validate the debt and cease reporting derogatory credit information to credit reporting agencies concerning the debt. Plaintiff also requested that the Defendant cease and desist further collection efforts on the disputed debt and instructed the Defendant to update the credit bureau reports to which they had reported the disputed debt and to delete the trade line from each of those credit bureau reports immediately.

20.     Despite Plaintiff's written notification to Defendant ConServe that the debt had been paid and satisfied in full, was disputed and was not owed in the amount claimed, Defendant ConServe never validated the debt and continued to attempt to collect and report the debt to third parties as being past due and in a collection status in an amount not owed by the Plaintiff without any lawful basis for collecting or attempting to collect on the disputed debt.

21.    Defendants, and each of them, have continued to report derogatory information about the status of the disputed debt to third parties, have failed to report the debt as disputed and have continued to collect or attempt to collect on the debt with actual knowledge that the debt was paid and satisfied in full and was not owed in the amount claimed. As a result, Plaintiff has sustained and continues to sustain damages.

## COUNT I: AGAINST DEFENDANT MAXIMUS
### (Defamation/Libel/Slander)

22.    Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

23.    Beginning on or about July 20, 2015, and continuing thereafter, Defendant Maximus made or caused to be made unprivileged publication of statements to third parties to the effect that Plaintiff was delinquent for more than 790 months on his student loan with the U.S. Department of Education in the amount of $40,832.38.

24.    Defendant Maximus' statements were false and slanderous and were made with malice and with the willful intent to financially injure and destroy the Plaintiff's good credit, and to cause irreparable damages to the Plaintiff's credit rating and to impugn Plaintiff as being uncreditworthy. Defendant Maximus knew or should have known that their statements were false and willfully and deliberately continued to publish them or caused them to continue to be published with actual knowledge that they were false or with reckless disregard of whether they were false or not.

25.    As a result, Plaintiff has sustained damages including out of pocket expenses associated with disputing the false information after notice of its falsity was provided to the Defendant, emotional distress, mental anguish and personal humiliation caused by the fact that the Defendant continue to report and transmit or caused to

6

continue to be reported and transmitted false information about Plaintiff to other people. Plaintiff's credit has been destroyed, his FICO score has been lowered, he has been denied credit and had existing credit either cancelled or reduced as a direct result of the false and defamatory statements published by the Defendant.

## COUNT II: AGAINST DEFENDANT MAXIMUS
### (Libel)

26.   Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

27.   Beginning on or around July 20, 2015, and continuing thereafter, Defendant Maximus has published untrue statements of fact about the Plaintiff.

28.   Defendant Maximus continues to publish these untrue statements of fact knowing full well that they are false and with reckless disregard of their truth.

29.   Defendant Maximus' publication is intentional, deliberate and is done with malice and with the willful intent to continue to injure Plaintiff.

30.   As a result of Defendant's intentional actions, Plaintiff has been injured including the significant permanent damage to his good credit.

## COUNT III: AGAINST DEFENDANT MAXIMUS
### (Violation of Maryland Consumer Debt Collection Act)

31.   Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

32.   At all times relevant hereto, Defendant Maximus was collecting a debt originally owed to another and is a "collector" as that term is defined by the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law §14-201 *et seq.*

33.   At all times further relevant, Plaintiff was a borrower that previously had an obligation to repay a student loan to the U.S. Department of Education pursuant to a Federal Direct Consolidation Loan Promissory Note dated April 26, 2004.

34.   Plaintiff's federal Direct Loan was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012.

35.   On July 20, 2015, Defendant Maximus sent Plaintiff a debt statement falsely claiming that Plaintiff owed the U.S. Department of Education $40,832.38 and threatened to collect that amount by Treasury offset against all payment streams.

36.   On July 27, 2015, Plaintiff advised Defendant Maximus that the debt was not owed in the amount claimed and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Plaintiff also provided the Defendant with proof that the debt had been paid and fully satisfied. Plaintiff requested that the Defendant validate the debt and cease reporting derogatory credit information to credit reporting agencies concerning the debt and cease and desist further collection efforts on the disputed debt. Plaintiff also instructed the Defendant to update the credit bureau reports to which they had reported the disputed debt and to delete the trade line from each of those credit bureau reports immediately.

37.   Despite Plaintiff's written notification to Defendant Maximus that the debt had been paid and satisfied in full, was disputed and was not owed in the amount claimed, Defendant Maximus continued to attempt to collect and report the debt to third parties as being past due in an amount not owed and in a collection status without any lawful basis for collecting or attempting to collect on the disputed debt.

8

38.     Pursuant to §14-202(3) of the Maryland Commercial Law Code Annotated, "in collecting or attempting to collect an alleged debt a collector may not: (3) Disclose or threaten to disclose information which affects the debtor's reputation for credit worthiness with knowledge that the information is false."

39.     Despite receiving the Plaintiff's written demand for a debt validation and notice that Plaintiff disputed the debt, Defendant Maximus did not provide any such validation of the debt or respond to any of the Plaintiff's many correspondence that he sent to the Defendant but has continued to disclose false information about the disputed debt which has affected the Plaintiff's reputation for credit worthiness with actual knowledge that the information that they are disclosing is inaccurate and false, in violation of §14-202(3) of the Md. Code Ann. Com. Law.

40.     Pursuant to §14-202(8) of the Maryland Commercial Law Code Annotated, a debt collector cannot "claim, attempt, or threaten to enforce a right with knowledge that the right does not exist."

41.     Defendant Maximus was on notice on July 27, 2015 that the debt was not owed in the amount claimed and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Defendant Maximus also had proof of such settlement payment but continues to claim, attempt, or threaten to enforce a right to collect the disputed debt with actual knowledge that the right does not exist, in violation of §14-202(8) of the Md. Code Ann. Com. Law.

42.     Pursuant to §14-202 of the Maryland Commercial Law Code, Defendant Maximus is liable to Plaintiff for damages proximately caused by these violations,

including damages for emotional distress or mental anguish suffered by Plaintiff with or without accompanying physical injury.

### COUNT IV: AGAINST DEFENDANT FMS
### (Defamation/Libel/Slander)

43.     Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

44.     Beginning on or about September 1, 2015, and continuing thereafter, Defendant FMS made or caused to be made unprivileged publication of statements to third parties to the effect that Plaintiff was delinquent for more than 790 months on his student loan with the U.S. Department of Education in the amount of $51,013.76.

45.     Defendant FMS' statements were false and slanderous and were made with malice and with the willful intent to financially injure and destroy the Plaintiff's good credit, and to cause irreparable damages to the Plaintiff's credit rating and to impugn Plaintiff as being uncreditworthy. Defendant FMS knew or should have known that their statements were false and willfully and deliberately continued to publish them or caused them to continue to be published with actual knowledge that they were false or with reckless disregard of whether they were false or not.

46.     As a result, Plaintiff has sustained damages including out of pocket expenses associated with disputing the false information after notice of its falsity was provided to the Defendant, emotional distress, mental anguish and personal humiliation caused by the fact that the Defendant continues to report and transmit or caused to continue to be reported and transmitted false information about Plaintiff to other people. Plaintiff's credit has been destroyed, his FICO score has been lowered, he has been

10

denied credit and had existing credit either cancelled or reduced as a result of the false and defamatory statements published by the Defendant.

## COUNT V: AGAINST DEFENDANT FMS
### (Libel)

47.    Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

48.    Beginning on or around September 1, 2015, and continuing thereafter, Defendant FMS has published untrue statements of fact about the Plaintiff.

49.    Defendant FMS continues to publish these untrue statements of fact knowing that they are false and with reckless disregard of their truth.

50.    Defendant FMS' publication is intentional, deliberate and is done with malice and with the willful intent to continue to injure Plaintiff.

51.    As a result of Defendant's intentional actions, Plaintiff has been injured including the significant damage to his credit.

## COUNT VI: AGAINST DEFENDANT FMS
### (Violation of Maryland Consumer Debt Collection Act)

52.    Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

53.    At all times relevant hereto, Defendant FMS was collecting a debt originally owed to another and is a "collector" as that term is defined by the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law §14-201 *et seq.*

54.    At all times further relevant, Plaintiff was a borrower that previously had an obligation to repay a student loan to the U.S. Department of Education pursuant to a Federal Direct Consolidation Loan Promissory Note dated April 26, 2004.

11

55.    Plaintiff's federal Direct Loan was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012.

56.    On September 1, 2015, Defendant FMS sent Plaintiff a dunning letter falsely claiming that Plaintiff owed the U.S. Department of Education $51,013.76.

