IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| JOSEPH JOHNSON, JR.<br><br>    Plaintiff,<br><br>v.<br><br>MAXIMUS, INC.,<br>d/b/a MAXIMUS Federal Services, Inc., *et al.*<br><br>    Defendants. | Case No.: 8:16-cv-00014-PWG |

**DEFENDANTS' JOINT MOTION FOR LEAVE TO AMEND NOTICE OF REMOVAL
AND JOINT OPPOSITION TO PLAINTIFF'S MOTION TO REMAND (ECF NO. 29)
AND SUPPLEMENT TO MOTION TO REMAND TO STATE COURT (ECF NO. 33)**

Defendants, MAXIMUS, Inc., d/b/a MAXIMUS Federal Services, Inc. ("MAXIMUS"), Financial Management Systems, Inc. ("FMS"), and Continental Service Group, Inc. ("ConServe"), by and through undersigned counsel and pursuant to this Court's briefing schedule (ECF No. 30), file this joint motion seeking leave to amend the Notice of Removal (ECF No. 1), and submit this Joint Opposition to the Motion to Remand to State Court (ECF No. 29) filed by Plaintiff Joseph Johnson, Jr. ("Johnson"), and to Johnson's Supplement to Motion to Remand to State Court (ECF No. 33) (collectively the "Motion to Remand"), stating as follows:

**INTRODUCTION AND SUMMARY OF ARGUMENT**

Johnson's Motion to Remand should be denied because the Defendants all consented to removal of this case prior to the filing of the Notice of Removal, and prior to Johnson's Motion to Remand. The mere fact that the Notice of Removal did not specifically state Defendants' joinder and/or consent is a mere technical error that does not strip this Court of jurisdiction. Johnson will suffer no prejudice if this Court retains jurisdiction over this case. This Court's

intimate familiarity with Johnson's substantive claims means that denying remand benefits judicial economy and furthers the interests of justice. For these reasons, the Court should deny Johnson's Motion to Remand.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 28, 2015, Johnson filed his complaint in The District Court of Maryland for Prince George's County, Maryland. ECF No. 2. Johnson alleged Defendants violated Maryland state common and statutory law by attempting to collect on, and by reporting on the status of, federal student loan debt which he had purportedly paid in full through an offer and compromise with the U.S. Department of Education. ECF No. 2 at ¶¶ 6-7. Johnson did not assert any cause of action arising under federal law in his original complaint. *Id*. Johnson's original complaint asked for damages aggregating $30,000.00 against Defendants. *Id.* As such, Johnson's original complaint stated no basis for removal jurisdiction. *See* 28 U.S.C. § 1441.

On December 4, 2015, Johnson filed his First Amended Complaint (the "Amended Complaint") in the Circuit Court for Prince George's County. ECF No. 9.[1] On December 8, 2015, Johnson served his Amended Complaint on Defendants MAXIMUS and ConServe. Johnson served the Amended Complaint on Defendant FMS the following day. *See* ECF Nos. 1, 20, & 27. Johnson's Amended Complaint asserts claims for defamation, slander, libel, intentional infliction of emotional distress, unfair debt collection, and improper credit reporting under Maryland common law. The Amended Complaint also asserts violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., and Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*., and seeks damages in excess of $500,000.00.

---

[1] The case had previously been transferred from the District Court of Maryland for Prince George's County as a result of a jury demand. *See* ECF No. 2.

2

On January 4, 2016, Defendant MAXIMUS filed a Notice of Removal in this Court (ECF No. 1). Prior to filing the Notice of Removal, the Defendants conferred by telephone and all agreed and consented to removal. *See* Declaration of Kirsten H. Smith, Declaration of Gregory D. Grant, and Declaration of Andrew L. Cole, attached as Exhibits 1, 2 and 3 respectively.

On January 11, 2016, FMS filed its response to the Court's Standing Order Concerning Removal (ECF No. 19) and filed a separate notice of its consent to removal (ECF No. 20). At 10:15 A.M. on January 12, 2016, the Circuit Court for Prince George's County accepted for filing and date-stamped MAXIMUS' Notice of Filing Notice of Removal. *See* ECF No. 42. Later on January 12, 2016, ConServe filed its response to the Court's Standing Order Concerning Removal (ECV No. 26) and filed a separate notice of its consent to removal (ECF No. 27).

