# Exhibit 1

Case 8:16-cv-00014-PWG   Document 40-1   Filed 02/18/16   Page 1 of 3

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND (GREENBELT)

| | |
|---|---|
| JOSEPH JOHNSON, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>MAXIMUS, INC. *d/b/a MAXIMUS Federal Services, Inc.*; FINANCIAL MANAGEMENT SYSTEMS (FMS); *and* CONTINENTIAL SERVICE GROUP, INC. *d/b/a Conserve*,<br><br>    Defendants. | Case No. 8:16-cv-00014-PWG |

## DECLARATION OF KIRSTEN H. SMITH

I, Kirsten H. Smith, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am over 18 years of age, of sound mind, and otherwise competent to make the Declaration. The evidence set out in the foregoing Declaration is based on my own personal knowledge.

2. I am an attorney at Sessions, Fishman, Nathan & Israel, LLC and I am counsel of record, *pro hac vice*, for defendant Financial Management Systems, Inc. ("FMS") in this action. I submit this Declaration in support of Defendants' Joint Opposition to Plaintiff's Motion to Remand.

3. On December 11, 2015, after receiving a copy of plaintiff's first amended complaint, FMS consented to removal of this matter based on this Court's federal question and supplemental jurisdiction.

4. On December 11, 2015, I conferred with Gregory Grant and Meredith Schramm-Strosser, counsel for defendant Maximus, Inc. d/b/a Maximus Federal Services, Inc. ("Maximus"), and Andrew Cole, counsel for Continental Service Group, Inc. ("ConServe"), regarding removal. All defendants agreed and consented to removal of plaintiff's first amended complaint to this Court on this date.

5. On January 4, 2016, Maximus timely filed the notice of removal in this Court, to which FMS and ConServe had previously consented. *See* Dkt. 1. Accordingly, all defendants consented to removal at the time of the notice of removal filing.

1

6. On January 11, 2016, in accordance with this Court's Standing Order Concerning Removal (Dkt. 15), FMS filed evidence of its consent to removal in this Court's record.  *See* Dkt. 19.

7. Upon information and belief, and based on this Court's docket, on January 12, 2016, ConServe likewise timely filed evidence of its consent to removal in accordance with the standing order.  *See* Dkt. 26.

8. Upon information and belief, and based on this Court's docket, FMS and ConServe filed their evidence of consent to removal in this Court's record prior to plaintiff's motion to remand filing (Dkt. 29).

9. Any purported deficiency in the notice of removal regarding the failure to allege all defendants consent to removal was an inadvertent, good-faith clerical mistake. Upon information and belief, and based on the record, plaintiff was not prejudiced by any such purported deficiency in failing to state that all defendants consent to removal in the notice of removal.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 18, 2016

_____
Kirsten H. Smith (*pro hac vice*)
*Attorney for Defendant,*
*Financial Management Systems, Inc.*

\\SFNI-FS01\Prolawdocs\9385\9385-38340\Johnson, Joseph Jr. (Pro Se)\2036232.doc