

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| | | |
|---|---|---|
| **JOSEPH JOHNSON, JR.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **Vs.** | § | **Case 8:16-cv-00014-PWG** |
| | § | |
| **MAXIMUS INC., d/b/a,** | § | |
| **MAXIMUS FEDERAL SERVICES, INC.,** *et al,* | § | |
| | § | |
| **Defendants.** | § | |

<u>**REPLY IN SUPPORT OF MOTION TO REMAND AND SUPPLEMENT TO MOTION TO REMAND AND OPPOSITION TO DEFENDANTS' JOINT MOTION FOR LEAVE TO AMEND NOTICE OF REMOVAL**</u>

Plaintiff, Joseph Johnson, Jr., pursuant to 28 U.S.C. §1447(c), §1653 and Local Rule 103.6, files this Reply in Support of Plaintiff's Motion to Remand [ECF No. 29] and Plaintiff's Supplement to Motion to Remand [ECF No. 33], and Opposes Defendants' Joint Motion for Leave to Amend Notice of Removal [ECF No. 49], and in support thereof states as follows:

I.    <u>**INTRODUCTORY STATEMENT**</u>

Removal of this action from the Circuit Court for Prince George's County was procedurally improper because the notice of removal filed by Defendant Maximus *only* fatally failed to allege that Defendants FMS and ConServe joined in, or consented to, removal or otherwise explains their absence. In addition, Defendants FMS and ConServe failed to voice their written consent to removal directly to the Court within 30-days after receipt of Plaintiff's First Amended Complaint on December 8, 2015, as required by 28 U.S.C. §1446(b)(2)(3). And finally, Defendant Maximus also failed to "effect removal" within 30-days of receipt of the First Amended Complaint on December 8, 2015 by failing to provide notice to the State Court within the 30-day removal period, as required by 28 U.S.C. §1446(d). *See,* [ECF Nos. 29 & 33].

Confronted with Plaintiff's Motion to Remand, on February 19, 2016, Defendants filed a lengthy 20-page joint Opposition combined with a Motion for Leave to Amend the Notice of Removal pursuant to 28 U.S.C. §1653 arguing that "Johnson's Motion to Remand should be denied because the Defendants all consented to removal of this case prior to the filing of the Notice of Removal, and prior to Plaintiff's Motion to Remand", and that "the mere fact that the Notice of Removal did not specifically state Defendants' joinder and/or consent is a mere technical error that does not strip this Court of jurisdiction." [ECF No. 49, at 1]. Defendants further argue that "Plaintiff will allegedly suffer no prejudice if this Court retains jurisdiction over this case" and that "the Court's intimate familiarity with Plaintiff's substantive claims means that denying remand benefits judicial economy and furthers the interests of justice." *Id.*

For the reasons stated in the Motion and herein, Defendants' Opposition to Plaintiff's Motion to Remand and Supplement to Motion to Remand is without merit and should be rejected because the removal Notice is fatally defective for failure to satisfy the unanimity requirement and the court has no discretion to permit Defendants to amend the Notice under §1653 to supply "missing allegations" beyond the 30-day statutory period and therefore a remand is required.

## II.   **ARGUMENT IN REPLY**

**A. Defendant Maximus's Removal Notice Fatally Failed to satisfy the "Unanimity" Requirement of 28 U.S.C. §1446(b)(2)(A) by Failing to State that Defendants FMS and ConServe Joined In, Or Consented to, Removal, Or Otherwise Explain Their Absence at the Time of Filing the Removal. Further, FMS and ConServe Failed to Voice Their Written Consents to Removal Directly to the Court Within the 30-day Removal Period.**

There is no dispute that the removal notice filed by Defendant Maximus *only* failed to state in any respect that Defendants FMS and ConServe joined in, or consented to removal or otherwise explains their absence at the time of filing the removal notice. All defendants were properly joined and served and were required to join in or consent to the removal of the action at.

