**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
PAUL W. GRIMM
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0670
(301) 344-3910 FAX

May 26, 2016

RE:     *Johnson v. Maximus, Inc. et al.*
        PWG 16-14

## <u>LETTER ORDER</u>

Dear Parties:

On January 15, 2016, Plaintiff Joseph Johnson Jr. filed a motion to remand this case to state court alleging that Defendants failed to remove it properly because not all Defendants joined in the removal.  *See* Pl.'s Mot., ECF No. 29; Notice of Removal, ECF No. 1.[1]  Johnson filed his original complaint in the District Court for Prince George's County, Maryland.  Compl., ECF No. 1, and on December 4, 2015, his amended complaint in Circuit Court for Prince George's County, Maryland, Am. Compl., ECF No. 9.  The claims in his original complaint did not include any under federal law.  In his amended complaint, Johnson added claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Fair Credit Reporting Act, 15. U.S.C. § 1681 *et seq.*  Am. Compl. 19–23.

Defendant Maximus Inc., d/b/a/ Maximus Federal Services, Inc., ("Maximus") filed a notice of removal to this Court on January 4, 2016.  Maximus does not dispute that the other Defendants, Financial Management Systems ("Financial") and Continental Service Group, Inc., d/b/a/ Conserve, ("ConServe") failed to join in or consent to the notice of removal as evidenced in the notice itself.  *See* Opp'n 3.  On January 11, 2016, and January 12, 2016, respectively, Financial and ConServe filed responses to the Court's Standing Order Concerning Removal, ECF Nos. 19 & 26, and separate notices of their consent to removal, ECF Nos. 20 & 27.  Defendants state, and Johnson does not dispute, that Maximus, Financial, and ConServe all agreed and consented to removal privately prior to Maximus filing its notice of removal.  *See* Opp'n 3; Decls., Opp'n, Exs. 1–3, ECF Nos. 50-1, 50-2, & 50-2.

28 U.S.C. § 1446(b)(1) provides

---

[1]     Defendants have filed an opposition, which also contains a motion for leave to amend Maximus's notice of removal.  *See* Opp'n, ECF No. 50.  Johnson filed a reply, Reply, ECF No. 51.  A hearing is unnecessary.  *See* Loc. R. 105.6.

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter

Further, "all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* at § 1445(b)(2)(A). Defendants do not dispute that they failed to join in or consent to the removal of the action within the required time period for removal. *See* Opp'n 1–2; 28 U.S.C. §§ 1445(b)(2)(B) & (C). Where all defendants fail to join in or consent to the removal, remand is necessary, *see Egle Nursing Home, Inc. v. Erie Ins. Group*, 981 F. Supp. 932, 933–34 (D. Md. 1997), unless the Court determines that circumstances warrant permitting the defendants to amend their notice of removal, *see Britton v. Gardner*, No. RCY-14-683, 2015 WL 163382, at *3–4 (E.D. Va. Jan. 13, 2015); *Cain v. Dennis*, No. WMN-09-756, 2009 WL 2602344 (D. Md. Aug. 20, 2009). Therefore, because Defendants do not dispute that their notice of removal was defective, the question before me is whether to permit them to amend Maximus's notice of removal to include the consent of Defendants Financial and ConServe.[2]

> The Court in *Britton* summarized the process for amending a defective notice of removal:

> Generally, during the thirty-day removal period, a defendant may amend its removal petition to include either missing or imperfectly stated grounds for removal. Following the thirty-day removal period, however, a defendant may only amend its notice of removal with leave of court. As a general rule, under 28 U.S.C. 1653, allegations of jurisdiction imperfectly stated in the original petition for removal may be amended even after the expiration of the thirty-day removal period, whereas missing allegations may not be supplied nor new allegations furnished.

*Id.* at *3 (internal citations and quotation marks omitted). The Fourth Circuit recently provided additional guidance for where amendment of a notice of removal is permitted at the discretion of the court, stating that "after thirty days, district courts have discretion to permit amendments that correct allegations already present in the notice of removal. Courts have no discretion to permit amendments furnishing new allegations of a jurisdictional basis." *Wood v. Crane Co.*, 764 F.3d 316, 323 (4th Cir. 2014), *cert. denied*, 135 S. Ct. 1426 (2015). District courts have discretion to

---

[2]    On May 20, 2016, ConServe and Johnson filed a stipulation of dismissal with prejudice regarding Johnson's claims against ConServe only. *See* ECF No. 52. I will construe this stipulation of dismissal as an unopposed Fed. R. Civ. P. 15 motion to amend Johnson's complaint and remove ConServe as a defendant; I will grant the motion, given that it is unopposed, will not prejudice the opposing parties, is not made in bad faith, and is not futile. *See* Fed. R. Civ. P. 15(b); *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013); *Young v. UPS*, No. DKC-08-2586, 2011 WL 665321, at *7 (D. Md. Feb. 14, 2011) (stating that when a plaintiff wants to dismiss less than an entire action, Rule 15 is the proper vehicle). Accordingly, ConServe is no longer a party to this case.

permit amendment "for technical changes, such as the exact grounds underlying diversity jurisdiction," but not material and substantial changes, including adding missing jurisdictional allegations. *Id.*; *see also Britton*, 2015 WL 163382, at \*3–4.

I decline to permit Defendants to amend their notice of removal. This Court has previously found that the omission of all defendants' consent to removal is not the type of technical change that may be amended outside of the thirty-day removal period. *See Johnson v. Nutrex Research, Inc.*, 429 F. Supp. 2d 723, 727 (D. Md. 2006) ("failure to file a notice joined by [all defendants] is not a mere technical defect of the type that courts have permitted a removing defendant to correct after the time for removal has expired."). Other courts outside of this circuit have reached the same ruling. *See, e.g.*, *Alexander by Alexander v. Goldmine Credit Corp.*, 772 F. Supp. 1217 (M.D. Ala. 1991). Even if it were merely technical, I would exercise my discretion to deny Defendants' motion to amend Maximus's notice of removal. All defendants had ample opportunity to join in or consent to Maximus's notice of removal within the thirty-day removal period. Moreover, I find unconvincing their arguments that granting their motion promotes judicial economy and furthers the interests of justice. *See* Opp'n, 10–11, 17–18. In another case filed by Johnson, I relied on a state court decision in ruling that Johnson's claims were barred under the doctrine of collateral estoppel, *see Johnson v. Experian Information Solutions, Inc.*, No. PWG-15-558, 2015 WL 7769502 (D. Md. Nov. 17, 2015), and the state court to which this case is remanded is fully capable of determining whether the original state court decision bars Johnson's current claims. However, for that court's convenience, I have attached to this letter order a copy of my decision dismissing Johnson's claims and a subsequent decision denying Johnson's motion for reconsideration in *Johnson*.[3]

For these reasons, Defendants' joint motion for leave to amend Maximus's notice of removal is denied, and Johnson's motion to remand is granted.

Although informal, this is an Order of the Court and shall be docketed as such.

Sincerely,

/S/

Paul W. Grimm
United States District Judge

dpb

---

[3]   Because I have granted Johnson's motion to remand due to a defective removal with respect to all Defendants joining in or consenting to removal, I do not need to consider Johnson's alternative argument for removal raised in his supplement, ECF No. 33. Additionally, because I am granting Johnson's motion to remand, I am denying Defendants' joint motion to dismiss, ECF No. 44, as moot.