IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| JOE JOHNSON, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: PWG-15-558 |
| EXPERIAN INFORMATION SOLUTIONS, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINON AND ORDER

Plaintiff Joe Johnson brings claims against Defendant Experian Information Solutions, Inc., ("Experian") alleging violations of the Maryland Consumer Credit Reporting Agencies Act and the Fair Credit Reporting Act as well as defamation and libel. The crux of Johnson's claims is that Experian falsely published credit reports containing inaccuracies about the status of his student loan accounts. Experian has filed a motion to dismiss, or in the alternative, motion for summary judgment, setting forth a number of arguments for dismissal, including that prior judicial proceedings have found against Johnson on the issues underlying his claims in this case. Because Johnson's claims are barred under the doctrine of collateral estoppel, I will GRANT Defendant Experian's motion to dismiss, or in the alternative, motion for summary judgment.

I.  **BACKGROUND**

Johnson is a serial litigator who is on a decade-long quest (undeterred by lack of success at each instance) to avoid paying student loans that he took out from 1993 to 1996 and to sue various parties associated with these loans.

### A. Original Student Loan

The United States District Court for the District of Columbia has already summarized the background that serves as the genesis of Johnson's claims:

> Johnson was indicted for larceny and burglary on February 16, 1993 and given a suspended sentence on April 21, 1993. That same year he enrolled at the University of Maryland University College (UMUC). He obtained federally guaranteed loans, including Federal Family Education Loans (FFEL), for the Fall 1993, Spring 1994, Fall 1994, Spring 1995, and Spring 1996 semesters. The loan application form did not ask about Johnson's criminal history, and he did not tell. While enrolled, Johnson took several courses offered by UMUC's paralegal studies program. On April 29, 1996, Johnson withdrew from UMUC because he was incarcerated, this time for forgery. In 2004, after his release from prison, Johnson consolidated his loans under the William D. Ford Federal Direct Loan Program (FFDLP).

*Johnson v. U.S. Dep't of Educ.*, 580 F. Supp. 2d 154, 155 (D.D.C. 2008) (internal citations omitted) ("*Johnson I*").

### B. Prior Proceedings

Johnson's extensive litigation history on matters relating to his student loans is summarized below.[1]

*1. Department of Education Proceedings*

In 1998, Johnson submitted a discharge application for his student loans claiming that that the University of Maryland University College (the "University") "falsely certified his application because, as a convicted felon, he was unable to meet the requirements of the

---

[1] Although I have tried to detail all of Johnson's past suits relating to his student loans, due to Johnson's extensive litigation history, there may be additional suits not discussed below.

2

occupation for which he was trained," the legal and law enforcement professions. *See id.* Johnson's "discharge application was rejected on the ground that Johnson did not inform the school that he was a convicted felon before he enrolled at [the University]." *Id.* Johnson appealed the denial of his discharge application to the Secretary of the Department of Education (the "Secretary"), "repeating his earlier assertion and further arguing that [the University] never asked about his criminal history before certifying his loans, and that his criminal record prevented him from meeting a requirement for employment as a paralegal." *Id.* at 156. The Secretary denied Johnson's appeal. *Id.* Johnson applied for reconsideration, and the Secretary rejected his request. *Id.* Johnson submitted a second discharge application "on the ground that his signature was forged," which was also rejected. *Id.* at 155 n.1.

   2. *Johnson v. U.S. Dep't of Education* (D.D.C. 2008)

Johnson sought "to compel the Secretary of Education and his loan service providers to discharge certain of his federally guaranteed student loans" under the theory that the University "falsely certified that he would meet the requirements of employment as a paralegal." *Id.* at 155–56. The District Court granted summary judgment in favor of the defendants, finding that the Secretary's rejection of Johnson's discharge application was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See id.* at 157–58.

   3. *Johnson v. Duncan* (D.D.C. 2010)

Johnson filed another suit seeking to discharge his federally guaranteed student loans against Arne Duncan, Secretary, and ACS Education Solutions, LLC, ("ACS Solutions") alleging the same issues that he had raised in *Johnson I*. *See Johnson v. Duncan*, 746 F. Supp. 2d 163, 167 (D.D.C. 2010) ("*Johnson II*"). The District Court granted Defendants' motion to dismiss because Johnson's claims were barred under the doctrines of *res judicata* and collateral

3

estoppel. *Id.* at 168–69. Johnson appealed this decision to the D.C. Circuit before filing a motion to withdraw his appeal, which the D.C. Circuit granted. *See Johnson v. Duncan*, No. 10-5375, 2011 WL 186574, at *1 (Jan. 19, 2011).

