IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **JOE JOHNSON,** | * |
| **Plaintiff,** | * |
| v. | * Case No.: PWG-15-558 |
| **EXPERIAN INFORMATION SOLUTIONS, INC.,** | * |
| **Defendant.** | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Joe Johnson filed a motion for remand, or in the alternative, for reconsideration with respect to my November 17, 2015, memorandum opinion and order dismissing his claims against Defendant Experian Information Solutions, Inc., ("Experian"). *See* Mem. Op., ECF No. 31. Johnson argues first that this Court lacked jurisdiction to review his claims because there was no diversity of citizenship, the amount in controversy did not exceed $75,000, and the amended complaint cannot create jurisdiction retroactively. Pl.'s Mot., ECF No. 33.[1] In the alternative, Johnson argues that this Court incorrectly dismissed his claim under the doctrine of

---

[1] Defendant has filed its opposition, Opp'n, ECF No. 43, and Johnson has filed his reply, Reply, ECF No. 49. A hearing is unnecessary. *See* Loc. R. 105.6. Johnson also filed a motion for leave to supplement his reply brief, ECF No. 50, which Experian opposed, ECF No. 51. Johnson filed a reply with respect to this motion as well. ECF No. 52. I will grant Johnson's motion to supplement his reply, and I have considered Johnson's arguments in his supplement. Johnson also seeks reconsideration of my prior order denying his request for access to CM-ECF in this case only. *See* ECF No. 44. Because I will deny Johnson's motion to remand, or in the alternative, motion for reconsideration, there are no further motions pending, the case is closed, and Johnson's motion is now moot. However, even if this case remained open, Johnson has been able to represent his interests adequately through the procedures in place for all pro se litigants who do not have CM-ECF access. Accordingly, Johnson's motion for reconsideration with respect to CM-ECF access is denied.

collateral estoppel.  Because Johnson voluntarily amended his complaint to include a federal claim, which independently conferred federal subject matter jurisdiction with respect to this case, Johnson's motion to remand is denied.  Because my ruling that Johnson's claims were barred under the doctrine of collateral estoppel was based on the state circuit court granting the defendants' motion for summary judgment, not on the denial of his motion for summary judgment, Johnson's motion for reconsideration is denied.

**I.     DISCUSSION**

**A.  JOSEPH JOHNSON IS JOSEPH JOHNSON JR.**

Plaintiff Joseph Johnson has long maintained that he is not Joseph Johnson Jr.  *See* Pl.'s Mot. 11; Reply 12.  As an initial matter, before ruling on the merits of Plaintiff's motion, I find that Plaintiff Joseph Johnson has intentionally misrepresented this key fact to the Court.

In this case, Plaintiff makes reference to a February 2012 settlement of his student loan debt.  Compl. ¶ 9, ECF No. 1.  In *Johnson v. Xerox Educ. Solutions LLC*, No. GJH-14-1542 (filed May 9, 2015) ("*Johnson VIII*"), a case previously before me before being transferred to Judge Hazel, Joseph Johnson Jr. based his claim on a February 2012 alleged accord and satisfaction.  *See* Johnson VIII, Am. Compl. ¶ 40, ECF No. 4.  Johnson Jr. pleaded that defendants in the case received a check on February 20, 2012, in the amount of $12,390.00.  *Id.*

In *Johnson v. Premiere Credit of N. Am., LLC*, No. CAL14-17920 (Cir. Ct. Prince George's Cnty. filed July 14, 2014) ("*Johnson IX*"), Plaintiff Joseph Johnson filed a memorandum of law in support of his motion for summary judgment, stating that "Defendants received a Certified Letter attached as Exhibit J from Plaintiff dated February 14, 2012." *Johnson IX* Mem., Def.'s Mot., Ex. 8, ECF No. 22-8.  This letter was signed by Joseph Johnson

2

Jr. and includes a copy of a check for $12,390.00 dated February 14, 2012, signed by Joseph Johnson Jr. *Id.* In the current litigation, Joseph Johnson sent a November 1, 2013, letter to Experian making reference to a full accord and satisfaction of debts owed on February 14, 2012. Corr., Def.'s Mot., Ex. 4, ECF No. 22-4. This letter was signed by Joseph Johnson. *Id.*