57.    On September 14, 2015, Plaintiff advised Defendant FMS that the debt was not owed in the amount claimed and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Plaintiff also provided the Defendant with proof that the debt had been paid and fully satisfied. Plaintiff requested that the Defendant validate the debt and cease reporting derogatory credit information to credit reporting agencies concerning debt and cease and desist further collection efforts on the disputed debt. Plaintiff also instructed the Defendant to update the credit bureau reports to which they had reported the disputed debt and to delete the trade line from each of those credit bureau reports immediately.

58.    Despite Plaintiff's written notification to Defendant FMS that the debt had been paid and satisfied in full, was disputed and was not owed in the amount claimed, Defendant FMS has continued to attempt to collect and report the debt to third parties as being past due in an amount not owed and in a collection status without any lawful basis for collecting or attempting to collect on the disputed debt. Defendant FMS also continued to communicate with Plaintiff despite receiving his cease and desist letter.

59.    Pursuant to §14-202(3) of the Maryland Commercial Law Code Annotated, "in collecting or attempting to collect an alleged debt a collector may not: (3) Disclose or threaten to disclose information which affects the debtor's reputation for credit worthiness with knowledge that the information is false."

12

60.      Despite receiving Plaintiff's demand for a debt validation and notice that Plaintiff disputed the debt, Defendant FMS did not provide any such validation of the debt or respond to Plaintiff's correspondence that he sent to the Defendant but has continued to disclose false information about the disputed debt which has affected Plaintiff's reputation for credit worthiness with actual knowledge that the information that they are disclosing is inaccurate and false, in violation of §14-202(3) of the Md. Code Ann. Com. Law.

61.      Pursuant to §14-202(8) of the Maryland Commercial Law Code Annotated, a debt collector cannot "claim, attempt, or threaten to enforce a right with knowledge that the right does not exist."

62.      Defendant FMS was on notice on September 1, 2015 that the debt was not owed in the amount claim and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Defendant FMS also had proof of such settlement payment, but continues to claim, attempt, or threaten to enforce a right to collect the disputed debt with actual knowledge that the right does not exist, in violation of §14-202(8) of the Md. Code Ann. Com. Law.

63.      Pursuant to §14-202 of the Maryland Commercial Law Code, Defendant FMS is liable to Plaintiff for damages proximately caused by the violations, including damages for emotional distress or mental anguish suffered by Plaintiff with or without accompanying physical injury.

## COUNT VII: AGAINST DEFENDANT CONSERVE
### (Defamation/Libel/Slander)

64.      Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

13

65.     Beginning on or about September 24, 2015, and continuing thereafter, Defendant ConServe made or caused to be made unprivileged publication of statements to third parties to the effect that Plaintiff was delinquent for more than 730 months on his student loan with the U.S. Department of Education in the amount of $51,129.88.

66.     Defendant ConServe's statements were false and slanderous and were made with malice and with the willful intent to financially injure and destroy the Plaintiff's good credit, and to cause irreparable damages to the Plaintiff's credit rating and to impugn Plaintiff as being uncreditworthy. Defendant ConServe knew or should have known that their statements were false and willfully and deliberately continued to publish them or caused them to continue to be published with actual knowledge that they were false or with reckless disregard of whether they were false or not.

67.     As a result, Plaintiff has sustained damages including out of pocket expenses associated with disputing the false information after notice of its falsity was provided to the Defendant, emotional distress, mental anguish and personal humiliation caused by the fact that the Defendant continues to report and transmit or caused to continue to be reported and transmitted false information about Plaintiff to other people. Plaintiff's credit has been destroyed, his FICO score has been lowered, he has been denied credit and had existing credit either cancelled or reduced as a result of the false and defamatory statements published by the Defendant.

## COUNT VIII: AGAINST DEFENDANT CONSERVE
### (Libel)

68.     Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

14

69.     Beginning on or around September 24, 2015, and continuing thereafter, Defendant ConServe has continued to publish untrue statements of fact.

70.     Defendant ConServe continues to publish these untrue statements of fact knowing that they are false and with reckless disregard of their truth.

71.     Defendant ConServe's publication is intentional, deliberate and is done with malice and with the willful intent to injure Plaintiff.

72.     As a result of Defendant's intentional actions, Plaintiff has been injured including the significant damage to his credit.

## COUNT IX: AGAINST DEFENDANT CONSERVE
### (Violation of Maryland Consumer Debt Collection Act)

73.     Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

74.     At all times relevant hereto, Defendant ConServe was collecting a debt originally owed to another and is a "collector" as that term is defined by the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law §14-201 *et seq.*

75.     At all times further relevant, Plaintiff was a borrower that previously had an obligation to repay a student loan to the U.S. Department of Education pursuant to a Federal Direct Consolidation Loan Promissory Note dated April 26, 2004.

76.     Plaintiff's federal Direct Loan was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012.

77.     On September 24, 2015, Defendant ConServe sent Plaintiff a dunning letter falsely claiming that Plaintiff owed the U.S. Department of Education $51,129.88.

78.     On October 2, 2015, Plaintiff advised Defendant ConServe that the debt was not owed in the amount claimed and that the debt was paid and satisfied in full by a

15

compromise accepted by the U.S. Department of Education on February 14, 2012. Plaintiff provided Defendant with proof that the debt had been paid and fully satisfied.

79.     Plaintiff requested that Defendant ConServe validate the debt and to cease reporting derogatory credit information to credit reporting agencies concerning the student loan debt and to cease and desist further collection efforts on the disputed debt. Plaintiff also instructed Defendant ConServe to update the credit bureau reports to which they had reported the disputed debt and to delete the trade line from each of those credit bureau reports immediately.

80.     Despite Plaintiff's written notification to Defendant ConServe that the student loan debt had been paid and satisfied in full, was disputed and was not owed in the amount claimed, Defendant ConServe has continued to attempt to collect the debt and report the debt to third parties as being past due in an amount not owed and in a collection status without any lawful basis for collecting or attempting to collect on the disputed student loan debt.

81.     Pursuant to §14-202(3) of the Maryland Commercial Law Code Annotated, "in collecting or attempting to collect an alleged debt a collector may not: (3) Disclose or threaten to disclose information which affects the debtor's reputation for credit worthiness with knowledge that the information is false."

82.     Despite receiving Plaintiff's written demand for a debt validation and notice that Plaintiff disputed the debt, Defendant ConServe did not provide any such validation of the debt or respond to Plaintiff's correspondence but continues to disclose false information about the disputed debt which has affected Plaintiff's reputation for

credit worthiness with actual knowledge that the information that they are disclosing is inaccurate and false, in violation of §14-202(3) of the Md. Code Ann. Com. Law.

83.     Pursuant to §14-202(8) of the Maryland Commercial Law Code Annotated, a debt collector cannot "claim, attempt, or threaten to enforce a right with knowledge that the right does not exist."

84.     Defendant ConServe was on notice on October 2, 2015 that the debt was not owed in the amount claimed and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Defendant ConServe was provided proof of such settlement payment, but continues to claim, attempt, or threaten to enforce a right to collect the disputed debt with knowledge that the right does not exist, in violation of §14-202(8) of the Md. Code Ann. Com. Law.

85.     Pursuant to §14-202 of the Maryland Commercial Law Code, Defendant ConServe is liable to Plaintiff for damages proximately caused by these violations, including damages for emotional distress or mental anguish suffered by Plaintiff with or without accompanying physical injury.

### COUNT X: AGAINST ALL DEFENDANTS
#### (Violation of Maryland Consumer Credit Reporting Agencies Act)

86.     Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

87.     At all times relevant, Defendants qualified as a "furnisher" under the Maryland Consumer Credit Reporting Agencies Act ("CCRAA") because they are entities that furnish information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report.

88.     Defendants have continuously reported and furnished or caused to be reported and furnished inaccurate and false information relating to Plaintiff's disputed debt to third parties, (hereafter the "inaccurate information").

89.     The inaccurate information complained of concerns the payment history, the amount claimed as owed on Plaintiff's disputed debt and the fact of delinquency.

90.     The reporting and furnishing of inaccurate information harms Plaintiff and his credit repayment history, his financial responsibilities as a debtor and his credit worthiness. The inaccurate information has been and continues to be disseminated to credit bureaus and credit grantors, both known and unknown.

91.     Plaintiff has disputed the inaccurate information in writing directly with the Defendants as required under the CCRAA and enclosed documents on multiple occasions that either proved to the Defendants that their information was inaccurate or provided them with evidence that was supportive of Plaintiff's contentions.