Johnson did not file his Motion to Remand until January 15, 2016, after the date each Defendant evidenced its consent to removal on the record. In his Motion to Remand, Johnson argues that Court should remand this action because the Notice of Removal does not explicitly state that FMS and ConServe consented to removal. On January 27, 2016, Defendants filed a joint pre-motion conference request, seeking leave to amend the Notice of Removal to note the Defendants' unanimous consent to removal when the Notice of Removal was filed. ECF No. 32.

On January 29, 2016, without leave of Court, Johnson filed his Supplement to Motion to Remand to State Court ("Supplement") (ECF No. 33), containing additional argument for remand.

The Court authorized the Defendants' to file the motion for leave to amend the Notice of Remand contained herein. ECF No. 34.

On February 5, 2016, Defendants filed their motion to dismiss the Amended Complaint (ECF No. 44), as authorized by the Court.

## **LAW AND ARGUMENT.**

A.  **Standard of Review.**

When examining the propriety of removal from state to federal court, concerns of state sovereignty and federalism dictate that the grounds for removal must be strictly examined. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). This strict examination, however, does not mean district courts may "'simply point jurisdictional traffic in the direction of state courts,'" but mandates that "[f]ederal courts are obliged to carefully scrutinize challenges to jurisdictional authority." *The Yellow Cab Co., et al. v. Uber Tech., Inc., et al.*, —F. Supp. 2d.—, Case No. RDB-14-2764, 2015 WL 4987653, at *3 (D. Md. Aug. 19, 2015) (quoting *17th Street Assoc. LLP v. Markel Int'l Ins. Co.*, 373 F. Supp. 2d 584, 592 (E.D. Va. 2005)).

"While a strict construction of the removal statute is required, district courts should be cautious about denying defendants access to a federal forum because the decision to remand is effectively unreviewable." *Council of Unit Owners of Fireside Condo. v. Bank of N.Y. Mellon*, Case No. 13-cv-0420-AW, 2013 WL 2370515, at *2 (D. Md. May 29, 2013). Consequently, district courts may exercise their sound discretion to allow amendments to removal papers even after expiration of the thirty day removal period. *Wood v. Carne Co.*, 764 F.3d 316, 322 (4th Cir. 2014) (holding that after the conclusion of the thirty day period, "district courts have discretion to permit amendments that correct allegations already present in the notice of removal.").

Concerns over upholding federalism do not require district courts to overlook practicalities governing the court system - such as the interests of justice and preservation of judicial economy, and courts reviewing requests for remand may take into account whether the

4

plaintiff will be prejudiced by amendment of a notice of removal. *See, e.g.*, *Arlington Cmty. Fed. Credit Union v. Berkley Reg. Ins. Co.*, 57 F. Supp. 3d 589, 597 (E.D. Va. Oct. 30, 2014) ("[A]n important consideration in allowing a defendant to amend its notice of removal is whether the plaintiff would be prejudiced by the amendment"); *Pinnacle Choice, Inc. v. Silverstein*, No. CIV.A. 07-5857 (WJM), 2008 WL 2003759, at *5 (D.N.J. May 6, 2008) *report and recommendation adopted*, No. CIV.A.07-5857(WJM), 2008 WL 2152228 (D.N.J. May 20, 2008) ("[G]enerally speaking, . . . a court has discretion to permit the amendment of a notice of removal after the thirty day period in the interests of justice or judicial economy.").

The United States District Court for the Eastern District of Virginia, in the matter of *Britton v. Gardner*, recently discussed the current state of the law with respect to amendment of notices of removal in the Fourth Circuit. No. 3:14CV683 RCY, 2015 WL 163382, at *3-4 (E.D. Va. Jan. 13, 2015). The *Britton* court explained that:

> Generally, during the thirty-day removal period, a defendant may 'amend its removal petition to include either missing or imperfectly stated grounds for removal.' *Muhlenbeck v. KI, LLC*, 304 F. Supp. 2d 797, 799 (E.D.Va.2004) (citing *Thompson v. Gillen*, 491 F. Supp. 24, 27 (E.D.Va.1980)). Following the thirty-day removal period, however, a defendant may only amend its notice of removal with leave of court. *See id*. 'As a general rule, under 28 U.S.C. 1653, allegations of jurisdiction imperfectly stated in the original petition for removal may be amended even after the expiration of the thirty-day removal period, whereas missing allegations may not be supplied nor new allegations furnished.' *Id.* (citation omitted) (internal quotation marks omitted).
>
> In discussing the differences between 'imperfectly stated' and 'missing' jurisdictional allegations, this Court recently held that
>
>> [t]he line between allegations of a jurisdictional ground or basis for removal which are 'missing' from a notice of removal as opposed to allegations that are merely 'imperfectly stated' is not always entirely distinct. Federal courts, including courts in this district, have interpreted this principle as allowing defendants to amend their removal notices only when they are elaborating on an existing basis or ground for subject matter jurisdiction, but not where a defendant seeks to introduce a new ground or basis for subject matter jurisdiction.