2

Realizing this fatal procedural flaw, Defendants now seek to amend the defective notice outside of the 30-day removal window period to correct this procedural defect. [ECF No. 49, p. 11-18]. There is also no dispute that Defendants FMS and ConServe failed to voice their written consents *directly to the Court* within the 30-day removal period because as evidenced by the removing Defendant's own admission, on January 27, 2016, counsel for Maximus sent a letter addressed to this Court conceding that Defendants FMS and ConServe had "filed their consents and/or joinder after the conclusion of their respective thirty day removal periods." [ECF No. 32]. Given these obvious and undisputed fatal procedural defects, removal was thus improper under Section 1446(b) and a remand is required for failure of Defendant Maximus to fulfill the "unanimity" requirement of the removal statute. *Fletcher v. Hamlet*, 116 U.S. 408, 410 (1886) ("There can be no removal by the defendants unless they all join ..."); *Easter-Greene v. Verizon Maryland, LLC,* No. MJG-14-1040, 2014 WL 3723228, at *3 (D. Md. July 23, 2014) (granting a motion to remand because "the Notice of Removal lacks any statement of concurrence or other unambiguous representation that all Defendants consented to removal"); 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure,* §3731 n.11 (3d ed. 1998 & Supp. 2005)(citing numerous decisions in which courts remanded civil actions for defendant's failure to timely provide notice of consent to removal petition); *Jackson v. Roseman,* 878 F. Supp. 820, 826 (D. Md. 1995) (Northrup, J.) (remanding case for defendant's failure to join removal petition); *Whitcomb v. Potomac Physicians, P.A.,* 832 F. Supp. 1011, 1013 (D. Md. 1993) (Motz, J.) (remanding in part for defendant's failure to timely join, noting "[i]t is well established that ordinarily all defendants must consent to a removal"); and *see, McKinney v. Board of Trustees of Maryland Com. Col.,* 955 F.2d 924 (4th Cir. 1992) (requiring consent to the removal within thirty days ...).

3

There is no merit in Defendants' contention that "Johnson's cases supporting remand are non-binding and/or distinguishable and do not require remand" [ECF No. 49, at p. 7-8]. There is a dearth of cases in this Circuit that stands for the proposition that a Notice of Removal that lacks any statement of concurrence or other unambiguous representation that *all* Defendants consented to removal, is procedurally defective and requires remand, and that the failure of a Defendant to voice their consent directly to the Court within the 30-day removal period also requires remand. Plaintiff would exceed the page limitation of writing this brief if he were to expend time citing to cases arguing this point. *See, e.g.*, *Cain vs. Dennis*, No. WMN-09-759 (D. Md. August 20, 2009); *Anne Arundel County, Maryland v. United Pacific Insurance Co., et al.*, 905 F. Supp. 277 (D. Md. 1995); *Stevens v. Thornsbury*, No. 3:13-CV-31719, 2014 WL 3962478 (S.D.W. Va. Aug 13, 2014); *Phillips Construction, LLC v. Daniels Law Firm*, 93 F. Supp.3d 544 (S.D. W. Va. 2015); *Palmetto Automatic Sprinkler v. Smith Cooper Int'l.*, 995 F. Supp.2d 492 (D.S.C. 2014); *Acord v. Montelone*, 5:12-CV-88 (N.D.W.Va. January 28, 2013) and *AEA ex rel. Angelopoulos v. Volvo Penta*, 77 F. Supp. 3d 481 (ED, Va. 2015). Other courts have similarly found that these defects require remand. *See, e.g, Jones ex rel. Bazerman v. Florida Dep't of Children & Family Services,* 202 F. Supp.2d 1352, 1355 (S.D. Fla. 2002) (failure of defendants to consent to removal before expiration of 30 day period violates rule of unanimity and requires remand) and *Newman v. Spectrum Stores, Inc.*, 109 F. Supp. 2d 1342, 1346 (M.D. Ala. 2000) (lack of consent by defendant within 30 day period violates unanimity rule, and late-filed consent does not cure the defect). Because the removing Defendant Maximus failed to satisfy the "unanimity" requirement of 28 U.S.C. §1446(b)(2)(A) at the time of filing the removal Notice in this Court and all other Defendants otherwise failed to timely voice their written consents to removal directly with the Court within the 30-day removal period, a remand is necessary.