    *4. Johnson v. Affiliated Computer Servs., Inc. (N.D. Tex. 2011)*

Three weeks after the defendants' motion to dismiss in *Johnson II* was granted, Johnson filed a claim against ACS Solutions and its parent company, Affiliated Computer Services, Inc., ("ACS"), in an "attempt to assign responsibility for the denial of discharge directly to the servicer of his loans." *Johnson v. Affiliated Computer Servs., Inc.*, No. 3:10-CV-2333-B, 2011 WL 4011429, at *1 (N.D. Tex. Sept. 9, 2011) ("*Johnson III*"). The District Court described Johnson's conduct in the proceeding as "burdensome, frivolous, and reprehensible. [His] misrepresentation, but one of Plaintiff's many acts of constant, careless disregard of this Court's rules, is but one of the grounds justifying the dismissal of Plaintiff's claims with prejudice." *Id.* at *2. The court granted the defendants' motion to dismiss with prejudice, finding that Johnson's claims of tortious interference with statutory rights, tortious interference with a contract, negligence, breach of fiduciary duty, breach of contract, unjust enrichment, and intentional infliction of emotional distress were without merit. *See id.* at *10.

Johnson appealed his decision to the Fifth Circuit, which characterized the case as "one of his many lawsuits seeking to avoid repaying his student loans." *Johnson v. Affiliated Computer Servs., Inc.*, 500 Fed. App'x 265, 265 (5th Cir. 2012) (per curiam). Johnson argued on appeal that the lower court "lacked subject matter jurisdiction so that the district court lacked jurisdiction to hear the case and thus to dismiss his claims with prejudice." *Id.* at 266. Johnson sought to vacate the district court's dismissal with prejudice based on the argument that the district court lacked subject-matter jurisdiction even though Johnson initially invoked federal

4

diversity jurisdiction. *See id.* at 266–67. The Fifth Circuit rejected Johnson's arguments and affirmed the district court's ruling. *Id.* at 267.

   5. *Johnson v. Xerox Educ. Solutions LLC (Cir. Ct. Prince George's Cnty. 2012)*

On May 16, 2012, Johnson filed a suit against Xerox Education Solutions LLC in the District Court for Prince George's County. *Johnson v. Xerox Educ. Solutions LLC aka ACS*, No. 050200145112012 (D. Ct. Prince George's Cnty. filed May 16, 2012).[2] The case was then transferred to the Circuit Court for Prince George's County, *Johnson v. Xerox Educ. Solutions LLC*, No. CAL12-26946 (Cir. Ct. Prince George's Cnty. filed Aug. 31, 2012) ("*Johnson IV*"), at which point Johnson amended his complaint to include two groups of defendants: (i) Xerox Education Solutions LLC, Xerox Business Services LLC, Xerox Corporation, and ACS Solutions (collectively, the "*Johnson IV* Xerox defendants") and (ii) K&L Gates LLP ("K&L Gates") and Alison Ashmore, an attorney at K&L Gates who represented the defendants in *Johnson III*. The circuit court dismissed Johnson's claims, and Johnson appealed. *See id.*

Against the *Johnson IV* Xerox defendants, Johnson "asserted claims for breach of contract and fraud or deceit." *Johnson v. Xerox Educ. Solutions LLC*, No. 436, at *6 (Md. Ct. Spec. App. Sept. Term 2013, filed May 22, 2014) (unreported) ("*Johnson IV Appeal*"), Def.'s Mot., Ex. 5, ECF No. 22-5. Against K&L Gates and Ashmore, Johnson "asserted claims for intentional misrepresentation, negligent misrepresentation, breach of fiduciary duty, tortious interference with contractual relations, and constructive fraud." *Id.* Against all defendants, Johnson alleged that they "conspired to breach the contract and to commit other tortious acts," in that "Ashmore deceived him by, most notably, misrepresenting her intentions to file a voluntary

---

[2] Records for this case and other cases in Maryland district and circuit courts are available through the Maryland Judiciary Case Search (http://casesearch.courts.state.md.us/casesearch/). From this filing, it appears that Xerox Education Solutions LLC is the same entity as ACS.