Further, Joseph Johnson's address in the November 1, 2013, letter to Experian is the exact same address as Joseph Johnson Jr.'s address in an October 31, 2013, letter to Experian: Post Office Box 441572, Fort Washington, MD 20749-1572. This address matches Johnson's address in this case, and Johnson Jr.'s address in another case before me, PWG-16-14. Moreover, Johnson's argument that the signatures for Joseph Johnson and Joseph Johnson Jr. differs, Reply 12, carries no weight because Johnson is a convicted forger. *See Johnson v. U.S. Dep't of Educ.*, 580 F. Supp. 2d 154, 155 (D.D.C. 2008 ("*Johnson I*").

For these reasons, I find that Joseph Johnson is Joseph Johnson Jr., notwithstanding his intentional misrepresentations to the contrary.

### B. REMAND

Johnson argues that this Court lacks jurisdiction of the case and that the case should be remanded to state court because there is no diversity of citizenship, the amount in controversy does not exceed $75,000, and the amended complaint cannot create jurisdiction retroactively. Pl.'s Mot. Although Johnson's original complaint filed in state court did not include questions of federal law, his amended complaint includes a count for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681e & 1681i (2015) ("Federal Credit Act"). Am. Compl. ¶¶ 39–49, ECF No. 17. Johnson's voluntary inclusion of his claim under the Federal Credit Act results in this Court having jurisdiction.

When a plaintiff amends his or her complaint to include a claim under federal law, there is federal jurisdiction even if there was no federal jurisdiction based on the original complaint. See *Cades v. H & R Block, Inc.*, 43 F.3d 869, 873 (4th Cir. 1994). "[A]n initial lack of the right to removal may be cured when the final posture of the case does not wrongfully extend federal jurisdiction." *Id.* See also *Pegram v. Herdrich*, 530 U.S. 211, 215 n.2 (2000); *Moffit v. Residential Funding Co.*, 604 F.3d 156, 158 (4th Cir. 2010) (even if the case at the time of removal "did not satisfy federal subject matter jurisdiction . . . plaintiffs independently conferred jurisdiction on the district court by filing their amended . . . complaints prior to moving to remand" because "these complaints alleged 'facts that clearly give rise to federal jurisdiction.'").[2]

Because Johnson voluntarily chose to amend his complaint to include claims under the Federal Credit Act, he independently conferred federal subject matter jurisdiction with respect to this case at the time that the case was dismissed.[3] Accordingly, Johnson's motion to remand is denied.[4]

### C. RECONSIDERATION

---

[2] Plaintiff argues that because this Court may have lacked jurisdiction originally, its order permitting Plaintiff to amend his complaint, ECF No. 15, is a nullity. *See* Reply 11. However, all of the cases cited by Plaintiff ignore the precedent in *Cades*, *Moffit*, and *Pegram*. Accordingly, these arguments are unpersuasive.

[3] This reasoning is strengthened by the fact that Johnson was aware that removal may have been inappropriate prior to amending his complaint. *See* ECF Nos. 13 & 13-1. The fact that Johnson was aware that the Court could have lacked jurisdiction under 28 U.S.C. § 1332 and still chose to amend his complaint to include a federal claim means that Johnson could have challenged removal at the time, chose not to do so, and instead added a claim that independently conferred federal subject matter jurisdiction with respect to this case.

[4] Because I find that Johnson independently conferred federal subject matter jurisdiction on this case, it is not necessary for me to consider whether the initial removal was appropriate.

The pending motion, filed within twenty-eight days of the dismissal order, is a Rule 59(e) motion to alter or amend a judgment. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of So. Pines*, 532 F.3d 269, 277–80 (4th Cir. 2008); *Knott v. Wedgwood*, No. DKC-13-2486, 2014 WL 4660811, at *2 (D. Md. Sept. 11, 2014) (stating that a motion to alter or amend judgment that "call[s] into question the correctness of that order" and is filed within twenty-eight days of the judgment is analyzed under Rule 59(e)). "A Rule 59(e) motion may only be granted in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citation omitted); *Melendez v. Sebelius*, 611 F. App'x 762, 764–65 (4th Cir. 2015) (same). Rule 59(e) provides a district court with discretion to grant a motion to amend a judgment "only in very narrow circumstances." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002).