92.     Notwithstanding the efforts of Plaintiff, Defendants have failed to investigate the dispute, and have continued to publish, report, furnish and disseminate or have cause to continue to be published, reported, furnished or disseminated such inaccurate information to third parties, persons, entities, and credit grantors with actual knowledge of its falsity and inaccuracy.

93.     Despite Plaintiff's best efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly, negligently and in bad faith failed to perform any reasonable investigation of the above disputes as required by the CCRAA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report and furnish or have caused to

18

continue to be reported and furnished the inaccurate information about the Plaintiff that they know or reasonably should have known to be inaccurate.

94.     As a result, Plaintiff has sustained consequential, economic and pecuniary damages.

### COUNT XI: AGAINST ALL DEFENDANTS
(Violation of Fair Debt Collection Practice Act)

95.     Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

96.     At all times relevant, Plaintiff was "consumer" and the Defendants were a "debt collector" as defined by §1692a of the Fair Debt Collection Act ("FDCPA").

97.     At all times further relevant, Plaintiff was a borrower that previously had an obligation to repay a student loan to the U.S. Department of Education pursuant to a Federal Direct Consolidation Loan Promissory Note dated April 26, 2004.

98.     Plaintiff's federal Direct Loan was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012.

99.     Beginning on or about July 20, 2015, and continuing thereafter, Defendants repeatedly sent Plaintiff debt statements and/or letters falsely claiming that the Plaintiff was delinquent on his student loan and that Plaintiff owed the U.S. Department of Education between $40,832.38 and $51,129.88 on the disputed debt.

100.    On multiple occasions between July 27, 2015 and October 2, 2015, Plaintiff repeatedly advised the Defendants that the debt was not owed in the amounts claimed and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012.

101.    Plaintiff provided the Defendants with proof that the debt had been paid and fully satisfied, and requested that the Defendants validate the debt and cease reporting derogatory credit information to credit reporting agencies concerning the debt and to cease and desist further collection efforts on the disputed debt.

102.    Defendants have never provided the Plaintiff with validation of the debt, have failed to cease collection of the debt, have failed to cease communication with the Plaintiff, and have continued to make false representation of the character, amount and legal status of the debt, in violation of §§§1692c, 1692e and 1692g of the FDCPA.

103.    Defendants' conduct was intentional and did not result from any bona fide error as evidenced by Plaintiff's multiple written correspondence to the Defendants, and as a result, pursuant to §1692k of the FDCPA, Defendants are liable to Plaintiff for actual and statutory damages including attorney's fees.

### COUNT XII: AGAINT ALL DEFENDANTS
#### (Violation of Fair Credit Reporting Act, 15 USCA §1681s *et seq.*)

104.    Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

105.    At all times relevant, Plaintiff was "consumer" as that term is defined by §1681a of the Fair Credit Reporting Act ("FCRA").

106.    At all times further relevant, Defendants qualified as a "furnisher" and/or "person who furnishes information" to a Consumer Reporting Agency and knew or should have known of their duties and obligations to the Plaintiff under the FCRA.

107.    Beginning on or about July 20, 2015, and continuing thereafter, Defendants repeatedly sent Plaintiff debt statements and/or letters falsely claiming that

Plaintiff was delinquent on his student loan and that Plaintiff owed the U.S. Department of Education between $40,832.38 and $51,129.88 on the disputed debt.

108.   On multiple occasions between July 27, 2015 and October 2, 2015, Plaintiff repeatedly advised the Defendants in writing at the address specified by the Defendants that the debt was not owed in the amounts claimed and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Plaintiff provided the Defendants with proof that the debt had been paid and fully satisfied, and requested that the Defendants validate the debt and cease reporting derogatory credit information to credit reporting agencies concerning the debt.

109.   Plaintiff also advised the Defendants to cease and desist further collection efforts on the disputed debt. Plaintiff instructed the Defendants to update the credit bureau reports to which they had reported the disputed debt and to delete the trade line from each of those credit bureau reports immediately.

110.   Despite Plaintiff's written notifications to the Defendants that the student loan debt had been paid and satisfied in full, was disputed and was not owed in the amount claimed, Defendants have continued to, among other things, report the debt to third parties as being in a collection status and past due in an amount not owed by the Plaintiff with specific knowledge that the information is inaccurate and/or disputed.

111.   Pursuant to §1681s-2(a)(1) of the FCRA "a person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

112.   Defendants have violated §1681s-2(a)(1)(A) by continuing to furnish inaccurate information relating to the disputed debt to consumer reporting agencies,

including, Experian, Equifax, Trans Union and other consumer reporting agencies after receiving actual notice from Plaintiff that the information was inaccurate.

113.    Pursuant to §1681s-2(a)(3) of the FCRA "If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer."

114.    Defendants owed Plaintiff a duty to provide notice of the dispute of the debt to the consumer reporting agencies, and have knowingly, willfully and intentionally continued to breach their duty by furnishing information to numerous consumer reporting agencies and/or third parties without notice that such information is disputed by Plaintiff.

115.    Defendants' records reflected the ongoing dispute over the debt however the Defendants' reports to the consumer reporting agencies and to third parties did not reflect that ongoing dispute. Defendants intended not to report that ongoing dispute.

116.    Defendants intended to report Plaintiff's disputed debt without ever mentioning Plaintiff's communications or the ongoing dispute reflected throughout Defendant's records and Defendants have never updated the report to reflect the dispute.

117.    Defendants' conduct of reporting the debt without *any* mention of a dispute is misleading in such a way and to such an extent that it can be expected to have an adverse effect and in fact has had an adverse effect on the Plaintiff.

118.    Defendants have knowingly and intentionally violated their duties in conscious disregard for the rights of the Plaintiff, and as a result of Defendants' continuous and ongoing violation of their duties as a furnisher of information under the

FCRA including under §1681s-2(b)(1) of the FCRA, by failing to report the dispute of the debt, the Plaintiff has been affected adversely.

119.    Pursuant to §1681n and §§1681n(a)(1)(A) and (a)(2) of the FCRA, Plaintiff is entitled to recover damages for the Defendants' willful violations of the FCRA, including statutory and punitive damages, attorney fees and costs.

## COUNT XIII: AGAINST ALL DEFENDANTS
### (Intentional Infliction of Emotional Distress)

120.    Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

121.    Defendants deliberately and intentionally violated the Maryland Consumer Debt Collection Practice Act when they had actual notice that they did not possess the right to collect the amount claimed as owed on the disputed debt since the debt had been paid and satisfied through a compromise accepted by the U.S. Department of Education on February 14, 2012, and was therefore not a legal enforceable debt.

122.    Defendants deliberately and intentionally violated the Fair Credit Reporting Act when they continued to furnish inaccurate information relating to the disputed debt to consumer reporting agencies and continued to furnish the information to consumer reporting agencies without notice that such information was disputed after receiving actual notice from Plaintiff that the information was inaccurate and disputed.

123.    Despite having received such written notice from Plaintiff on multiple occasions indicating that the debt had been paid and satisfied by a compromise accepted by the U.S. Department of Education on February 14, 2012, and having received proof of such settlement payment, Defendants continued to attempt to collect the debt knowing

23

full well that they lack the right to do so and continued to claim, attempt, or threaten to enforce a right to collect the disputed debt with knowledge that the right did not exist.

124.    This unlawful conduct was perpetrated by the agents, servants and employees of the Defendants within the scope of their employment. Defendants are liable for all of the acts committed by its agents within the scope of their employment.

125.    Defendants deliberately and intentionally made false representations of material fact to third parties and caused the Plaintiff to sustain an adverse credit rating, a lower FICO score and the denial of credit and reduction in existing credit.

126.    Defendants deliberately and intentionally violated the FCRA, and have continued to do so by failing to report the dispute of the debt.

127.    This conduct was perpetrated by the agents, servants and employees of the Defendants within the scope of their employment. Defendants are liable for all of the acts committed by their agents within the scope of their employment. All of the Defendants' conduct as described in the preceding paragraphs was extreme and outrageous and was done intentionally, recklessly, in bad faith and in deliberate disregard of a high degree of probability that emotional distress would result to the Plaintiff. Defendants knew that their conduct would or could cause emotional distress upon the Plaintiff.

128.    Defendants' conduct was malicious, willful, deliberate and intentional and was done for the sole purpose of inflicting severe emotional distress upon the Plaintiff.