5

> *Arlington Cmty. Fed. Credit Union v. Berkley Reg'l Ins. Co.,* No. 1:14cv1022, 2014 WL 5529668, at *7 (E.D. Va. Oct. 30, 2014) (citing *Wood v. Crane Co.,* 764 F.3d 316, 323 (4th Cir. 2014))). In short, 'amendments to a removal notice are permissible past the 30–day limit where they elaborate on an existing basis or ground for subject matter jurisdiction already stated; by contrast, amendments to a removal notice are impermissible where they seek to inject a new basis or ground for subject matter jurisdiction.' *Evans ex rel. Coles v. GEICO General Ins. Co.,* No. 3:14cv659, 2014 WL 6775774, at *4 (E.D. Va. Dec. 2, 2014).
>
> If a notice of removal imperfectly states the basis for removal, a court next determines 'whether the amendment sought is merely a 'technical' amendment or whether it is "material and substantial."' *Muhlenbeck,* 304 F. Supp. 2d at 801. A technical amendment is one that will not raise significant factual disputes. *See id.* at 802 (finding that an amendment to properly state the citizenship of an LLC was 'only a technical amendment,' because the citizenships of the entities that comprised the LLC were undisputed). The Fourth Circuit has stated 'that amendment is appropriate for technical changes, such as the exact grounds underlying diversity jurisdiction.' *Wood*, 764 F.3d at 323. Similarly, this Court has permitted an amendment where defendants sought 'to elucidate the reasons for the existence of diversity jurisdiction . . . [and] would not be asserting a new basis or ground for subject matter jurisdiction in amending the Notice of Removal.' *Evans*, 2014 WL 6775774, at *7 (granting leave to amend notice of removal that alleged diversity jurisdiction but failed to satisfy the double designation requirement).
>
> On the contrary, courts will not allow an amendment that is material and substantial. 'An amendment is "material and substantial," for example, where it is likely to lead to a significant factual dispute between the parties.' *Muhlenbeck,* 304 F. Supp. 2d at 801. Allowing an amendment that would lead to significant factual disputes would not be proper 'because one of the purposes of the thirty-day removal period of 28 U.S.C. § 1446(b) is to ensure that litigation is not unduly delayed by uncertainty as to subject matter jurisdiction.' *Id.* (citing *Iceland Seafood Corp. v. National Consumer Cooperative Bank,* 285 F. Supp. 2d 719, 727 (E.D. Va.2003) (declining to grant leave to amend where amendment would add an entirely new jurisdictional allegation based on a federal statute)).
>
> *In short, leave to amend should be granted when a notice of removal's jurisdictional ground is an imperfectly stated technical defect, amendment of which will not raise significant factual disputes.* On the contrary, leave to amend should not be granted when a notice of removal completely omits an alleged jurisdictional ground, and the purported amendment seeks to add an entirely new basis for jurisdiction.

*Id.* at *3-4 (emphasis added).

6

**B.      Johnson's Cases Supporting Remand are Non-Binding and/or Distinguishable, and, do not Require Remand.**

Johnson first cites *Mayo v. Board of Educ. of Prince George's County* for the proposition that unanimity of defendants is required for removal. 713 F.3d 735 (4th Cir. 2013). Defendants do not quarrel with this proposition, but note that *Mayo* addressed the question of whether each removing defendant in a case must separately file or sign a notice of removal. Notably, *Mayo* does not address the question of whether a notice of removal may be amended in particular circumstances. *Id.* at 740-42.

Johnson also cites *Egle Nursing Home, Inc. v. Erie Insurance Group* for the proposition that unanimity of removing defendants is required. 981 F. Supp. 932 (D. Md. 1997). *Egle* presented the question of a removing defendant's failure to explain in its notice of removal why a named defendant, which was in fact a non-entity, did not consent to removal. *Id.* at 933-34. In *Egle*, unlike here, not only was there <u>not</u> unanimous consent to removal, but additional analysis and factual development was required in order to determine whether removal was proper. Of particular note, in *Egle*, the removing defendant failed to allege facts supporting removal jurisdiction notwithstanding the undisputed lack of unanimous consent. *Id.* at 934-35. It is worth noting that *Egle* appears to run somewhat-counter to the more recent decisions on amendment of notices of removal set forth in *Britton*.