B. **Failure to Provide Notice of Removal to the State Court Within the 30-day Removal Period Requires Remand.**

As argued in the Plaintiff's supplement to motion to remand, notwithstanding the fact that removal was improper for all the reasons stated in the underlying Motion; however, Defendant Maximus (as the removing Defendant) also failed to "effect removal" within 30-days of receiving the amended complaint on December 8, 2015 by failing to provide notice to the State Court within the 30-day removal period, as required by 28 U.S.C. §1446(d). [ECF No. 33]. Defendant Maximus offers no excuse for why it failed to provide timely notice to the State Court within the 30-day removal period, and offers no argument nor cite to any cases to refute the Plaintiff's contentions that this procedural defect warrants remand. Accordingly, and for the reasons stated in the supplement to motion to remand, the failure to provide notice to the state court within the 30-day removal period is a defect in the removal procedure and serves as an adequate basis for remand. *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 547 (5th Cir. 1985); *Boyce v. St. Paul Fire & Marine Ins. Co.*, 1993 WL 21210, at *3 (E.D. Pa. Jan. 28, 1993).

C. **Preservation and Enforcement of Judicial Economy and The Interests of Furthering Justice Does Not Weigh Against Remand In This Improperly Removed Case.**

In an effort to avoid remand of this improperly removed State Court Action, Defendants argue that "the Motion to Remand should be denied as it is allegedly in the interests of justice and judicial efficiency for this Court to retain jurisdiction over the matter" and that "Johnson will allegedly suffer no prejudice if the Court retains jurisdiction. [ECF No. 49, at p.10].

Defendants' argument is absurd and provides no basis for which the Court can ignore basic procedural defects in a removal petition that plainly makes the removal of this State Court Action from the Circuit Court for Prince George's County procedurally and legally improper.

The mere fact that this Court is familiar with the "allegations and arguments, as well as the underlying procedural history" of a lawsuit is no basis to deprive Plaintiff of his chosen state-court forum. The Circuit Court for Prince George's County is equally familiar with Plaintiff's allegations and arguments, as well as the underlying procedural history of this lawsuit as that is the very court upon which the opinion in the *Johnson v. Experian Information Systems, Inc.*, Case No. PWG-15-558, 2015 WL 7769502 (D. Md. Nov. 17, 2015) rests, and the State Court is undoubtedly uniquely situated to resolve this litigation far more efficiently than another court and is certainly in a better position to decide issues of state law presented in this case including the preclusive effect of its own judgment. Thus, it would be highly unfair to deprive Plaintiff of his chosen state-court forum. Finally, continued proceedings in this Court would not serve judicial economy. The Court has not devoted *any* substantial resources to this case and has not had *any* occasion to address the merits of Plaintiff's state-law claims. More importantly, Plaintiff exercised his right to seek remand of this improperly removed State Court Action by filing a timely motion to remand and is thus entitled to the protections afforded under §1446(b). As this Court has aptly summarized, "a plaintiff has every right to do all that is possible, within the bounds of ethical constraints, to ensure that his case remains in state court; a defendant has an equally defensible privilege to do all it can, under like constraints, to push or pull the action into federal court." *Sledz v. Flintkote Co.,* 209 F.Supp.2d 559, 564 (D. Md. 2002). Defendants here lost their right to litigate this case in a federal-forum by failing to strictly comply with the procedural requirements of the removal statute. Plaintiff would be prejudiced if he were deprived of the procedural protections of §1446 that entitles him to a remand based on defects in removal. Accordingly, the Court should reject the Defendants' arguments and contentions and remand this improperly removed State Court Action back to the Circuit Court for Prince George's County.

III. **RESPONSE IN OPPOSITION TO**
**MOTION TO AMEND NOTICE OF REMOVAL**

A. **Defendant Maximus May Not Amend Its' Removal Notice.**

Defendants acknowledge that the removal Notice filed by Defendant Maximus *only* failed to satisfy the unanimity requirement of the removal statute at the time that it was filed but argue that they should be permitted to amend the Notice out of time to reflect that the Defendants all consented to removal among themselves prior to January 4, 2016. Defendants cite several cases in an effort to suggest that such an amendment would be appropriate, characterizing the failure to obtain unanimous consent and then not allege it in the Notice as a "technical rather than material and substantial" defect. *See*, [ECF No. 49, at 11]. No authority has been cited to support the effort to escape the rigid requirements of 28 U.S.C. §1446(b)(2).