5

dismissal" during settlement negotiations. *See id.* 5–6. The allegations against K&L Gates and Ashmore appear to derive from allegations that Johnson made in post-judgment motions in *Johnson III* that "the parties had reached a binding agreement to settle his claims before the court dismissed them and that opposing counsel had committed either fraud or misconduct by failing to file a stipulated dismissal before the court ruled." *Johnson IV Appeal*, No. 436, at *4. The Court of Special Appeals affirmed the lower court's dismissal of the claims against the defendants on jurisdictional and *res judicata* grounds. *See id.* at *10, *18. Johnson appealed this decision to the Maryland Court of Appeals, and his appeal was denied. *Johnson v. Xerox Education Solutions*, 99 A.3d 780 (Table) (Md. 2014).

6. *Johnson v. Sallie Mae, Inc. (Cir. Ct. Prince George's Cnty. 2011)*

Johnson filed a lawsuit against Sallie Mae with respect to the consolidation of his student loans. *Johnson v. Sallie Mae, Inc.*, No. CAL11-05792 (Cir. Ct. Prince George's Cnty. filed Mar. 7, 2011) ("*Johnson V*"); *see Johnson IV Appeal*, No. 436, at *2 n.1. The circuit court dismissed Johnson's claims with prejudice. *Johnson V*, No. CAL11-05792. Johnson appealed the decision in *Johnson V* to the Maryland Court of Special Appeals; the parties subsequently dismissed the appeal on June 4, 2012. *See Johnson IV Appeal*, No. 436, at *2 n.1

7. *Johnson v. Sallie Mae, Inc. (Cir. Ct. Prince George's Cnty. 2011)*

Johnson filed another suit against Sallie Mae in the District Court for Prince George's County, *Johnson v. Sallie Mae, Inc.*, No. 050200443282010 (D. Ct. Prince George's Cnty. filed Dec. 2, 2010), and appealed the decision dismissing the case with prejudice to the circuit court, *Johnson v. Sallie Mae, Inc.*, No. CAL11-13184 (Cir. Ct. Prince George's Cnty. filed May 25, 2011) ("*Johnson VI*"). The appeal was subsequently dismissed. *Id.*

8. *Johnson v. United States (Ct. Fed. Cl. 2012)*

6

Johnson brought suit against the United States for "negligence, violation of the Administrative Procedure Act, and breach of contract by the Department of Education . . . in connection with consolidated education loans." *Johnson v. United States*, 105 Fed. Cl. 85, 87 (Ct. Fed. Cl. 2012) ("*Johnson VII*"). The Court of Federal Claims dismissed Johnson's claim for lack of subject matter jurisdiction because he had no claim for monetary damages. *Id.* at 95.

9. *Johnson v. Xerox Educ. Solutions LLC (D. Md. 2014)*

On February 11, 2014, Johnson filed a suit against Xerox Education Solutions LLC, Xerox Business Services LLC, and Xerox Corporation in the District Court for Prince George's County. *Johnson v. Xerox Educ. Solutions LLC*, No. 050200025722014 (D. Ct. Prince George's Cnty. filed Feb. 11, 2014). The case was subsequently transferred to the Circuit Court for Prince George's County, *Johnson v. Xerox Educ. Solutions LLC*, No. CAL14-05640 (Cir. Ct. Prince George's Cnty. filed Mar. 11, 2014), and then removed to this Court, *Johnson v. Xerox Educ. Solutions LLC*, No. GJH-14-1542 (filed May 9, 2015) ("*Johnson VIII*"). The case was originally assigned to me but was transferred to Judge Hazel when he received his commission.

Johnson brought twelve claims relating to the servicing, reporting of, and treatment of his student loans by the defendants. These claims included violations of the Maryland Fair Credit Reporting Act, defamation, libel, and slander with respect to allegedly false statements that the defendants made to credit agencies regarding the status of Johnson's student loans. The defendants in *Johnson VIII* filed a motion to dismiss. *See Johnson VIII*, ECF No. 9. After Johnson tried unsuccessfully to remand the case back to state court, *see Johnson v. Xerox Educ. Solutions LLC*, No. GJH-14-1542, 2014 WL 5361302, at *1 (Oct. 20, 2014), Johnson filed his opposition, *Johnson VIII*, ECF No. 31. Before defendants could reply, Johnson filed a notice of

7

voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i). *Johnson VIII*, ECF No. 35. This Court approved the notice of voluntary dismissal without prejudice. *Johnson VIII*, ECF No. 36.