Although Johnson does not explicitly state why his Rule 59(e) motion should be granted, I interpret Johnson as arguing that I made a clear error of law in barring his claim under collateral estoppel. Johnson argues that the dismissal of his case on the basis of collateral estoppel was inappropriate because it was based on a decision that was not dispositive. With respect to the decision in *Johnson IX*, the circuit court issued a brief memorandum opinion and order stating that its denial of Johnson's motion for summary judgment "filed pursuant to MD Rule 2-501 is not dispositive, because it leaves open for further discovery and litigation the issues and claims argued in that motion." *See Johnson IX* Op., Pl.'s Mot., Ex. 3, ECF No. 33-5.

Johnson is correct that the denial of his motion for summary judgment is not dispositive and therefore does not give preclusive effect. However, he misunderstands the basis for my ruling that his claims are barred under the doctrine of collateral estoppel: Johnson's claims are

5

barred not because his motion for summary judgment was denied but rather because the defendants' motion for summary judgment was granted. As I stated in my November 17, 2015, memorandum opinion and order, "the circuit court found there was no genuine dispute of material fact with respect to Johnson's breach of contract allegation and granted summary judgment in favor of Xerox." Mem. Op. 14. I then explained how, despite the absence of an opinion, the issue of whether Johnson's debts were settled was necessarily decided by the circuit court granting summary judgment in the defendants' favor. *Id.* at 15. The circuit court's granting of the defendants' motion for summary judgment is dispositive, and therefore there was no clear error of law that the circuit court's ruling barred Johnson's claims in this case. Accordingly, Johnson's motion for reconsideration is denied.[5]

Johnson is cautioned against filing additional motions for reconsideration. His arguments were fully considered by this Court when it ruled initially, as were his arguments seeking reconsideration. In considering this case, the Court is not required to turn a blind eye to

---

[5]   Johnson has also requested permission to file supplemental briefing regarding the applicability of the *Rooker-Feldman* doctrine to the facts of the case. *See* ECF No. 53. Johnson points to the disposition of what he terms as an "identical" case previously brought before the District Court of Prince Georgia's County. *See Johnson v. Experian Info. Solutions, Inc.,* No. 050200190302014 (D. Ct. Prince George's Cnty. filed Aug. 13, 2014).

> The *Rooker–Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Rooker–Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions.

*Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Johnson brought the state district court case against Experian on August 13, 2014, and then filed this litigation against Experian in circuit court on January 9, 2015, before Experian removed it. No one is seeking federal court review of a state court judgment. As a result, the *Rooker-Feldman* doctrine is inapplicable, and Johnson's request to file supplemental briefing on this issue is denied as unnecessary.

6

Johnson's decade-long effort to litigate and relitigate his student loan claims before multiple state and federal courts, leading one federal court to characterize his conduct as "burdensome, frivolous, and reprehensible," *Johnson v. Affiliated Computer Servs., Inc.*, No. 3:10-CV-2333-B, 2011 WL 4011429, at *2 (N.D. Tex. Sept. 9, 2011), a characterization that is fitting. Further, in his efforts to revive his dismissed claims, Johnson has made material misrepresentations to this Court. Additional efforts of this kind will be denied summarily. If Johnson wishes to contest my decision, he may file an appeal with the Fourth Circuit.

**ORDER**

Accordingly, it is this 17th day of May, 2016, hereby ORDERED

1. Plaintiff's motion for leave to supplement his reply, ECF No. 50, IS GRANTED;
2. Plaintiff's motion to remand, or in the alternative, motion for reconsideration, ECF No. 33, IS DENIED; and
3. Plaintiff's motion for reconsideration, ECF No. 44, IS DENIED.

So ordered.

                                                     /S/
                                     Paul W. Grimm
                                     United States District Judge

dpb