129.    As a result, Plaintiff suffered loss of sleep, headaches, severe mental pain, and depression and will continue to suffer, severe and extreme emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court will:

a)      Enjoin Defendants, its agents, employees, successors and all persons in active concert or participation with it, from pursuing any further claims and collection activity against the Plaintiff arising from the disputed debt;

b)      Enjoin Defendants, its agents, employees, successors and all persons in active concert or participation with it, from reporting the disputed debt as delinquent, defaulted and/or in a collection status;

c)      Enter judgment in his favor and against the Defendants, jointly and severally, on all of the claims in an amount of $500,000, as and for compensatory, statutory and punitive damages plus;

d)      An award of general damages for the defendants' wrongful acts;

e)      An award of special damages for the defendants' wrongful acts;

f)      An award of costs and reasonable attorney fees incurred in this action;

g)      An award of punitive damages in an amount to be determined at trial for the defendants' reprehensible and outrageous conduct;

h)      An award of punitive damages in an amount to be determined at trial to deter the defendants' future reprehensible and outrageous conduct; and

i)      For such further and other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Joseph Johnson, Jr., demands a trial by jury on each and every issue

triable by jury.

Respectfully submitted,

December 4, 2015

Joseph Johnson, Jr.
Post Office Box 441572
Fort Washington, MD   20749
240-605-9921

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2015, a true and correct copy of the First

Amended Complaint and Jury Demand was served on all counsel of record via U.S. Mail.

Joseph Johnson, Jr.

~~DISTRICT~~IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY,
MARYLAND

| | | |
|---|---|---|
| JOSEPH JOHNSON, JR. | § | |
| ~~POST OFFICE BOX 441572~~ | § | |
| ~~FORT WASHINGTON, MD   20749-1572~~ | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| Vs. | § | CIVIL NO. <u>CAL15-36931</u> |
| | § | |
| ~~MAXIMUMS~~MAXIMUS INC., d/b/a, | § | COMPARISON COPY |
| MAXIMUS FEDERAL SERVICES, INC. | § | |
| ~~SERVE: CSC LAWYERS INCORPORATING~~ | § | |
| ~~SERVICE COMPANY, Resident Agent~~ | § | |
| ~~7 SAINT PAUL STREET, SUITE 820~~ | § | |
| ~~BALTIMORE, MD  21202~~ | § | |
| | § | |
| ~~And~~ | § | |
| | § | |
| ~~FINANCIAL MANAGEMENT SYSTEMS (FMS)~~ | § | |
| ~~SERVIE: THE CORPORATION TRUST~~ | § | |
| ~~INCORPORATED, Resident Agent~~ | § | |
| ~~351 WEST CAMDEN STREET~~ | § | |
| ~~BALTIMORE, MD 21201~~ | § | |
| | § | |
| ~~And~~ | § | |
| | § | |
| ~~CONTINENTAL SERVICE GROUP, INC.,~~ | § | |
| ~~d/b/a CONSERVE~~ | § | |
| ~~SERVE: CSC LAWYERS INCORPORATING~~ | § | |
| ~~SERVICE COMPANY, Resident Agent~~ | § | |
| ~~7 ST. PAUL STREET, SUITE 820~~ | § | |
| ~~BALTIMORE, MD 21202~~ ., *et al.* | § | |
| | § | |
| Defendants. | § | |

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

COMES NOW, the Plaintiff, Joseph Johnson, Jr., and <u>files this First Amended</u>

<u>Complaint, and</u> represents to the Court that:

**JURISDICTION**

> Formatted: Line spacing: Double

1.    This Court has jurisdiction over the matters alleged herein as the acts and omissions given rise to this Complaint occurred in Prince George's County, Maryland.

> Formatted: Indent: Left: 0", First line: 0.5", Add space between paragraphs of the same style

**PARTIES**

1.2.    Plaintiff is a resident in Fort Washington, Maryland, and is a "person" as that term is defined by Md. Code Ann., Commercial Law Art. §14-201(d).

2.3.    Defendant, Maximus, Inc., d/b/a, Maximus Federal Services, Inc. ("Maximus") is a foreign Virginia Corporation and is engaged in the business of collecting debts in this state and, and at all times relevant, was registered and doing business in this state as a "collector" as that term is defined by Md. Code Ann., Commercial Law Art. §14-201(b) because it uses instrumentalities of interstate commerce or the mails in a business, the principal purpose of which is the collection of debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

3.4.    Defendant, Financial Management Systems (FMS) is a foreign Illinois Corporation and is also engaged in the business of collecting debts in this state, and at all times relevant, was registered and doing business in this state as a "collector" as that term is defined by Md. Code Ann., Commercial Law Art. §14-201(b) because it uses instrumentalities of interstate commerce or the mails in a business, the principal purpose of which is the collection of debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

4.5.    Defendant, Continental Service Group, Inc. d/b/a ConServe is a foreign New York Corporation and is also engaged in the business of collecting debts in this

2

state, and at all times relevant, was registered and doing business in this state as a "collector" as that term is defined by Md. Code Ann., Commercial Law Art. §14-201(b) because it uses instrumentalities of interstate commerce or the mails in a business, the principal purpose of which is the collection of debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

### ~~JURISDICTION~~

~~5.1.   This Court has jurisdiction over the matters alleged herein as the acts and omissions given rise to this Complaint occurred in Prince George's County, Maryland.~~

### FACTUAL ALLEGATIONS

6.   At all times relevant, Plaintiff was a borrower that previously had an obligation to repay a student loan to the U.S. Department of Education pursuant to a Federal Direct Consolidation Loan Promissory Note dated April 26, 2004 which was a "consumer transaction" as defined by Md. Code Ann., Commercial Law Art. §14-201(c), hereinafter the "federal Direct Loan".

7.   At all times further relevant, Plaintiff's federal Direct Loan was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012, hereinafter the "disputed debt". ~~See Exhibits 1 and 2.~~

8.   On September 30, 2013, Defendant Maximus was awarded a contract to service certain student loans issued by the U.S. Department of Education, and since that time has begun servicing those student loans under the contract it was awarded.

9.   On or ~~about~~around July 20, 2015, Defendant Maximus sent Plaintiff a debt statement falsely claiming that Plaintiff was delinquent on his student loan and that

3

Plaintiff owed the U.S. Department of Education $40,832.38. Defendant also threatened to collect that amount from the Plaintiff by Treasury offset against all payment streams.

10. On July 27, 2015, Plaintiff advised Defendant Maximus that the debt was not owed in the amount ~~claim~~claimed and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Plaintiff ~~also~~ provided Defendant with proof that the debt had been paid and_fully satisfied.

11. Plaintiff requested that Defendant Maximus validate the debt and ~~to~~ cease reporting derogatory credit information to credit reporting agencies concerning the student loan debt ~~and to~~ . Plaintiff also requested that the Defendant cease and desist further collection efforts on the disputed debt. ~~Plaintiff also~~ and instructed the Defendant ~~Maximus~~ to update the credit bureau reports to which they had reported the disputed debt and to delete the trade line from each of those credit bureau reports immediately.

12. Despite Plaintiff's written notification to Defendant Maximus that the ~~student loan~~ debt had been paid and satisfied in full, was disputed and was not owed in the amount claimed, Defendant Maximus continued to attempt to collect ~~the debt~~ and report the debt to third parties as being past due and in a collection status in an amount not owed by the Plaintiff without any lawful basis for collecting or attempting to collect on the disputed debt.

13. In disregard of Plaintiff's request for a debt validation, Defendant Maximus never sent Plaintiff a validation of the debt and instead transferred the Plaintiff's debt to Defendant Financial Management Systems (FMS) for collection, and on or about September 1, 2015, Plaintiff received a dunning letter from Defendant FMS

4

stating that Plaintiff's debt had been placed with Defendant FMS for collection and falsely stating that Plaintiff owed the U.S. Department of Education $51,013.76.

14.     On September 14, 2015, Plaintiff advised Defendant FMS that the debt was not owed in the amount claimed and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Plaintiff also provided Defendant FMS with proof that the debt had been paid and fully satisfied.

15.     Plaintiff requested that Defendant FMS validate the debt and to cease reporting derogatory credit information to credit reporting agencies concerning the student loan debt and to . Plaintiff also requested that the Defendant cease and desist further collection efforts on the disputed debt. Plaintiff also and instructed the Defendant FMS to update the credit bureau reports to which they had reported the disputed debt and to delete the trade line from each of those credit bureau reports immediately.

16.     Despite Plaintiff's written notification to Defendant FMS that the student loan debt had been paid and satisfied in full, was disputed and was not owed in the amount claimed, Defendant FMS continued to attempt to collect the debt and report the debt to third parties as being past due and in a collection status in an amount not owed by the Plaintiff without any lawful basis for collecting or attempting to collect on the disputed debt.