Johnson next cites *Brantley v. Vaughan*, 835 F. Supp. 258 (D.S.C. 1993). *Brantley* is distinguishable on its facts insofar as *Brantley* involved a factual dispute over whether one of the defendants, a non-diverse party, was improperly joined simply to defeat diversity of citizenship. *Id.* at 261-63. The factual dispute in *Brantley* falls squarely within the non-amendable classification defined in *Britton*.

7

The fourth case cited by Johnson, *P-Nut Carter's Fireworks, Inc. v. Carey*, addresses the issue of a non-joining nominal defendant. 685 F. Supp. 952 (D.S.C. 1988). In *P-Nut* the removing defendant did not obtain the consent of all defendants to its removal petition. *Id.* The removing defendant later argued that the non-consenting defendant was a nominal party whose consent was not required. In *P-Nut*, as in *Egle*, there was more than a mere failure to note the actual consent of all defendants to removal. *Id.* Furthermore, *P-Nut* is both out of district, and distinguishable on the grounds that it did not involve the circumstances present here where there is nothing more than an inadvertent failure to note the consent of all Defendants to removal within the 30 day removal period.

The final case cited by Johnson against amendment, *Alexander by Alexander v. Goldmine Credit Corp.*, 772 F. Supp. 1217 (M.D. Ala. 1991) is the case most supportive of Johnson's position. *Alexander by Alexander* is both older and out-of-district, and therefore less persuasive than the more recent *Britton* case interpreting recent Fourth Circuit law on this issue.

C.  **Failure to Provide Notice of Removal to State Court Within Removal Period does not Require Remand**

In his Supplement, Johnson argues, as an additional basis for remand, that Defendants' were required to notify the state court of removal within the 30 day removal period. Only two cases cited by Johnson in his Supplement directly involve a motion to remand. Of the two remand cases in Johnson's Supplement, only one, *Peterson v. BMI Refractories*, 124 F.2d 1386 (11th Cir. 1997), addresses the issue of whether failure to notify the state court of removal within the 30 day period constitutes cause for remand.

8

Johnson cites *Peterson* for the proposition that "[a]lthough failure of notice to the state court is a procedural defect however a federal court is justified in granting a timely motion to remand . . . on the grounds of such a defect." What the court in *Peterson* actually said was:

> [F]ailure of notice to the state court is a procedural defect <u>that does not defeat federal jurisdiction</u>, even though a federal court might be justified in granting a timely motion to remand under 28 U.S.C. § 1447 on the grounds of such a defect. *See Covington* [*Indemnity Ins. Co. of North America*], 251 F.2d [930,] 932 [(5th Cir. 1958)] (holding that district court acquired jurisdiction in a removed case, even though the notice of removal was defective in that a "copy of all process, pleadings, and orders" was not filed with the removal petition); *see also Mackay* [*v. Unita Development Co.*], 229 U.S. [173,] 176, 33 S.Ct. [638,] 639 [(1913)] ("Removal proceedings are in the nature of process...."). For both of these reasons, the district court's removal jurisdiction was not defeated by BMI's failure to file written notice of removal with the Montgomery County Circuit Court.

*Id.* at 1395 (emphasis added).

The other remand case mentioned in Johnson's Supplement is *Jones v. Cargill Nutrena Feed Division*, 665 F. Supp. 907 (S.D. Ala. 1987). Johnson cites *Jones* for the proposition that "removal had not been effected when notice of removal was filed in wrong state court." Johnson takes the foregoing quote out of context. The issue in *Jones* was not whether remand was required where the state court was notified of removal outside of the 30 day window. Rather, the issue in *Jones* was whether the state court retained jurisdiction to accept an amended complaint adding a non-diverse defendant until notified of removal. The *Jones* court found that the state court indeed retained jurisdiction until notified of removal and therefore the amended complaint was validly filed, defeated complete diversity, and therefore required remand as removal was based exclusively on 28 U.S.C. § 1332.

9

**D.     Preservation and Enforcement of Judicial Economy and The Interests of Furthering Justice Weigh Against Remand.**

In this case, the Motion to Remand should be denied as it is in the interests of justice and judicial efficiency for this Court to retain jurisdiction over the matter. Furthermore, Johnson will suffer no prejudice if the Court retains jurisdiction. This Court, as evidenced by its opinion in *Johnson v. Experian Information Systems, Inc.*, Case No. PWG-15-558, 2015 WL 7769502 (D. Md. Nov. 17, 2015), is intimately familiar with Johnson's allegations and arguments, as well as the underlying procedural history of Johnson's lawsuits regarding whether his student loan debts have (or have not) been fully resolved.