Defendants seek to amend the removal Notice in such a way that the removal statute and case law in this circuit forbids. Obtaining unanimity is a key component of the procedure for removal and is certainly more than a technicality. *See, Egle Nursing Home, Inc. v. Erie Ins. Grp.,* 981 F. Supp. 932, 935(D. Md. 1997) ("the consent of all defendants to removal is not a mere technicality, but an important part of the burden carried by the party seeking removal jurisdiction"). Defendants request permission to amend the Notice to allege that Defendants FMS and ConServe consented to removal, more than 30-days after-the-fact. Such an amendment is improper. Prior to the running of the thirty (30) day removal period amendments are freely allowed. However, after that period has lapsed, as here, amendments are improper other than to cure purely technical defects or to allege specific removal grounds imperfectly stated in the original notice, and are not proper to allege entirely new facts of substance as Defendants are seeking to accomplish here. *Thompson v. Gillen,* 491 F. Supp. 24, 27 (E.D. Va.1980); *Town of Fairfax v. Ashbrook,* 3 F. Supp. 345, 346 (N.D. Okla. 1933).

7

Defendants FMS and ConServe's failure to join in or voice their written consent to removal *directly to the Court* in a timely fashion is a substantial defect in the removal proceedings. It is apparent that this belated attempt to comply with the statue now was brought about as a response to Plaintiff's Motion to Remand and the authorities cited in its support. Such effort fails to satisfy the requirements of Rule 11 that the defenses or other legal contentions are warranted by existing law, or other factual contentions have evidentiary support. That the Defendants have failed to demonstrate that all of them joined in or voiced their consent to removal directly with the Court in a timely manner is quite evident; and Defendants' filing of an Amended Notice of Removal is legally insufficient to remedy the deficiency. Defendants' proposed amendment attempts to do more than cure a mere technical defect or clarify imperfectly stated allegations in the Notice. There are no allegations in the removal Notice that indicates that FMS and ConServe joined in or consented to removal. Nor does it explain their absence. Federal jurisdiction founded upon removal should be rejected where the propriety of removal is doubtful. *Croy v. Buckeye International, Inc.,* 483 F. Supp. 402, 405 (D.Md.1979).

To permit amendments in situations such as the present one would strip the 30-day period requirement in §1446(b) of its effectiveness. Requiring parties to timely voice their written consent to removal directly to the Court, a relatively unburdensome task, is preferable to protracted after-the-fact judicial determinations upon a motion to amend. *Mason v. International Business machines, Inc.,* 543 F. Supp. 444, n.3 (M.D.N.C. 1982). To permit the introduction of FMS and ConServe's *untimely* consent to removal would be to eviscerate the requirement of the removal statute, to the prejudice of Plaintiff. The failure here is not a "technical defect" which might have been corrected within the statutory period; rather it is a basic deficiency. FMS and ConServe's written consent was given *after* the conclusion of their thirty day removal period.

In *Marci v. M&M Contractors*, 897 F. Supp. 381 (D.N.D. Indiana 1995) the court stated that "defects in removal procedures may only be cured within the statutory time period," absent waiver. *Id.* at 384. The court ruled further that:

> ... The defendant bears the burden of meeting all of the statutory requirements for removal. 'The plaintiff has a right to remand if the defendant did not take the right steps when removing,' and 'a removed matter must be remanded if there are any defects in the removal procedure.'" *Id.* at 384 (Citations omitted).