*10. Johnson v. Premiere Credit of N. Am., LLC (Cir. Ct. Prince George's Cnty. 2014)*

Concurrent with the proceedings in *Johnson VIII*, Johnson filed another suit against Xerox Educational Solutions LLC and other defendants in the District Court of Prince George's County. *See Johnson v. Premiere Credit of N. Am., LLC*, No. 050200077212014 (D. Ct. Prince George's Cnty. filed Apr. 2, 2014).³ On July 14, 2014, the case was removed to the Circuit Court for Prince George's County. *Johnson v. Premiere Credit of N. Am., LLC*, No. CAL14-17920 (Cir. Ct. Prince George's Cnty. filed July 14, 2014) ("*Johnson IX*"). At this point, the defendants in the litigation were Premiere Credit of North America ("Premiere Credit"), Xerox Education Solutions LLC (also known as ACS), Xerox Business Services LLC, and Xerox Corporation. According to Johnson's amended complaint, *Johnson IX*, Am. Compl., Def.'s Mot., Ex. 6, ECF No. 22-6, Johnson asserted claims against Xerox Education Solutions, LLC, and related entities, of (i) defamation, (ii) libel, (iii) violation of the Maryland Fair Credit Reporting Act, (iv) breach of statutory duty, (v) unjust enrichment, (vi) tortious interference with contract, (vii) breach of agreement, and (viii) intentional infliction of emotional distress. *Id.* Johnson also asserted claims against Premiere Credit of North America of (ix) defamation/libel/slander, (x) libel, (xi) violation of the Maryland Fair Credit Reporting Act, (xiii) failure to use due diligence, and (xiv) intentional infliction of emotional distress. *Id.* Johnson asserted Count XII of a violation of the Maryland Consumer Debt Collection Act against all defendants. *Id.* Premiere Credit moved for summary judgment, and on November 26, 2014, a

---

³ Although at times Johnson names the defendant as Xerox Educational Solutions LLC, it appears from filings by defendants that the proper name of the entity is Xerox Education Solutions LLC. I will refer to the entity as Xerox Education Solutions.

8

stipulation of dismissal with prejudice was entered with respect to Premiere Credit. *See Johnson IX,* No. CAL14-17920.

The remaining Xerox defendants filed a motion for summary judgment and accompanying memorandum of law, *Johnson IX*, Defs.' Mem., Def.'s Mot., Ex. 7, ECF No. 22-7. Johnson opposed, *Johnson IX*, Pl.'s Opp'n, Reply, Ex. 1, ECF No. 30-1, and filed a motion for partial summary judgment with respect to his Count VII breach of contract claim only, *Johnson IX*, Pl.'s Mem., Reply, Ex. 2, ECF No. 30-2. Without issuing a written opinion, on April 13, 2015, Judge Hassan A. El-Amin of the Circuit Court for Prince George's County denied Johnson's motion for partial summary judgment, rejecting Johnson's argument that his student loan was paid and satisfied in full, *see Johnson IX*, Denial Order, Def.'s Mot., Ex. 10, ECF No. 22-10, and granted the defendants' motion for summary judgment as to all of Johnson's claims, *see Johnson IX*, Order, Def.'s Mot., Ex. 9, ECF No. 22-9.

On May 13, 2015, Johnson appealed the decision in *Johnson IX* to the Maryland Court of Special Appeals. *See Johnson IX*, No. CAL14-17920.

### C. Current Case

Having resoundingly failed in his serial efforts to challenge the validity of his student loans and his obligations to repay them, Johnson now attempts to sue Experian for reporting the existence and unpaid status of these loans on his credit reports.[4] Johnson initially filed his claims in the Circuit Court for Prince George's County, *Johnson v. Experian Info. Solutions, Inc.*, No.