17.     In disregard of Plaintiff's request for a debt validation, Defendant FMS never sent Plaintiff a validation of the debt and instead transferred Plaintiff's debt to Defendant Continental Service Group (hereinafter, "("ConServe") for collection, and on or about September 24, 2015, Plaintiff received a dunning letter from Defendant

5

ConServe stating that Plaintiff's debt had been placed with Defendant ConServe for collection and falsely stating that Plaintiff owed the U.S. Department of Education $51,129.88.

18.     On October 2, 2015, Plaintiff advised Defendant ConServe that the debt was not owed in the amount claimed and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Plaintiff ~~also~~ provided Defendant ~~ConServe~~ with proof that the debt had been paid and fully satisfied.

19.     Plaintiff requested that Defendant ConServe validate the debt and ~~to~~ cease reporting derogatory credit information to credit reporting agencies concerning the ~~student loan debt and to~~ debt. Plaintiff also requested that the Defendant cease and desist further collection efforts on the disputed debt. ~~Plaintiff also~~ and instructed the Defendant ~~ConServe~~ to update the credit bureau reports to which they had reported the disputed debt and to delete the trade line from each of those credit bureau reports immediately.

20.     Despite Plaintiff's written notification to Defendant ConServe that the ~~student loan~~ debt had been paid and satisfied in full, was disputed and was not owed in the amount claimed, Defendant ConServe never validated the debt and continued to attempt to collect ~~the debt~~ and report the debt to third parties as being past due and in a collection status in an amount not owed by the Plaintiff without any lawful basis for collecting or attempting to collect on the disputed debt.

21.     Defendants ~~continue~~, and each of them, have continued to report derogatory information about the status of the disputed debt to third parties, have failed to report the debt as disputed and have continued to collect or attempt to collect on the debt

6

with actual knowledge that the debt is~~was~~ paid and satisfied in full, ~~that the debt is~~ ~~disputed~~ and was not owed in the amount claimed~~, and as~~. As a result, Plaintiff has sustained and continues to sustain damages.

### COUNT I: AGAINST DEFENDANT MAXIMUS
#### (Defamation/Libel/Slander)

22.     Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

23.     Beginning on or about July 20, 2015, and continuing thereafter, Defendant Maximus made or caused to be made unprivileged publication of statements to third parties to the effect that Plaintiff was delinquent for more than 790 months on his student loan with the U.S. Department of Education in the amount of $40,832.38.

~~24.~~     Defendant Maximus' statements were false and slanderous and were made with malice and ~~in bad faith for~~with the ~~sole purpose of~~ willful intent to financially ~~injuring~~injure and ~~destroying~~destroy the Plaintiff's good credit, and to cause irreparable damages to the Plaintiff's credit rating and to impugn Plaintiff as being uncreditworthy.

~~25.~~24.   Defendant Maximus knew or should have known that their statements were false and willfully and deliberately continued to publish them or caused them to continue to be published with actual knowledge that they were false or with reckless disregard of whether they were false or not.

~~26.~~25.   As a result, Plaintiff has sustained damages including out of pocket expenses associated with disputing the false information after notice of its falsity was provided to the Defendant, emotional distress, mental anguish and personal humiliation caused by the fact that the Defendant ~~reported~~continue to report and ~~transmitted~~transmit or caused to continue to be reported and transmitted false information about Plaintiff to

7

other people. Plaintiff's credit has been destroyed, his FICO score has been lowered, he has been denied credit and had existing credit either cancelled or reduced as a direct result of the false and defamatory statements published by the Defendant.

**COUNT II: AGAINST DEFENDANT MAXIMUS**
(Libel)

37.26. Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

38.27. Beginning on or around July 20, 2015, and continuing thereafter, Defendant Maximus continued to publishhas published untrue statements of fact about the Plaintiff.

29.28. Defendant Maximus publishedcontinues to publish these untrue statements of fact knowing full well that they wereare false and with reckless disregard of their truth.

30.29. Defendant Maximus' publication wasis intentional, deliberate and wasis done with malice and in bad faith forwith the sole purpose of injuringwillful intent to continue to injure Plaintiff.

31.30. As a result of Defendant's intentional actions, Plaintiff has been injured including the significant permanent damage to his good credit.

**COUNT III: AGAINST DEFENDANT MAXIMUS**
(Violation of Maryland Consumer Debt Collection Act)

32.31. Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

33.32. At all times relevant hereto, Defendant Maximus was collecting a debt originally owed to another and is a "collector" as that term is defined by the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law §14-201 *et seq.*

8

33.    At all times further relevant, Plaintiff was a borrower that previously had an obligation to repay a student loan to the U.S. Department of Education pursuant to a Federal Direct Consolidation Loan Promissory Note dated April 26, 2004.

34.    Plaintiff's federal Direct Loan was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012.

35.    On July 20, 2015, Defendant Maximus sent Plaintiff a debt statement falsely claiming that Plaintiff owed the U.S. Department of Education $40,832.38 and threatened to collect that amount by Treasury offset against all payment streams.

36.    On July 27, 2015, Plaintiff advised Defendant Maximus that the debt was not owed in the amount claimed and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Plaintiff also provided the Defendant Maximus with proof that the debt had been paid and fully satisfied.

37.36.  Plaintiff requested that the Defendant Maximus validate the debt and to cease reporting derogatory credit information to credit reporting agencies concerning the student loan debt and to cease and desist further collection efforts on the disputed debt. Plaintiff also instructed the Defendant Maximus to update the credit bureau reports to which they had reported the disputed debt and to delete the trade line from each of those credit bureau reports immediately.

38.37.  Despite Plaintiff's written notification to Defendant Maximus that the student loan debt had been paid and satisfied in full, was disputed and was not owed in the amount claimed, Defendant Maximus continued to attempt to collect the debt and report the debt to third parties as being past due in an amount not owed and in a

9

collection status without any lawful basis for collecting or attempting to collect on the disputed ~~student loan~~ debt.

39.38. Pursuant to §14-202(3) of the Maryland Commercial Law Code Annotated, "in collecting or attempting to collect an alleged debt a collector may not: (3) Disclose or threaten to disclose information which affects the debtor's reputation for credit worthiness with knowledge that the information is false."

40.39. Despite ~~having received~~receiving the Plaintiff's written demand for a debt validation and notice that Plaintiff disputed the debt, Defendant Maximus did not provide any such validation of the debt or respond to any of the Plaintiff's many correspondence that he sent to the Defendant but has continued to disclose false information about the disputed debt which has affected the Plaintiff's reputation for credit worthiness with actual knowledge that the information that they ~~were~~are disclosing ~~was~~is inaccurate and false, in violation of §14-202(3) of the Md. Code Ann. Com. Law.

41.40. Pursuant to §14-202(8) of the Maryland Commercial Law Code Annotated, a debt collector cannot "claim, attempt, or threaten to enforce a right with knowledge that the right does not exist."

42.41. Defendant Maximus was on notice on July 27, 2015 that the debt was not owed in the amount claimed and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Defendant Maximus also had proof of such settlement payment but ~~continued~~continues to claim, attempt, or threaten to enforce a right to collect the disputed debt with actual knowledge that the right ~~did~~does not exist, in violation of §14-202(8) of the Md. Code Ann. Com. Law.

**Formatted**

43.42. Pursuant to §14-202 of the Maryland Commercial Law Code, Defendant Maximus is liable to Plaintiff for damages proximately caused by these violations, including damages for emotional distress or mental anguish suffered by Plaintiff with or without accompanying physical injury.

### COUNT IV: AGAINST DEFENDANT FMS
(Defamation/Libel/Slander)

44.43. Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

45.44. Beginning on or about September 1, 2015, and continuing thereafter, Defendant FMS made or caused to be made unprivileged publication of statements to third parties to the effect that Plaintiff was delinquent for more than 790 months on his student loan with the U.S. Department of Education in the amount of $51,013.76. Defendant FMS' statements were false and slanderous and were made with malice and in bad faith for the sole purpose of financially injuring and destroying the Plaintiff's good credit, and to cause damages to Plaintiff's credit rating and to impugn Plaintiff as being uncreditworthy.

46.45. Defendant FMS' statements were false and slanderous and were made with malice and with the willful intent to financially injure and destroy the Plaintiff's good credit, and to cause irreparable damages to the Plaintiff's credit rating and to impugn Plaintiff as being uncreditworthy. Defendant FMS knew or should have known that their statements were false and willfully and deliberately continued to publish them or caused them to continue to be published with actual knowledge that they were false or with reckless disregard of whether they were false or not.