As a result of the Court's involvement with the *Experian* case, a case which raises many issues identical to those presented in this case, this Court is uniquely situated to resolve this litigation far more efficiently than another court which will have conduct a redundant review of the same matters presented to this Court in *Johnson v. Experian*. Johnson will not be prejudiced if this Court retains jurisdiction. Concerns of federalism in the removal process are of particular concern where removal is based solely on diversity of citizenship and where the underlying claims are strictly based in state law. Here, removal is based both on the basis of diversity of citizenship as well as Plaintiff's own choice to avail himself of federal causes of action in hopes of relief. Plaintiff specifically amended his Complaint to add allegations making the case removable, both on the basis of federal question jurisdiction, as well as diversity of citizenship jurisdiction, thus demonstrated his awareness (and willingness) that this Court take jurisdiction over the matter. Johnson has litigated several cases before this Court and demonstrates an operational knowledge of the Federal Rules of Civil Procedure. This case does not demonstrate the types of concerns of upholding federalism, and prejudice to Johnson, that might otherwise weigh in favor of remand.

10

For the foregoing reasons, the Court should deny Johnson's Motion to Remand and permit amendment of the Notice of Removal to cure any inadvertent omission reflecting consent.

## MOTION TO AMEND NOTICE OF REMOVAL

Defendants seek leave of Court to amend their Notice of Removal pursuant to 28 U.S.C. § 1653. Section 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." This Court should exercise its discretion to permit the Defendants to correct the inadvertent omission of a statement regarding unanimous consent to removal on the grounds that: (1) any errors or omissions in the Notice of Removal constitute technical defects which may, in the Court's discretion, be remedied outside of the thirty day removal period; (2) Johnson will suffer no prejudice if this Court retains jurisdiction; and (3) retention of this case serves the interests of justice and promoting judicial economy.

## INTRODUCTION AND SUMMARY OF ARGUMENT

As discussed in *Britton*, a Court has discretion to permit amendment of a notice of removal where the amendment sought is merely technical, and elaborates on an existing basis or ground for subject matter jurisdiction and does not seek to add a new ground or basis. A proposed amendment is 'merely technical' and not 'material and substantial' if it will not raise significant factual disputes. *See Britton*, *supra*.

In this case, the amendment sought does not seek to add a new ground or basis. Removal jurisdiction will remain predicated on both 28 U.S.C. § 1332 as well as federal question jurisdiction. The Defendants' proposed amendment is merely technical rather than material and substantial as the amendment does not raise any factual dispute. It is undisputed that the Defendants all consented to removal prior to January 4, 2016. Amendment to add this fact to the Notice of Removal will raise no factual disputes.

## ARGUMENT

A. **Leave To Amend is Appropriate As Defendants Do Not Seek to Add New Allegations of Jurisdictional Grounds, But Merely to Correct an Inadvertent Omission.**

As explained by the *Britton* court, defendants should not be permitted to amend notices of removal so as to add completely new *grounds of federal jurisdiction*, i.e., seeking to plead new or missing jurisdictional facts that were wholly absent from the original notice of removal. *E.g.*, *Iceland Seafood Corp. v. Nat'l Consumer Co-op Bank*, 285 F. Supp. 2d 719, 727 (E.D. Va. 2003) (refusal to permit amendment of notice of removal to add federal question jurisdiction where diversity jurisdiction was the only basis for federal subject matter jurisdiction contained in the original notice of removal); *Energy Catering Servs., Inc. v. Burrow*, 911 F. Supp. 221, 223 (E.D. La. 1995) (denying amendment where defendant sought to "amend his notice of removal to assert federal question jurisdiction under 28 U.S.C. § 1333 [admiralty]" but "[n]owhere in his original notice of removal did Mr. Burrow set forth any facts or allegations which invoked this Court's admiralty jurisdiction. Rather, the original notice focused solely upon the Court's diversity jurisdiction.").