Of particular note here also is the court's holding in *Van Horn v. Western Electric Co.*, 424 F. Supp. 920 (E.D. Michigan 1977) citing authority for the proposition that "where the essential facts necessary to justify removal are not alleged, either perfectly or imperfectly, then the case must be remanded." *Id.* at 925. "An absence of allegations cannot be regarded as an allegation defective in form. Here the defendant does not seek to amend on allegations; it seeks to introduce one not heretofore made." *Id.* The proposed amendment to the Notice of Removal seeks to adopt an *untimely* consent by FMS and Conserve, which, in effect, seeks to introduce an allegation *not* previously made by Maximus in a proper and timely manner. Defendants' main contention proffered to support amending the Notice out of time appears to center around their allegation that "prior to filing the Notice of Removal, the Defendants allegedly conferred by telephone and all agreed and consented to removal." [ECF No. 49, at p. 1-18]. In support, Defendants provide declarations of each of the three attorneys of record wherein it is stated in paragraph 4 that "[a]ll defendants agreed and consented to removal of plaintiff's first amended complaint to this Court on December 11, 2015." [ECF No. 49-1, 48-2 and 48-3, at ¶4]. There is no merit in those contentions as all Defendants were required to join in the removal at the time it was filed with the Court on January 4, 2016 or voice their respective written consent to removal *directly to the Court* during the 30-day statutory removal period to perfect the removal, and by their own admission, Defendants failed to do so [ECF No. 32 at p. 2]. *Michaels v. State of New*

*Jersey*, 955 F. Supp. 315, 320-21 (D.N.J. 1996) ("Most courts require all defendants to voice their consent directly to the court.") (Emphasis in original) (citations omitted); *Fellhauer v. City of Geneva*, 673 F. Supp. 1445, 1448 (N.D. Ill. 1987) (rejecting defendant's argument that one defense counsel's expression of consent to other defendant's counsel in a telephone conversation established consent to removal, and stating: "The removal statutes require that all defendants communicate their consent to the court -- not to one another.") (Emphasis in original); *See also, Carter v. Ingersoll-Rand Co., Inc.*, 2001 WL 238540, *2 (E.D. Pa.); *Morganti v. Armstrong Blum Mfg. Co.*, 2001 WL 283135, *2 (E.D. Pa. 2004); *Green v. Target Stores, Inc.*, 305 F. Supp.2d 448, 450-1 (E.D. Pa. 2004); *Gratz v. Murchison*, 130 F. Supp. 709, 713 (D. Del. 1955).

The policy underlying the removal statute was expressed by the court in *Walsh v. American Airlines, Inc.*, 264 F. Supp. 514 (E.D. Kentucky 1967), stating that the allegations of a request for removal sufficient to establish jurisdiction are "fundamental" in nature. The court there succinctly stated the applicable principle:

> "To permit an amendment after the expiration of the period of limitation for the filing of the petition for removal would be not to correct a defective allegation but to permit a new and hitherto unplead jurisdictional ground for removal."

*Id* at 516.

The several decisions of this Court, which are cited in Plaintiff's Memorandum in Support of Motion to Remand, together with the decisions by the Fourth Circuit Court of Appeals in *Barbour v. International Union*, 640 F.3d 599 (2011) *en banc*, abrogated on other grounds, by U.S.C. Sec. 1446(b)(2)(B), and *Mayo v. Board of Education of Prince George's County*, 713 F.3d 735 (2013), combine to exhibit a firm basis for rejecting the proposed amendment to the Notice of Removal. *See, also, Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Louth,* 40 F. Supp. 2d 776, 783 (W.D. Va. 1999) (denying request to amend removal notice).