---

[4] This case is actually Johnson's second suit against Experian. *See* Opp'n 15. On August 13, 2014, Johnson filed a suit against Experian in the District Court for Prince George's County. *Johnson v. Experian Info. Solutions, Inc.,* No. 050200190302014 (D. Ct. Prince George's Cnty. filed Aug. 13, 2014). Johnson then amended his complaint and sought a jury trial. Opp'n 15. While the case before the district court was still active, Johnson filed the present litigation in the Circuit Court for Prince George's County before dismissing the first suit against Experian on January 22, 2015. *Id.*

9

CAL15-00121 (Cir. Ct. Prince George's Cnty. filed Jan 9, 2015), before the case was removed by Experian on February 26, 2015. ECF No. 1. In Johnson's four count amended complaint, he alleges (i) violations of the Maryland Consumer Credit Reporting Agencies Act, Md. Code Ann., Com. Law §§ 14-1205 & 14-1208 (West 2015) ("Maryland Credit Act"); (ii) violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681e & 1681i (2015) ("Federal Credit Act"); (iii) defamation; and (iv) libel. Am. Compl., ECF No. 17.

Experian has filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), or in the alternative, motion for summary judgment. Def.'s Mot., ECF No. 22. Johnson filed an opposition, Opp'n, ECF No. 25, and Experian filed a reply, Reply, ECF No. 30. A hearing is unnecessary. *See* Loc. R. 105.6.

## II.  DISCUSSION

Fed. R. Civ. P. 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from

10

*Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. I must accept the facts as alleged in Plaintiff's complaint as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011).

When reviewing a motion to dismiss, "[t]he court may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013); *see CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Moreover, where the allegations in the complaint conflict with an attached written instrument, "the exhibit prevails." *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991); *see Azimirad v. HSBC Mortg. Corp.*, No. DKC-10-2853, 2011 WL 1375970, at *2–*3 (D. Md. Apr. 12, 2011). However, if the Court considers matters outside the pleadings, the Court must treat the motion as a motion for summary judgment. Fed. R. Civ. P. 12(d); *Syncrude Canada Ltd. v. Highland Consulting Group, Inc.*, 916 F. Supp. 2d 620, 623–24 (D. Md. 2013). If an affirmative defense "'clearly appears on the face of the complaint,'" the Court may rule on that defense when considering a motion to dismiss. *Kalos v. Centennial Sur. Assocs.*, No. CCB-12-1532, 2012 WL 6210117, at *2 (D. Md. Dec. 12, 2012) (quoting *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (citation and quotation marks omitted)).

### A. Collateral Estoppel

One such affirmative defense is collateral estoppel, also known as issue preclusion. "*Res judicata* and collateral estoppel 'are based upon the judicial policy that the losing litigant

11

deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on issues raised, or that should have been raised.'" *Grady Mgmt., Inc. v. Epps*, 98 A.3d 457, 472 (Md. Ct. Spec. App. 2014) (citation omitted). While "[c]ollateral estoppel has often been described as a doctrine absorbed within *res judicata*," it is a separate doctrine that "operates collaterally to preclude relitigation of *issues* that the same parties already had litigated." *GAB Enters., Inc. v. Rocky Gorge Devel., LLC*, 108 A.3d 521, 530 (Md. Ct. Spec. App. 2015). *Cf. id.* ("*Res judicata* holds parties to a *claim* that they have previously litigated . . . .") (emphasis added). When considering this defense, "'a court may judicially notice facts from a prior judicial proceeding.'" *Brooks v. Arthur*, 626 F.3d 194, 199 n.6 (4th Cir. 2010) (quoting *Brooks v. Arthur*, 611 F. Supp. 2d 592, 597 (W.D. Va. 2009)). The essence of Johnson's claims against Experian is his contention that Experian inaccurately reported the existence of his unpaid student loans. Accordingly, the validity, *vel non*, of those loans clearly appears on the face of his complaint for purposes of resolving Experian's motion to dismiss on the basis of the affirmative defense of collateral estoppel.