11

47.46. As a result, Plaintiff has sustained damages including out of pocket expenses associated with disputing the false information after notice of its falsity was provided to the Defendant, emotional distress, mental anguish and personal humiliation caused by the fact that the Defendant reportedcontinues to report and transmittedtransmit or caused to continue to be reported and transmitted false information about Plaintiff to other people. Plaintiff's credit has been destroyed, his FICO score has been lowered, he has been denied credit and had existing credit either cancelled or reduced as a result of the false and defamatory statements published by the Defendant.

### COUNT V: AGAINST DEFENDANT FMS
### (Libel)

Formatted: Indent: First line: 0"

48.47. Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

49.48. Beginning on or around September 1, 2015, and continuing thereafter, Defendant FMS continued to publishhas published untrue statements of fact about the Plaintiff.

50.49. Defendant FMS publishedcontinues to publish these untrue statements of fact knowing that they wereare false and with reckless disregard of their truth.

51.50. Defendant FMS' publication wasis intentional, deliberate and wasis done with malice and in bad faith forwith the sole purpose of injuringwillful intent to continue to injure Plaintiff.

52.51. As a result of Defendant's intentional actions, Plaintiff has been injured including the significant damage to his credit.

12

**COUNT VI: AGAINST DEFENDANT FMS**
-(Violation of Maryland Consumer Debt Collection Act)

Formatted: Indent: First line:  0"

53.52. Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

54.53. At all times relevant hereto, Defendant FMS was collecting a debt originally owed to another and is a "collector" as that term is defined by the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law §14-201 *et seq.*

54. At all times further relevant, Plaintiff was a borrower that previously had an obligation to repay a student loan to the U.S. Department of Education pursuant to a Federal Direct Consolidation Loan Promissory Note dated April 26, 2004.

55. Plaintiff's federal Direct Loan was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012.

56. On September 1, 2015, Defendant FMS sent Plaintiff a dunning letter falsely claiming that Plaintiff owed the U.S. Department of Education $51,013.76.

57. On September 14, 2015, Plaintiff advised Defendant FMS that the debt was not owed in the amount claimed and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Plaintiff also provided the Defendant FMS with proof that the debt had been paid and fully satisfied. Plaintiff requested that the Defendant FMS validate the debt and to cease reporting derogatory credit information to credit reporting agencies concerning the student loan debt and to cease and desist further collection efforts on the disputed debt.

58.57. Plaintiff also instructed the Defendant FMS to update the credit bureau reports to which they had reported the disputed debt and to delete the trade line from each of those credit bureau reports immediately.

13

59.58.  Despite Plaintiff's written notification to Defendant FMS that the student loan debt had been paid and satisfied in full, was disputed and was not owed in the amount claimed, Defendant FMS has continued to attempt to collect the debt and report the debt to third parties as being past due in an amount not owed and in a collection status without any lawful basis for collecting or attempting to collect on the disputed debt. Defendant FMS also continued to communicate with Plaintiff despite receiving his cease and desist letter.

60.59.  Pursuant to §14-202(3) of the Maryland Commercial Law Code Annotated, "in collecting or attempting to collect an alleged debt a collector may not: (3) Disclose or threaten to disclose information which affects the debtor's reputation for credit worthiness with knowledge that the information is false."

61.60.  Despite receiving Plaintiff's demand for a debt validation and notice that Plaintiff disputed the debt, Defendant FMS did not provide any such validation of the debt or respond to Plaintiff's correspondence that he sent to the Defendant but has continued to disclose false information about the disputed debt which has affected Plaintiff's reputation for credit worthiness with actual knowledge that the information that they were are disclosing was is inaccurate and false, in violation of §14-202(3) of the Md. Code Ann. Com. Law.

62.61.  Pursuant to §14-202(8) of the Maryland Commercial Law Code Annotated, a debt collector cannot "claim, attempt, or threaten to enforce a right with knowledge that the right does not exist."

63.62.  Defendant FMS was on notice on September 1, 2015 that the debt was not owed in the amount claim and that the debt was paid and satisfied in full by a

14

compromise accepted by the U.S. Department of Education on February 14, 2012. Defendant FMS ~~was~~ also had proof of such settlement payment, but ~~continued~~continues to claim, attempt, or threaten to enforce a right to collect the disputed debt with actual knowledge that the right ~~did~~does not exist, in violation of §14-202(8) of the Md. Code Ann. Com. Law.

64.63.  Pursuant to §14-202 of the Maryland Commercial Law Code, Defendant FMS is liable to Plaintiff for damages proximately caused by the violations, including damages for emotional distress or mental anguish suffered by Plaintiff with or without accompanying physical injury.

    Formatted

## COUNT VII: AGAINST DEFENDANT CONSERVE
### (Defamation/Libel/Slander)

65.64.  Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

66.65.  Beginning on or about September 24, 2015, and continuing thereafter, Defendant ConServe made or caused to be made unprivileged publication of statements to third parties to the effect that Plaintiff was delinquent for more than 730 months on his student loan with the U.S. Department of Education in the amount of $51,129.88. ~~Defendant ConServe's statements were false and slanderous and were made with malice and in bad faith for the sole purpose of financially injuring and destroying the Plaintiff's good credit, and to cause damages to Plaintiff's credit rating and to impugn Plaintiff as being uncreditworthy.~~

67.66. Defendant ConServe's statements were false and slanderous and were made with malice and with the willful intent to financially injure and destroy the Plaintiff's good credit, and to cause irreparable damages to the Plaintiff's credit rating

15

and to impugn Plaintiff as being uncreditworthy. Defendant ConServe knew or should have known that their statements were false and willfully and deliberately continued to publish them or caused them to continue to be published with actual knowledge that they were false or with reckless disregard of whether they were false or not.

68.67. As a result, Plaintiff has sustained damages including out of pocket expenses associated with disputing the false information after notice of its falsity was provided to the Defendant, emotional distress, mental anguish and personal humiliation caused by the fact that the Defendant reportedcontinues to report and transmittedtransmit or caused to continue to be reported and transmitted false information about Plaintiff to other people. Plaintiff's credit has been destroyed, his FICO score has been lowered, he has been denied credit and had existing credit either cancelled or reduced as a result of the false and defamatory statements published by the Defendant.

### COUNT VIII: AGAINST DEFENDANT CONSERVE
### (Libel)

Formatted: Indent: First line: 0"

69.68. Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

70.69. Beginning on or around September 24, 2015, and continuing thereafter, Defendant ConServe has continued to publish untrue statements of fact.

71.70. Defendant ConServe publishedcontinues to publish these untrue statements of fact knowing that they wereare false and with reckless disregard of their truth.

72.71. Defendant ConServe's publication wasis intentional, deliberate and wasis done with malice and in bad faith forwith the sole purpose of injuringwillful intent to injure Plaintiff.

16

73.72. As a result of Defendant's intentional actions, Plaintiff has been injured including the significant damage to his credit.

### COUNT IX: AGAINST DEFENDANT CONSERVE
### -(Violation of Maryland Consumer Debt Collection Act)

Formatted: Indent: First line:  0"

74.73. Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

75.74. At all times relevant hereto, Defendant ConServe was collecting a debt originally owed to another and is a "collector" as that term is defined by the Maryland Consumer Debt Collection Act, as defined at Md. Code Ann., Com. Law §14-201 *et seq.*

75.     At all times further relevant, Plaintiff was a borrower that previously had an obligation to repay a student loan to the U.S. Department of Education pursuant to a Federal Direct Consolidation Loan Promissory Note dated April 26, 2004.

76.     Plaintiff's federal Direct Loan was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on or about February 14, 2012.

77.     On September 24, 2015, Defendant ConServe sent Plaintiff a dunning letter falsely claiming that Plaintiff owed the U.S. Department of Education $51,129.88.

78.     On October 2, 2015, Plaintiff advised Defendant ConServe that the debt was not owed in the amount claimed and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Plaintiff also provided Defendant ConServe with proof that the debt had been paid and fully satisfied.

79.     Plaintiff requested that Defendant ConServe validate the debt and to cease reporting derogatory credit information to credit reporting agencies concerning the

17

student loan debt and to cease and desist further collection efforts on the disputed debt.
Plaintiff also instructed Defendant ConServe to update the credit bureau reports to which
they had reported the disputed debt and to delete the trade line from each of those credit
bureau reports immediately.

80.     Despite Plaintiff's written notification to Defendant ConServe that the
student loan debt had been paid and satisfied in full, was disputed and was not owed in
the amount claimed, Defendant ConServe has continued to attempt to collect the debt and
report the debt to third parties as being past due in an amount not owed and in a
collection status without any lawful basis for collecting or attempting to collect on the
disputed student loan debt.