Courts, including the Fourth Circuit Court of Appeals, have held that, while the thirty day removal period and unanimous consent to removal by all defendants are requirements to removal, neither are jurisdictional in nature. *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006) ("Failure of all defendants to join in the removal petition does not implicate the court's subject matter jurisdiction. Rather, it is merely an error in the removal process."); *Shaw v. Down Brands, Inc.*, 994 F.2d 364, 368 (7th Cir. 1993) (noting that while "the time limit is said to be strictly applied, the time limit is not jurisdictional" (internal citations omitted)). As such, failure of Defendants to demonstrate unanimous consent to removal—either

12

in the Notice of Removal or through timely filing separate documents informing the court of their consent to removal—is no more than a technical error in pleading. While Defendants recognize that the unanimity requirement is important, it is not jurisdictional in nature and, consequently, should fall into the category of those technical defects that are curable through amendment.

This Court should follow the more flexible approach towards amendment set forth in *Britton*, rather than perpetuate the rigid and outdated approach set forth in *Johnson v. Nutrex Research, Inc.*, 429 F. Supp. 2d 723 (D. Md. 2006). The facts of this case are distinct from the facts in *Nutrex*, and such differences should compel this Court to adopt *Britton's* more flexible approach. First and foremost, all of Defendants here *did, in fact,* consent to removal prior to the expiration of the thirty-day removal period. The failure of all Defendants to demonstrate this consent to the Court within the thirty-day removal period was an inadvertent error of a procedural detail, and not an omitted jurisdictional element. Additionally, unlike in *Nutrex*, here Defendants ConServe and FMS indicated their consent to the Court in the time required by the Standing Order Concerning Removal, albeit still outside of the thirty-day removal period. *See* ECF Nos. 26 & 27. These filings came only a few days after the removal period had closed, and thus were not disingenuous attempts to cure an error only discovered upon Plaintiff filing his Motion to Remand to State Court. This is in direct contrast to *Nutrex*, where the non-joining defendant never indicated its consent to removal to the court, but merely implied that its participation in the Opposition to the Motion for Remand demonstrated sufficient consent to removal. 429 F. Supp. 2d at 727.

13

Moreover, the *Nutrex* case was one where diversity of citizenship was the *only* basis of jurisdiction alleged. In this case, both the Amended Complaint and the Notice of Removal clearly indicate removal on the grounds of federal question jurisdiction, as well as diversity of citizenship. As previously noted, the *Nutrex* court impliedly ruled that even if the notice of removal demonstrated unanimity of consent to removal, remand would still have occurred based on the defendants' failure to demonstrate the plaintiff's citizenship for jurisdictional purposes. 429 F. Supp. 2d at 726. This is not the situation here, as one need only look to the Amended Complaint, to confirm there is no doubt that this Court has proper jurisdiction over this matter. Am. Compl. ¶¶ 95-103 (Count XI: Violation of the Fair Debt Collection Practices Act), 104-119 (Count XII: Violation of the Fair Credit Reporting Act), ECF No. 9.

By not granting Defendants leave to amend their Notice of Removal in the present case, the Court will be voluntarily rescinding jurisdiction of a case properly before it. *Cf. Mulcahey*, 29 F.3d at 151 (noting that "in cases where federal law *creates* the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction," and that only "[i]f federal jurisdiction is doubtful, a remand [to state court] is necessary" (citing *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804 (1986))). The application of the *Nutrex* rule to the case presently before the Court would result in an outcome (*i.e.*, remand) that no longer squares with the Fourth Circuit's more evolved approach to amendment of notices of removal as recited in *Britton*.

Recognizing, in effect, that holdings such as that in *Nutrex* result in a "form over substance" approach to removal, courts in other jurisdictions have permitted defendants to cure the unanimity requirement after the conclusion of the thirty-day removal period by amending the notice of removal. Once such instance occurred in the case of *gh, LLC v. Curtin.* 422 F. Supp.

14

2d 994 (N.D. Ind. 2006). In *Curtin*, just as here, the notice of removal did not indicate that all of the defendants had consented to removal at the time the notice of removal was filed. *Id.* at 998. The plaintiff moved to remand the case on the grounds that defendants failed to demonstrate unanimity as to removal, however, the court denied this motion on the grounds that the defendants had demonstrated to the court that they all had consented to removal prior to the notice of removal being filed. *Id.* at 998-99. The court concluded that the omission of unanimity was a mere technical defect as it did "not go to the heart of jurisdiction," and thus could be cured through amendment. *Id.* at 999 ("The Seventh Circuit, noting the reluctance of district courts to permit amendments to technically defective jurisdictional allegations, has stated that 'to be observant of these restrictions is not to indulge in formalism or sterile technicality.' *N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 274 n.2 (7th Cir. 1982) (internal quotations omitted). This Court will not elevate form over substance to prevent removal because of a technical defect.").[2] Just as in *Curtin*, this Court should permit Defendants to amend the Notice of Removal to clarify the unanimity amongst Defendants that existed at the time of removal, and which through inadvertent error was not indicated within the thirty-day removal period.