District courts throughout this Circuit have forbidden defendants from "attempt[ing] to amend [their] Notice[s] of Removal" via memoranda in opposition to motions to remand, holding that "[a] defendant may not use a memorandum to attempt to amend his notice of removal to add a basis for removal[,]" and making it plain that new bases not timely asserted in the removal notice will be rejected. *UMLIC Consolidated, Inc. v. Spectrum Fin. Servs. Corp.*, 665 F.Supp.2d 528, 533 (W.D.N.C. 2009) (ordering remand, holding that diversity jurisdiction was lacking, and rejecting defendant's attempt to amend its removal notice after expiration of the 30-day removal period with arguments in remand opposition brief that a named party was not a real party in interest and that its citizenship should be disregarded); *Phillips v. BJ's Wholesale Club, Inc.*, 591 F.Supp.2d 822 (E.D. Va. 2008) (remanding for lack of diversity jurisdiction, holding that diversity jurisdiction did not exist where removal notice alleged nothing about fraudulent joinder, and failure to timely raise the issue, asserted for the first time in response to a motion to remand, was not a mere technical defect that warranted leave to amend removal notice beyond the 30-day time limit); *Tincher v. Ins. Co. of Penn.*, 268 F. Supp.2d 666 (E.D. Va. 2003) (remanding and denying motion to amend notice to allege fraudulent joinder where no allegation of fraudulent joinder was made in notice and defendant did not raise the issue until its response to plaintiff's motion to remand); *Castle v. Laurel Creek Co., Inc.*, 848 F. Supp. 62, 64 (S.D. W.Va. 1994) (remanding and denying belated attempt to add fraudulent joinder allegation to notice of removal); *Barnhill v. Ins. Co. of N. Am.*, 130 F.R.D. 46, 51 (D.S.C. 1990) (Hamilton, J.) (remanding and noting that "the overwhelming majority of courts allow amendment after expiration of the statutory period for removal only for the purpose of setting forth more specifically *each* ground for removal which had been imperfectly set forth in the original petition" but "deny leave to amend to supply *missing* allegations or to supply *new* allegations").

As then-District Court Judge Hamilton underscored in *Barnhill*, "a number of compelling policy considerations ... require this court to apply a very restrictive view of amendment-at least after the statutory period for removal ... has expired." 130 F.R.D. at 50. Those considerations include: "preventing federal court infringement upon rightful independence and sovereignty of state courts[;]" "reducing uncertainty as to the court's jurisdiction in the marginal cases, which a more liberal construction of the removal statute would promote[;]" "allowing amendment of the notice of removal ... after the thirty day time limit for removal specified ... would 'substantially eviscerate' the specific time provision enacted by Congress[;]" and "conceding that traditional justification for diversity jurisdiction state court hostility toward nonresident defendants has been significantly reduced since the time diversity jurisdiction was created[.]" *Id.* at 50-51.

The absence of allegations that all defendants consent to removal is a substantive, rather than technical defect, and thus, the notice of removal may *not be amended following the thirty-day period to include such an allegation.* (Emphasis added). *See, Alexander v. Goldome Credit Corp.,* 772 F. Supp. 1217, 1221-1222 (M.D. Ala. 1991); *see also, Ross v. Thousand Adventures of Iowa, Inc.*, 163 F.Supp.2d 1044, (S.D. Iowa-2001) (Whether a removing defendant mentions joinder or other defendants in an original notice of removal goes beyond matters of form. It is an important issue which should be noted in an original notice of removal); *Bellone v. Roxbury Homes, Inc.*; 748 F. Supp. 434, 437 n.1 (W.D. Va. 1990) (denying defendant's request to amend to allege consent to removal of co-defendant who had not joined petition when it was originally filed because thirty-day time period had expired, and such an amendment was not the minor amendment that is allowed). Defendants here do not seek to amend "*defective allegations of jurisdiction*" as provided in 28 U.S.C. §1653; rather, Defendants seek to amend the Notice by supplying entirely *missing* and *new* allegations of substance to satisfy the unanimity requirement.

12

The arguments put forth in Defendants' motion to amend notice of removal are to no avail as none of the exceptions to the general rule of unanimity apply. Defendants do not argue that the non-joining defendants were nominal parties or that any defendant was fraudulently joined. At the time Defendant Maximus filed its notice of removal, *all* defendants had been served and thus, *all* were required to join in removal. Yet, Maximus did not join FMS and ConServe at the time of filing its notice of removal. Further, amendment of Maximus's notice of removal to reflect FMS and ConServe's *untimely* consents filed *after* the 30-day period had lapsed, is insufficient to cure the procedural defect of lack of unanimous consent at the time of removal. Removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