In Johnson's complaint, he states that he "settled the [student loan] accounts in full in February 2012" and "sent Experian written notice of his dispute, with proof that his accounts were settled in full." Compl. ¶¶ 9 & 10. This statement serves as an essential element of his four claims against Experian and previously was addressed by the Circuit Court of Prince George's County in *Johnson IX*, which ruled against Johnson. *See Johnson IX*, Order. As a result, it is appropriate for me to determine, in light of Defendant's motion to dismiss, if Plaintiff's claims are barred under the doctrine of collateral estoppel. *See Kalos v. Centennial Sur. Associations*, 2012 WL 6210117, at *3 (granting defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss on

12

collateral estoppel grounds because plaintiff's statement in his complaint that bonds were fraudulent or invalid was refuted in prior judicial proceedings).

The burden is on Experian to demonstrate that collateral estoppel applies to give preclusive effect to the court's decision in *Johnson IX*:

> To apply collateral estoppel or issue preclusion to an issue or fact, the proponent must demonstrate that (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding.

*In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004). Experian has demonstrated that all five required elements are present in this case.

The issue of whether Johnson settled his student loans debts as they relate to Johnson's current claims against Experian is identical to the issue previously decided in *Johnson IX* of whether Johnson settled his student loan debts as they relate to Xerox Education Solutions LLC and its affiliates. In *Johnson IX*, Johnson sued Xerox Education Services LLP and related entities for breach of agreement (Count VII), alleging that Johnson's provision of a $12,390 check "was tendered as a settlement payment in full, accord and satisfaction of the disputed student loan account," *Johnson IX* Am. Compl. ¶ 64, and that the defendants' subsequent actions—including publishing the delinquent status of the loan, *id.* at ¶ 66, and sending the student loan account to collections, *id.* at 67—"constitute[] a breach of the terms of the accord and satisfaction," *Johnson IX*, Am. Compl.

The Xerox defendants filed a motion for summary judgment and accompanying memorandum of law, arguing that Johnson's claim must be dismissed because "Plaintiff's Breach of Contract claim fails because (1) there was no bona fide dispute upon which an accord and satisfaction would be premised, (2) the Xerox Defendants lacked authority to settle

13

Plaintiff's debt, and (3) Plaintiff's alleged contract is unsupported by consideration." *Johnson IX*, Defs.' Mem. 6. Johnson moved for partial summary judgment with respect to his Count VII breach of contract claim, essentially arguing that the student loan debt was actually settled. *See Johnson IX*, Pl.'s Mem. Defendants contend, and Johnson does not contest, that Johnson provided the circuit court with a letter addressed to the U.S. Department of Education dated February 14, 2012, as evidence that his student loan was settled. *See* Def.'s Mot. 6; *Johnson IX*, Pl.'s Mot., Exhibits, Def.'s Mot., Ex. 8, ECF No. 22-8. In denying Johnson's partial motion for summary judgment, the circuit court rejected Johnson's contention that this letter signified that "Plaintiff's William D. Ford Direct Student Loan Account No. F437137361 [was] . . . **PAID AND SATISFIED IN FULL**." *See Johnson IX*, Denial Order. Instead, the circuit court found there was no genuine dispute of material fact with respect to Johnson's breach of contract allegation and granted summary judgment in favor of Xerox. *See Johnson IX*, Order.[5]

Experian asserts, and Johnson does not contest, that Johnson provided the same letter to Experian in correspondence dated November 1, 2013, as "proof of payment" of the student loans. Johnson's Letter to Experian, Def.'s Mot., Ex. 4, ECF No. 22-4. Johnson cannot relitigate in this Court the bona fides of his purported settlement letter, which have been rejected in *Johnson IX*. The issue of whether Johnson settled his student loan debts as relevant to his current litigation against Experian is identical to the issue of whether Johnson settled his student loan debts in *Johnson IX*.

---

[5] The circuit court did not write an opinion explaining its reasoning with respect to granting Xerox's motion for summary judgment. *See Johnson IX*, Order. Given Johnson's extensive frivolous litigation history on this matter, it appears that the circuit court's cursory writings on the issue were proportionate, considering the merits (or lack thereof) of Johnson's case.