81.     Pursuant to §14-202(3) of the Maryland Commercial Law Code
Annotated, "in collecting or attempting to collect an alleged debt a collector may not: (3)
Disclose or threaten to disclose information which affects the debtor's reputation for
credit worthiness with knowledge that the information is false."

82.     Despite ~~having received~~receiving Plaintiff's written demand for a debt
validation and notice that Plaintiff disputed the debt, Defendant ConServe did not provide
any such validation of the debt or respond to Plaintiff's correspondence but
~~continued~~continues to disclose false information about the disputed ~~student loan~~ debt
which has affected Plaintiff's reputation for credit worthiness with actual knowledge that
the information that they ~~were~~are disclosing ~~was~~is inaccurate and false, in violation of
§14-202(3) of the Md. Code Ann. Com. Law.

18

83.   Pursuant to §14-202(8) of the Maryland Commercial Law Code Annotated, a debt collector cannot "claim, attempt, or threaten to enforce a right with knowledge that the right does not exist."

84.   Defendant ConServe was on notice on October 2, 2015 that the debt was not owed in the amount claimed and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Defendant ~~FMS~~ConServe was ~~also~~ provided proof of such settlement payment, but ~~continued~~continues to claim, attempt, or threaten to enforce a right to collect the disputed debt with knowledge that the right ~~did~~does not exist, in violation of §14-202(8) of the Md. Code Ann. Com. Law.

85.   Pursuant to §14-202 of the Maryland Commercial Law Code, Defendant ~~FMS~~ConServe is liable to Plaintiff for damages proximately caused by these violations, including damages for emotional distress or mental anguish suffered by Plaintiff with or without accompanying physical injury.

### COUNT X: AGAINST ALL DEFENDANTS
#### (Violation of Maryland Consumer Credit Reporting Agencies Act)

86.   Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

87.   At all times relevant, Defendants qualified as a "furnisher" under the ~~CCRAA~~Maryland Consumer Credit Reporting Agencies Act ("CCRAA") because they are entities that furnish information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report.

19

88.    Defendants have continuously reported and furnished or caused to be reported and furnished inaccurate and false information relating to Plaintiff's disputed debt to third parties, (hereafter the "inaccurate information").

89.    The inaccurate information complained of concerns the payment history, the amount claimed as owed on Plaintiff's disputed debt and the fact of delinquency.

90.    The reporting and furnishing of inaccurate information harms Plaintiff and his credit repayment history, his financial responsibilities as a debtor and his credit worthiness. The inaccurate information has been and continues to be disseminated to credit bureaus and credit grantors, both known and unknown.

91.    Plaintiff has disputed the inaccurate information in writing directly with the Defendants as required under the CCRAA, and enclosed documents on multiple occasions that either proved to the Defendants that their information was inaccurate or provided them with evidence that was supportive of Plaintiff's contentions.

92.    Notwithstanding the efforts of Plaintiff, Defendants have failed to investigate the dispute, and ~~continue~~have continued to publish, report, furnish and disseminate or have cause to continue to be published, reported, furnished or disseminated such inaccurate information to third parties, persons, entities, and credit grantors with actual knowledge of its falsity and inaccuracy.

93.    Despite Plaintiff's best efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly, negligently and in bad faith failed to perform any reasonable investigation of the above disputes as required by the CCRAA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report and furnish or ~~cause~~have

20

caused to continue to be reported and furnished the inaccurate information about the
Plaintiff that they know or reasonably should have known to be inaccurate.

94.     As a result, Plaintiff has sustained consequential, economic and pecuniary
damages.

### COUNT XI: AGAINST ALL DEFENDANTS
(Violation of Fair Debt Collection Practice Act)

| | Formatted |
|---|---|

95.     Plaintiff repeats each and every factual allegation contained in the
preceding paragraphs of this Complaint as if set forth at length herein.

96.     At all times relevant, Plaintiff was "consumer" and the Defendants were a
"debt collector" as defined by §1692a of the Fair Debt Collection Act ("FDCPA").

97.     At all times further relevant, Plaintiff was a borrower that previously had
an obligation to repay a student loan to the U.S. Department of Education pursuant to a
Federal Direct Consolidation Loan Promissory Note dated April 26, 2004.

98.     Plaintiff's federal Direct Loan was paid and satisfied in full by a
compromise accepted by the U.S. Department of Education on February 14, 2012.

99.     Beginning on or about July 20, 2015, and continuing thereafter,
Defendants repeatedly sent Plaintiff debt statements and/or letters falsely claiming that
the Plaintiff was delinquent on his student loan and that Plaintiff owed the U.S.
Department of Education between $40,832.38 and $51, 129.88 on the disputed debt.

100.    On multiple occasions between July 27, 2015 and October 2, 2015,
Plaintiff repeatedly advised the Defendants that the debt was not owed in the amounts
claimed and that the debt was paid and satisfied in full by a compromise accepted by the
U.S. Department of Education on February 14, 2012.

21

101.   Plaintiff provided the Defendants with proof that the debt had been paid and fully satisfied, and requested that the Defendants validate the debt and cease reporting derogatory credit information to credit reporting agencies concerning the debt and to cease and desist further collection efforts on the disputed debt.

102.   Defendants have never provided the Plaintiff with validation of the debt, have failed to cease collection of the debt, have failed to cease communication with the Plaintiff, and have continued to make false representation of the character, amount and legal status of the debt, in violation of §§§1692c, 1692e and 1692g of the FDCPA.

103.   Defendants' conduct was intentional and did not result from any bona fide error as evidenced by Plaintiff's multiple written correspondence to the Defendants, and as a result, pursuant to §1692k of the FDCPA, Defendants are liable to Plaintiff for actual and statutory damages including attorney's fees.

## COUNT XII: AGAINT ALL DEFENDANTS
### (Violation of Fair Credit Reporting Act, 15 USCA §1681s *et seq.*)

104.   Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

105.   At all times relevant, Plaintiff was "consumer" as that term is defined by §1681a of the Fair Credit Reporting Act ("FCRA").

106.   At all times further relevant, Defendants qualified as a "furnisher" and/or "person who furnishes information" to a Consumer Reporting Agency and knew or should have known of their duties and obligations to the Plaintiff under the FCRA.

107.   Beginning on or about July 20, 2015, and continuing thereafter, Defendants repeatedly sent Plaintiff debt statements and/or letters falsely claiming that

22

Plaintiff was delinquent on his student loan and that Plaintiff owed the U.S. Department of Education between $40,832.38 and $51, 129.88 on the disputed debt.

108.   On multiple occasions between July 27, 2015 and October 2, 2015, Plaintiff repeatedly advised the Defendants in writing at the address specified by the Defendants that the debt was not owed in the amounts claimed and that the debt was paid and satisfied in full by a compromise accepted by the U.S. Department of Education on February 14, 2012. Plaintiff provided the Defendants with proof that the debt had been paid and fully satisfied, and requested that the Defendants validate the debt and cease reporting derogatory credit information to credit reporting agencies concerning the debt.

109.   Plaintiff also advised the Defendants to cease and desist further collection efforts on the disputed debt. Plaintiff instructed the Defendants to update the credit bureau reports to which they had reported the disputed debt and to delete the trade line from each of those credit bureau reports immediately.

110.   Despite Plaintiff's written notifications to the Defendants that the student loan debt had been paid and satisfied in full, was disputed and was not owed in the amount claimed, Defendants have continued to, among other things, report the debt to third parties as being in a collection status and past due in an amount not owed by the Plaintiff with specific knowledge that the information is inaccurate and/or disputed.

111.   Pursuant to §1681s-2(a)(1) of the FCRA "a person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

112.   Defendants have violated §1681s-2(a)(1)(A) by continuing to furnish inaccurate information relating to the disputed debt to consumer reporting agencies,

23

including, Experian, Equifax, Trans Union and other consumer reporting agencies after receiving actual notice from Plaintiff that the information was inaccurate.

113.    Pursuant to §1681s-2(a)(3) of the FCRA "If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer."

114.    Defendants owed Plaintiff a duty to provide notice of the dispute of the debt to the consumer reporting agencies, and have knowingly, willfully and intentionally continued to breach their duty by furnishing information to numerous consumer reporting agencies and/or third parties without notice that such information is disputed by Plaintiff.

115.    Defendants' records reflected the ongoing dispute over the debt however the Defendants' reports to the consumer reporting agencies and to third parties did not reflect that ongoing dispute. Defendants intended not to report that ongoing dispute.