The decision in *Curtin*, a more flexible approach that is more consistent with *Britton*, has also been recognized by other courts. As such, in following *Curtin*, this Court would not be standing alone in allowing Defendants to amend the Notice of Removal to include unanimity to consent that existed at the time of its filing. *See, e.g.*, *Soliman v. Philip Morris Inc.*, 311 F.3d 966 (9th Cir. 2002), *cert. denied*, 540 U.S. 814 (2003) (remand denied where original removal

---

[2] *See also Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 301-02 (10th Cir. 1968) (admonishing courts not to take a view that "is too grudging with reference to the controlling statute, [28 U.S.C. § 1653], too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts. . . . Without questioning that removal requirements should be strictly applied, the statute authorizing correction of defects by amendment to conform to the true facts should not be dissipated in the process, but should be given practical effect in accordance with its apparent intent" (internal footnotes omitted)).

15

notice was defective for lack of unanimity but district court allowed amendment to cure of the defect); *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1050 (N.D. Cal. 2009), *affirmed*, 409 Fed. App'x 70 (remand was not mandated where the defendant sufficiently explained its failure to note the joinder of all defendants in the notice of removal. In that case, the removing defendant explained that one co-defendant's joinder was timely, another co-defendant was excused from joinder as nominal party due to capacity as trustee, another co-defendant was no longer party to action, and the final co-defendant implicitly consented to joinder by filing motion to dismiss and scheduling hearing on that motion in federal court); *Pinnacle Choice, Inc. v. Silverstein*, 2008 WL 2003759 (D.N.J. May 6, 2008) ("[G]enerally speaking, [] a court has discretion to permit the amendment of a notice of removal after the thirty day period in the interests of justice or judicial economy."); *Seagate Tech. LLC v. Dalian China Express Intern. Corp. Ltd.*, 169 F. Supp. 2d 1146 (N.D. Cal. 2001) (failure to join all proper defendants may render a removal petition procedurally defective, but court may allow amendment of a removal petition to join all proper defendants); *Jordan v. Murphy*, 111 F. Supp. 2d 1151 (N.D. Ohio 2000) (failure to include all of multiple defendants in a removal petition could be cured after the time for removal had expired).

**B.    In this case, the Proposed Amendment Does Not Seek to Change the Grounds for Jurisdiction, Nor Will the Proposed Amendment Raise Factual Disputes.**

Defendants' grounds for removal jurisdiction are clearly stated in the Notice of Removal, *i.e.* (i) diversity of citizenship jurisdiction based on complete diversity of citizenship among the parties and an amount in controversy in excess of the jurisdictional threshold, and, (ii) federal question jurisdiction arising from Johnson's assertion of several causes of action based on federal statutes. Defendants' proposed amendment does not seek to change the basis or grounds for removal jurisdiction.

16

Defendants' proposed amendment raises no factual disputes. Each of Defendants agreed to removal prior to the filing of the Notice of Removal. The fact that unanimous joinder in and/or consent to removal was not specifically stated in the Notice of Removal or indicated within the thirty-day removal period does not change the fact that removal was, in fact, agreed to by all of Defendants prior to the filing of the Notice of Removal. Johnson cannot dispute this fact, and Defendants do not dispute this fact. As such, Defendants' proposed amendment of the Notice of Removal falls squarely within the category of amendment *Britton*, interpreting Fourth Circuit precedent, says is permissible. Consequently, Defendants request that the Court deny Johnson's Motion to Remand and permit Defendants to amend the Notice of Removal.

**C.    Johnson Will Not Be Prejudiced, and The Interests of Judicial Efficiency and Furtherance Of Justice Will Be Furthered, By This Court Retaining Jurisdiction Over This Case.**

As discussed above, the interests of justice and judicial economy would be best served by denying the Motion to Remand and allowing Defendants to amend the Notice of Removal. This Court is in a unique position to efficiently handle the litigation in this case given the Court's extensive understanding of the procedural history and underlying facts because of its recent adjudication of *Johnson v. Experian Information Systems, Inc.* Case No. PWG-15-558, 2015 WL 7769502 (D. Md. Nov. 17, 2015).