Given that overarching principle, the Court should find that there is no basis on which to excuse Defendant Maximus's failure to comply with the rule of unanimity by obtaining the timely, written consent of all named Defendants at the time of removal. Further, an amendment alleging facts clearly not stated in the Notice to the state court, cannot be looked to to confer removal jurisdiction. *Waite v. Phoenix Ins.*, Co. (C. C.) 62 F. 769. Removal was thus procedurally improper and §1446(b) requires that this case be remanded to the state court. *See Balazik v. County of Dauphin*, 44 F.3d 209, 213 (stating that if the proper removal procedures were not followed by defendant, the court must remand the action to state court); *Collins v. American Red Cross*, 724 F. Supp. 353, 360 (E.D. Pa. 1989) (holding that where all defendants had been served, a co-defendant's failure to enter an appearance does not relieve the removing defendant of its duty to adhere to the unanimity requirement); *Leuzzi v. Dollar Tree Stores, Inc.*, No. 05-4814, 2005 U.S. Dist. LEXIS 26701, at *6-7 (E.D. Pa. Nov. 4, 2005) (noting that "[t]he burden of removing a case to federal court rests solely upon the defendants" and granting remand

13

because the removing defendant had failed to secure the consent of its co-defendants despite having been aware that the non-joining defendants were parties to the case at the time of filing of its notice of removal); *Brooks v. Rosiere*, 585 F. Supp. 351, 354 (E.D. La. 1984) (finding that removing defendants' failure to include individual defendant in removal petition could not be cured by retroactive consent).

**B. There Is No Removal Jurisdiction for Which to Permit Amendment to Defendant Maximus's Defective Removal Notice.**

As noted above, Defendants have acknowledged through their various filings that the removal Notice filed by Defendant Maximus *only* failed to satisfy the unanimity requirement at the time that it was filed by failing to allege that Defendants FMS and ConServe joined in, or consented to removal or otherwise explain their absence. Defendants have jointly moved to amend the defective Notice out of time to add these crucial and entirely "missing allegations". As the Fourth Circuit Court of Appeals stated in dicta in an unpublished opinion in *Wilkins v. Correctional Medical Sys.*, 931 F.2d 888, 1991 WL 68791 at *2 n.2 (4th Cir. May 3, 1991), "because the filing requirements contained in 28 U.S.C. §1446 are mandatory, *there is no federal jurisdiction when one of the defendants fails to join in, file his own, or officially and unambiguously consents to, a removal petition within 30 days of service*." (Emphasis added). Hence, there is no jurisdiction in this Court for which to permit amendment to Defendant Maximus's defective removal Notice and the Defendants' Joint Motion to Amend Notice of Removal must therefore be denied and this case remanded to the Circuit Court for Prince George's County for lack for federal removal jurisdiction. *See, e.g. Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (stating that "'without jurisdiction the court cannot proceed at all in any cause.") (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)).

C. **Defendants' Motion Should Be Denied as Procedurally Defective.**

As a final point, even if there was jurisdiction and a valid basis for amending the removal Notice out of time, (which there is not), Defendants' motion should also be denied as procedurally defective. Defendants have failed to comply with Local Rule 103.6 of this Court which requires a party seeking to amend a pleading to submit both clean and "blacklined"[1] copies of the proposed amendment. For this reason alone, the Defendants' Motion to Amend Notice of Removal should be denied for failure to comply with the Local Rules of this Court.

## IV.    <u>CONCLUSION</u>

Removal of this action suffers from a procedural defect in the form of lack of timely joinder or consent by all properly named and served defendants. Plaintiff having timely raised this shortcoming, this action must be remanded to the Circuit Court for Prince George's County.

Respectfully submitted,

March 4, 2016

Joseph Johnson, Jr.
Post Office Box 441572
Fort Washington, MD   20749

## <u>CERTIFICATE OF SERVICE</u>

On March 4, 2016, a copy of the foregoing paper was served on all parties and counsel of record via regular first class mail; postage prepaid.

Joseph Johnson, Jr.

---

[1] Local Rule 103.6(a) plainly states that: "Whenever a party files a motion requesting leave to file an amended pleading, the original of the proposed amended pleading shall accompany the motion." Local Rule 103.6(c) also states that: "Unless otherwise ordered by the Court, the party filing an amended pleading shall file and serve (1) a clean copy of the amended pleading and (2) a copy of the amended pleading in which stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold-faced type."