14

With respect to the second element necessary for collateral estoppel, whether the issue was actually resolved, the question before the circuit court was whether Xerox breached a contract with Johnson regarding Johnson's student loans. To be successful, Johnson needed to demonstrate "(1) the defendant owed the plaintiff a contractual obligation; and (2) the defendant breached that obligation." *See Allstate Ins. Co. v. Warns*, No. CCB-11-1846, 2013 WL 6036694, *7 (D. Md. Nov. 12, 2013); *see also Johnson IX*, Def.'s Mot. 6. Johnson claimed that (1) he had a settlement agreement with Xerox regarding his student loans, *Johnson IX*, Am. Compl. ¶¶ 62–65, and (2) Xerox breached that agreement by (i) publishing information to third parties stating that Johnson was delinquent in the repayment of his loans and (ii) sending Johnson's loan to collections, *id.* at ¶¶ 66–69. Xerox did not contest that it took the actions that Johnson alleged breached the contract but rather contested that any settlement existed with respect to Johnson's student loans. *See Johnson IX*, Defs.' Mem. 6–10.

In order to grant Xerox's motion for summary judgment, the circuit court had to find either (1) Xerox did not have a settlement agreement with Johnson or (2) Xerox did not take actions in breach of that agreement. Because only the first element was contested, the circuit court necessarily accepted Xerox's argument that the letter was *not* a bona fide settlement of the student loan accounts that could serve as a basis for Johnson's breach of contract claim. *See Johnson IX*, Order; *Johnson IX*, Defs.' Mem. 6–10. Even though the circuit court in *Johnson IX* did not issue a written opinion explaining its order, it is clear that the circuit court rejected Johnson's claim that he had a settlement agreement that discharged his student loan obligations. Therefore, the issue of whether there was a valid settlement agreement was actually resolved in *Johnson IX*.

15

The analysis regarding the final three elements required under the doctrine of collateral estoppel is straightforward. Deciding the bona fides of Johnson's settlement agreement was "critical and necessary" to Johnson's breach of contract claim as it was a required element of the claim. The judgment of the circuit court is final and valid despite the fact that Johnson is appealing the decision. *See Brown v. Ocwen Loan Servicing, LLC*, No. PJM-14-3454, 2015 WL 5008763, at *4 & n.8 (D. Md. Aug. 20, 2015) ("Maryland courts have held that pendency of an appeal does not affect the finality of a judgment for *res judicata* purposes.") (citing *Campbell v. Lake Hallowell Homeowners Ass'n*, 852 A.2d 1029 (Md. Ct. Spec. App. 2004)). Finally, Johnson clearly had a "full and fair" opportunity to litigate the issue in the prior proceeding before the circuit court as the issue was fully briefed in cross-motions for summary judgment. *See Johnson IX*, Def.'s Mot.; *Johnson IX*, Pet.'s Mot.

For these reasons, Experian has demonstrated that all five elements required for collateral estoppel are present with respect to the lack of any settlement discharging Johnson from his student loan obligations.

**B. Counts I–IV Barred Under Doctrine of Collateral Estoppel**

A necessary component of all of Johnson's claims is that Experian published false information stating that Johnson was delinquent in his student loans and that the loans had been sent to collections.

*1. Credit Reporting Claims: Counts I & II*

Johnson's claims under the Maryland Credit Act and the Federal Credit Act may be divided into two categories: claims relating to the procedures that Experian followed, Com. Law § 14-1205 and 15 U.S.C. § 1681e, respectively ("Reasonable Procedures Claims"), and claims relating to reinvestigation, Com. Law § 14-1208 and 15 U.S.C. § 1681i, respectively

16

("Reinvestigation Claims"). Separate claims under the Maryland Credit Act and the Federal Credit Act within these two categories will be addressed as one. *See Alston v. Cent. Credit Servs., Inc.*, No. DKC-12-2711, 2013 WL 4543364, at *2 n.3 (D. Md. Aug. 26, 2013) ("Because the [Maryland Credit Act] contains virtually identical provisions to the [Federal Credit Act], the Fourth Circuit has addressed separate claims brought under both the [Maryland Credit Act] and [Federal Credit Act] as one.").