116.    Defendants intended to report Plaintiff's disputed debt without ever mentioning Plaintiff's communications or the ongoing dispute reflected throughout Defendant's records and Defendants have never updated the report to reflect the dispute.

117.    Defendants' conduct of reporting the debt without *any* mention of a dispute is misleading in such a way and to such an extent that it can be expected to have an adverse effect and in fact has had an adverse effect on the Plaintiff.

118.    Defendants have knowingly and intentionally violated their duties in conscious disregard for the rights of the Plaintiff, and as a result of Defendants' continuous and ongoing violation of their duties as a furnisher of information under the

24

FCRA including under §1681s-2(b)(1) of the FCRA, by failing to report the dispute of the debt, the Plaintiff has been affected adversely.

119.   Pursuant to §1681n and §§1681n(a)(1)(A) and (a)(2) of the FCRA, Plaintiff is entitled to recover damages for the Defendants' willful violations of the FCRA, including statutory and punitive damages, attorney fees and costs.

### COUNT XIII: AGAINST ALL DEFENDANTS
#### (Intentional Infliction of Emotional Distress)

95.120.      Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

96.121.      Defendants deliberately and intentionally violated the Maryland Consumer Debt Collection Practice Act when they had actual notice that they did not possess the right to collect the amount claimed as owed on the disputed debt since the debt had been paid and satisfied through a compromise accepted by the U.S. Department of Education on February 14, 2012, and was therefore not a legal enforceable debt.

122.   Defendants deliberately and intentionally violated the Fair Credit Reporting Act when they continued to furnish inaccurate information relating to the disputed debt to consumer reporting agencies and continued to furnish the information to consumer reporting agencies without notice that such information was disputed after receiving actual notice from Plaintiff that the information was inaccurate and disputed.

97.123.      Despite having received such written notice from Plaintiff on multiple occasions indicating that the debt had been paid and satisfied by a compromise accepted by the U.S. Department of Education on February 14, 2012, and having received proof of such settlement payment, Defendants continued to attempt to collect the debt knowing full well that they lackedlack the right to do so and continued to claim,

25

attempt, or threaten to enforce a right to collect the disputed debt with knowledge that the right did not exist.

98. 124.     This unlawful conduct was perpetrated by the agents, servants and employees of the Defendants within the scope of their employment. Defendants are liable for all of the acts committed by its agents within the scope of their employment.

99. 125.     Defendants deliberately and intentionally made false representations of material fact to third parties and caused the Plaintiff to sustain an adverse credit rating, a lower FICO score and the denial of credit and reduction in existing credit.

126.   Defendants deliberately and intentionally violated the FCRA, and have continued to do so by failing to report the dispute of the debt.

100.   This conduct was perpetrated by the agents, servants and employees of the Defendants within the scope of their employment. Defendants are liable for all of the acts committed by their agents within the scope of their employment.

101. 127.     All of the Defendants' conduct as described in the preceding paragraphs was extreme and outrageous and was done intentionally, recklessly, in bad faith and in deliberate disregard of a high degree of probability that emotional distress would result to the Plaintiff. Defendants knew that their conduct would or could cause emotional distress upon the Plaintiff.

102. 128.     Defendants' conduct was malicious, willful, deliberate and intentional and was done for the sole purpose of inflicting severe emotional distress upon the Plaintiff.

26

~~103.~~129.      As a result, Plaintiff suffered loss of sleep, headaches, severe mental pain, and depression and will continue to suffer, severe and extreme emotional distress.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court will:

a)      Enjoin Defendants, its agents, employees, successors and all persons in active concert or participation with it, from pursuing any further claims and collection activity against the Plaintiff arising from the disputed debt;

b)      Enjoin Defendants, its agents, employees, successors and all persons in active concert or participation with it, from reporting the disputed debt as delinquent, defaulted and/or in a collection status;

c)      Enter judgment in his favor and against the Defendants, jointly and severally, on all of the claims in an amount of $~~30~~500,000, as and for compensatory, statutory and punitive damages plus;

d)      An award of general damages for the defendants' wrongful acts;

e)      An award of special damages for the defendants' wrongful acts;

f)      An award of costs and reasonable attorney fees incurred in this action;

g)      An award of punitive damages in an amount to be determined at trial for the defendants' reprehensible and outrageous conduct;

h)      An award of punitive damages in an amount to be determined at trial to deter the defendants' future reprehensible and outrageous conduct; and

i)      For such further and other relief as the Court deems just and proper.

27

### DEMAND FOR JURY TRIAL

Plaintiff, Joseph Johnson, Jr., demands a trial by jury on each and every issue triable by jury.

Respectfully submitted,

~~October 23~~December 4, 2015

_____

Joseph Johnson, Jr.
Post Office Box 441572
Fort Washington, MD   20749
240-605-9921

### CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2015, a true and correct copy of the First Amended Complaint and Jury Demand was served on all counsel of record via U.S. Mail.

_____
Joseph Johnson, Jr.

Formatted: Justified, Indent: First line:  0.5"

28



U.S. POSTAGE
PAID
FORT WASHINGTON, MD
20744
DEC 31, 15
AMOUNT
$2.96
00104693-04

1000    21202

JOSEPH JOHNSON, JR.
POST OFFICE BOX 441572
FORT WASHINGTON, MD    20749-1572

MAXIMUMS INC., d/b/a,
MAXIMUS FEDERAL SERVICES, INC.
SERVE: CSC-LAWYERS INCORPORATING
SERVICE COMPANY, Resident Agent
7 SAINT PAUL STREET, SUITE 820
BALTIMORE, MD   21202

# EXHIBIT H

| | | |
|---|---|---|
| JOSEPH JOHNSON, JR. | * | IN THE |
| PLAINTIFF, | * | DISTRICT COURT |
| V. | * | OF MARYLAND FOR |
| MAXIMUMS INC. ET AL., | * | PRINCE GEORGE'S COUNTY |
| DEFENDANTS. | * | CASE NO. 050200266332015 |

*   *   *   *   *   *   *   *   *   *   *   *   *

### DEMAND FOR JURY TRIAL

Continental Service Group, Inc. by its attorneys Andrew L. Cole and LeClairRyan, demands a jury trial on all matters so triable.

Andrew L. Cole
LeClairRyan
180 Admiral Cochrane Drive, Suite 520
Annapolis, Maryland 21401
(410) 224-3000

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY copies of the foregoing paper will be served by first class mail, postage prepaid, on December 11, 2015, upon:

Joseph Johnson, Jr.
P.O. Box 441572
Fort Washington, MD 21749-1572

And all counsel of record.

Andrew L. Cole

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS
JOSEPH JOHNSON, JR.

## DEFENDANTS
MAXIMUS, INC., d/b/a MAXIMUS FEDERAL SERVICES, INC., et al. SEE ATTACHMENT.

(b)  County of Residence of First Listed Plaintiff   Prince George's County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Fairfax County, Virginia
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c)  Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)
Gregory D. Grant, Shulman, Rogers, Gandal, Pordy & Ecker, P.A.,
12505 Park Potomac, Sixth Floor, Potomac MD 20854,

## II. BASIS OF JURISDICTION      (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                           and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | | ☒ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 730 Labor/Mgmt. Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | PRISONER PETITIONS | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 510 Motions to Vacate | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Sentence | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | Habeas Corpus: | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 530 General | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | | | Under Equal Access |
| | Employment | ☐ 540 Mandamus & Other | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of |
| | Other | ☐ 555 Prison Condition | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN      (Place an "X" in One Box Only)

☐ 1  Original
Proceeding

☒ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332 (diversity jurisdiction); 15 U.S.C. 1692d; 15 U.S.C. 1681
Brief description of cause:
Alleged violations of the Fair Credit Reporting Act, and the Fair Debt Collection Practices Act

## VII. REQUESTED IN
COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $
500,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY
(See instructions):

JUDGE

DOCKET NUMBER

DATE   January 4  2016

SIGNATURE OF ATTORNEY OF RECORD
Counsel for MAXIMUS, Inc.

### FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**      **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**      **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**      Example:      U.S. Civil Statute: 47 USC 553
                                                                Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## CONTINUATION OF 1.(a) - DEFENDANTS

2.  Financial Management Systems
    Attorneys
        Jonathan E. Claiborne
        Patrick D. McKevitt
        Whiteford, Taylor & Preston, LLP
        7 St. Paul Street, Suite 1300
        Baltimore, MD 21202

3.  Continental Service Group, Inc. d/b/a ConServe
    Attorneys
        Andrew L. Cole
        LeClairRyan
        180 Admiral Cochrane Drive
        Suite 520
        Annapolis, Maryland 21401