The present case involves similar complex factual and procedural matters as addressed in *Experian*, and as such, the interests of all parties are furthered by this Court retaining jurisdiction over the matter. *See, e.g.*, *Seagate Tech. LLC v. Dalian China Express Int'l Corp.*, 169 F. Supp. 2d 1146, 1152-53 (N.D. Cal. 2001) (noting that even though the court was "troubled by fact that it appears that [defendant] Gateway never formally consented to removal to federal court," and even though defendant Gateway never filed any papers formally consenting to removal, but

17

instead informed the court at a hearing that it consented to removal, the court was "willing to overlook this procedural defect in order to save time and resources in what has turned out to be an already difficult case procedurally"). Furthermore, the same reasons why judicial efficiency and the furtherance of justice would be served by this Court retaining jurisdiction—*e.g.*, the Court's understanding of the complex facts and procedural posture of the matter, and the existence of federal questions of law—also demonstrate that Johnson would not be prejudiced by this Court retaining jurisdiction.

For the foregoing reasons, the Court should deny Johnson's Motion to Remand and permit amendment of the Notice of Removal to cure any inadvertent omission of consent.

## CONCLUSION

As detailed above and proved in the attached documents, all Defendants consented to removal prior to the filing of the Notice of Removal. To the extent there was an inadvertent error in failing to expressly confirm all Defendants' consent to removal within the thirty-day removal period, Defendants should be permitted to amend the Notice of Removal to confirm such consent existed. Consequently, Johnson's Motion to Remand should be denied, and this Court should grant Defendants' Request for Leave to File an Amended Notice of Removal.

**WHEREFORE**, Defendants MAXIMUS, Inc., d/b/a MAXIMUS Federal Services, Inc., Financial Management Systems, Inc., and Continental Service Group, Inc., respectfully request that the Court:

a. Grant their motion for leave to amend the Notice of Removal;

b. Deem the Notice of Removal amended to explicitly state that all Defendants consent to removal;

c. Deny Johnson's Motion to Remand to State Court; and

    d.  Grant such other and further relief as is appropriate under the circumstances.

Respectfully submitted,

| | |
|---|---|
| LECLAIRRYAN | SHULMAN ROGERS GANDAL PORDY & ECKER P.A. |
| By: /s/ Andrew L. Cole<br>Andrew L. Cole, Fed. Bar No. 14865<br>180 Admiral Cochrane Drive,<br>Suite 520<br>Annapolis, Maryland 21401<br>Telephone: (410) 224-3000<br>Facsimile: (410) 224-0098<br>Andrew.Cole@leclairryan.com<br><br>*Counsel for Defendant Continental Service Group, Inc.* | By: /s/ Gregory D. Grant<br>Gregory D. Grant, Bar No. 13942<br>Meredith L. Schramm-Strosser, Bar No. 18537<br>12505 Park Potomac Avenue, Sixth Floor<br>Potomac, Maryland 20854-6803<br>Telephone: (301) 230-5200<br>Facsimile: (301) 230-2891<br>ggrant@shulmanrogers.com<br>mschrammstrosser@shulmanrogers.com<br><br>*Counsel for Defendant MAXIMUS, Inc.* |
| WHITEFORD TAYLOR PRESTON, L.L.P. | SESSIONS FISHMAN NATHAN & ISREAL |
| By: /s/ Patrick McKevitt<br>Jonathan Claiborne, Esq., Bar No. 347<br>Patrick McKevitt, Esq., Bar No. 30078<br>Whiteford Taylor Preston<br>7 St. Paul Street<br>Suite 1500<br>Baltimore, Maryland 21202<br>Telephone: (410) 347-8700<br>Facsimile: (410) 223-3498<br>jclaiborne@wtplaw.com<br>pmckevitt@wtplaw.com<br><br>*Counsel for Defendant Financial Management Systems, Inc.* | By: /s/ Kirsten H. Smith<br>Kirsten H. Smith, Esq., *Pro Hac Vice*<br>3850 N. Causeway Blvd.<br>Suite 200<br>Metairie, Louisiana 72002<br>Telephone: (504) 846-7943<br>Facsimile: (504) 828-3737<br>Kihsmith1@sessions.legal<br><br>*Counsel for Defendant Financial Management Systems, Inc.* |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2016, a copy of the foregoing, together will all exhibits and attachments, was served *via* CM/ECF on all registered users who have entered appearances in this action, and *via* first class mail, postage pre-paid, upon:

>Joseph Johnson, Jr.
>P.O. Box 441572
>Fort Washington, MD 20749-1572
>
>*Plaintiff Pro Se*

      /s/ Andrew L. Cole
      Andrew L. Cole