To establish either a Reasonable Procedures Claim or a Reinvestigation Claim, a plaintiff must demonstrate that the consumer report prepared by the credit reporting agency contains inaccurate information. *See Hinton v. Trans Union LLC*, 654 F. Supp. 2d 440, 450–51 (E.D. Va. 2009), *aff'd*, 382 Fed. App'x 256 (4th Cir. 2010). "With respect to the § 1681e(b) claim, plaintiff must show . . . that a particular 'consumer report contains inaccurate information . . . . *Id.* at 450 (quoting *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001)). "[A] consumer who brings a § 1681i failure to reinvestigate claim must first show that his 'credit file contains inaccurate or incomplete information.'" *Id.* at 451; *see also Brooks v. Midland Credit Management, Inc.*, No. WDQ-12-1926, 2013 WL 1010455, at *7 (D. Md. Mar. 13, 2013) ("Inaccurate information is an element of a claim under §§ 1681e(a) and 1681(i)(a)"); *Brown v. Experian Credit Reporting*, No. JKB-12-2048, 2012 WL 6615005, at *3 (D. Md. Dec. 17, 2012) ("In order to state a claim for failure to comply with § 1681e(b), Plaintiff must allege that a consumer report contained inaccurate information. The same is true of § 1681i(a).") (internal citations omitted).

As discussed above, under the doctrine of collateral estoppel, Johnson is barred from arguing that his student loan debts were settled. Therefore, Experian's reporting of the student loans as delinquent and in collections was not inaccurate. For these reasons, Johnson's claims

17

under the Maryland Credit Act and Federal Credit Act are barred under the doctrine of collateral estoppel and must be dismissed.[6]

### 2. *Defamation Claims: Counts III & IV*

An essential element of any defamation claim, including libel, is that the defendant's statement was false. *See, e.g.*, *Brown*, 2012 WL 6615005, at *3 (quoting *Piscatelli v. Van Smith*, 35 A.3d 1140, 1147 (Md. 2012). As discussed above, under the doctrine of collateral estoppel, Johnson is barred from arguing that his student loan debts were settled. Therefore, Experian's reporting of the student loans as delinquent and in collections was not false. For these reasons, Johnson's claims of defamation and libel are barred under the doctrine of collateral estoppel and must be dismissed.[7]

---

[6] Johnson also alleges that Experian reported an inaccurate loan balance of $0.00 for the month of December 2014 in its balance history. *See* Am. Compl. ¶ 15. This inaccuracy, by itself, is not sufficient to support Johnson's claim against Experian. *See Giovanni v. Bank of Am., N.A.*, No. C 12–02530 LB, 2013 WL 1663335, at *7 (N.D. Cal. Apr. 17, 2013) ("An internally inconsistent report, however, does not establish a [Federal Credit Act] violation. [Federal Credit Act] liability attaches only if the inaccuracy is 'patently incorrect' or 'misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'") (citing *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009)). The court dismissed the plaintiff's claim against Bank of America that its "zero balance" reports were inconsistent with overdue payments listed as due. *Id.* Moreover, Johnson has failed to allege any harm resulting from a zero balance in his balance history.

[7] Experian also argues that certain of Johnson's defamation and libel claimed are barred by Maryland's one year statute of limitations for libel and slander. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-105 (West 2015). The statute of limitations is not tolled by the filing of his first claim on August 13, 2014, and its subsequent voluntary dismissal, *see Williams v. Snyder*, 155 A.2d 904, 907 (Md. 1959), nor is it tolled under Maryland's continuous harm doctrine as "each separate defamatory statement itself constitutes a separate and distinct cause of action," *see Long v. Welch & Rushe, Inc.*, 28 F. Supp. 3d 446, 457 (D. Md. 2014) (quoting *Lewis v. Gupta*, 54 F. Supp. 2d 611, 616 (E.D. Va. 1999)) (internal quotation marks omitted). Therefore, Johnson's claims of defamation and libel relating to statements made prior to one year before he filed this suit, January 9 2014, are barred under Maryland's statute of limitations. Any defamation and libel claims not barred under Maryland's statute of limitations would be barred under the doctrine of collateral estoppel.

18

I will dismiss all of Johnson's claims against Experian under Fed. R. Civ. P. 12(b)(6) because they are barred under the doctrine of collateral estoppel. As a result, it is not necessary to consider Experian's other arguments in favor of dismissal under Fed. R. Civ. P. 12(b)(6) or its motion in the alternative for summary judgment.

## **ORDER**

Accordingly, it is this 17th day of November, 2015, hereby ORDERED that Defendant's motion to dismiss, or in the alternative, motion for summary judgment, ECF No. 22, IS GRANTED. The Clerk SHALL DISMISS with prejudice this case.

So ordered.

/S/
Paul W. Grimm
United States District Judge

dpb